# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| RANIERO GIMENO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NCHMD, INC.; and NCH HEALTHCARE SYSTEM, INC.<br><br>　　　　Defendants. | CIVIL ACTION NO.<br><br>Removed From:<br><br>Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida<br>No. 2020-023441-CA-01 |

## NOTICE OF REMOVAL

### TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

**PLEASE TAKE NOTICE THAT** pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. §§ 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), the Defendants NCHMD, Inc. ("NCHMD") and NCH Healthcare System, Inc. ("NCH Healthcare") ("Defendants") hereby remove the above-captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, where the action is now pending, to the United States District Court for the Southern District of Florida on the basis of federal question jurisdiction. Defendants appear for the purposes of removal only and for no other purpose and reserve all rights and defenses available to them, including the right to amend or supplement this Notice of Removal. In support of this Notice of Removal, Defendants respectfully state as follows:

1

## BACKGROUND

1. Plaintiff filed this action against Defendants in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida ("the Action"). (Complaint and Summons are attached as **Exhibit 1**).

2. The Complaint was served on the Defendants on November 6, 2020. (Return of Service on Defendants attached as **Exhibit 2**).

## THE PLAN

3. Defendants offer employees life insurance through the Employee Welfare Benefit Plan (the "Plan"). Specifically, the Form 5500s for the Plan states that the Plan provides welfare benefits including those identified by instruction 4B, which are life insurance benefits.[1] Schedule A to the Form 5500s further provide that the carrier for life insurance benefit is The Lincoln National Life Insurance Company. (2016 Form 5500 is attached as **Exhibit 3**); (2019 Form 5500 is attached as **Exhibit 4**).

4. The Plan allows for employees to purchase Supplemental Life Insurance through The Lincoln National Life Insurance Company. Lincoln National Life Insurance Company is the insurance carrier for the Plan's Supplemental Life Insurance policy. Effective January 1, 2014, The Lincoln National Life Insurance Company issued a Group Policy and funded life insurance benefits under the Plan. (Group Policy and Summary Plan Description ("SPD") attached as **Exhibit 5**) (2016 NCH Employees Health & Wellness Guide is attached as **Exhibit 6**, p. 27).[2]

---

[1] *See e.g.* Form 5500 Instructions, p. 20, https://www.dol.gov/sites/dolgov/files/EBSA/employers-and-advisers/plan-administration-and-compliance/reporting-and-filing/form-5500/2019-instructions.pdf.

[2] "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal containing a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (quoting 28 U.S.C. §1446(a)). Generally, it is best practice to include all relevant evidence in the petition for removal. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

5. The Plan is an employee benefit welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") because it is a welfare benefit plan established by an employer for the purpose of providing employees and their beneficiaries with insurance benefits.  29 U.S.C. §1002(1). This is demonstrated by the Plan's Form 5500s which clearly identify that the Plan provides for life insurance benefits through Code 4B and in Schedule A.  *See* (Ex. 3, p. 2 at Section 8, p. 16, "Schedule A"); *see also* (Ex. 4, p. 2 at Section 8, p. 16 at "Schedule A"); s*ee also* (Ex. 5 at p. 35[3]).

6. NCH Healthcare is the Plan Sponsor of the Plan and the Plan Administrator of the Plan. *See* (Ex. 3, p. 1); (Ex. 4, p. 1); *see also* (Ex. 5 at p. 35) ("The name, address and ZIP code of the Sponsor of the Plan is: NCH Healthcare system, 350 7th St. N, Naples, FL 34102 . . . "[t]he name, business address, ZIP code, and business telephone number of the Plan Administrator is: NCH Health Care System, 350 7th St. N, Naples, FL 34102, (239) 552-7802").

7. According to the terms of the SPD, "the Plan Administrator is responsible for the administration of the Plan and is the designated agent for the service of legal process for the Plan." (Ex. 5 at p. 35).

8. NCH Healthcare's responsibilities as Plan Administrator include: "the receipt and deposit of contributions, maintenance of records of Plan participants, authorization and payment of Plan administrative expenses, selection of the insurance consultant, selection of the insurance carrier and assisting The Lincoln National Life Insurance Company." (*Id*.).

---

[3] Please note, Page 35 indicates Page 35 out of the total 38 Pages in Exhibit 5.

9. Furthermore, the SPD provides that "benefits [shall be] provided in accordance with provisions of the group insurance policy issued by The Lincoln National Life Insurance Company." (*Id*.).

10. Lincoln National Life Insurance Company "has the sole discretionary authority to determine eligibility and to administer claims in accord with its interpretation of policy provisions, on the Plan Administrator's behalf." (*Id*.).

11. The Group Policy provides that:

> Evidence of Insurability must be submitted to and approved by [The Lincoln National Life Insurance Company] when:
> 1. ***Optional Life and AD&D Insurance amounts exceed the guarantee issue amount of $150,000.00 at initial enrollment***;
> 2. Any benefit option increase or new election requested during the specified open enrollment period which exceeds the amount of Optional Life and AD&D Insurance by more than 2 increment level(s);
> 3. An increased amount of Optional Life and AD&D Insurance Coverage is requested and any amount of coverage has been previously withdrawn or declined or is pending underwriting review; or
> 4. Initial coverage is elected more than 31 days after first becoming eligible.

(*Id.* at p. 4) (emphasis added).

12. The 2016 NCH Employees Health & Wellness Guide likewise stated that "NCH will automatically adjust your benefit to comply with the rules above and reduce your new benefit election to the maximum amount allowed without EOI . . . [o]nce EOI has been approved by Lincoln Financial Group, your additional Supplemental Life in excess of allowed amounts will be effective and additional deductions taken." (Ex. 6, p. 27).

## PLAINTIFF'S CLAIM FOR BENEFITS

13. Plaintiff alleges that his husband, Justin Polga ("Polga") was an employee of NCHMD, a subsidiary of NCH Healthcare. (Compl. ¶7).

4

14. As an employee of Defendants, Plaintiff alleges that Polga enrolled to receive Supplemental Life Insurance benefits from the Plan in the amount of $500,000.00 by indicating this on the NCH Benefits Enrollment Form ("Benefits Enrollment Form"). (Compl. ¶11).[4]

15. The Benefits Enrollment Form provides that "New Hires and Transfers to Benefits-Eligible Position *may elect* up to the Guaranteed Issue amount of $150,000 for employees and $50,000 for spouse at initial enrollment. All other employees will be required to comply with EOI, if you elect or increase Employee Supp Life by greater than $20,000 OR add/or increase Spouse Supp Life by any amount." (Compl. ¶11, Ex. C).

16. Polga further identified Plaintiff as his beneficiary on the Benefits Enrollment Form. (*Id.*).

17. On December 16, 2019, Polga passed away. (Compl. ¶14).

18. Thereafter, Plaintiff submitted a claim to the Plan for payment of Supplemental Life Insurance benefits in the amount of $500,000.00.

19. On January 24, 2020, NCH Healthcare sent Plaintiff's counsel a letter explaining that Polga was required to submit EOI in order to receive Supplemental Life Insurance benefits over and above $150,000.00. The letter also contained a reimbursement for premiums paid by Polga for the excess Supplemental Life Insurance benefits and noted that The Lincoln National Life Insurance Company would make the final decision on Plaintiff's claim for benefits pursuant to the Group Policy. (Compl., ¶18, Ex. G).

20. On January 29, 2020, The Lincoln National Life Insurance Company denied Plaintiff's claim for Supplemental Life Insurance benefits in the amount of $500,000.00 because Plaintiff never submitted EOI, however, it *did approve Plaintiff's claim for Supplemental*

---

[4] While Polga wrote $750,000.00 on the Benefits Enrollment Form, the maximum possible amount of Supplemental Life Insurance at the time Polga enrolled was $500,000.00. (Compl. ¶11, Ex. C).

*Life Insurance benefits* in the amount of $150,000.00 and the Basic Life Insurance benefit in the amount of $10,000.00, which was paid to Plaintiff via direct deposit. (January 29, 2020 Letter Regarding Claim for Benefits attached as **Exhibit 7**).

21. On October 29, 2020, Plaintiff filed the instant lawsuit.

## PLAINTIFF'S LAWSUIT

22. Plaintiff filed this lawsuit in State Court alleging state law negligence claims against Defendants.

23. Through this lawsuit, Plaintiff seeks payment of the additional Supplemental Life Insurance Benefits he allegedly would have received (i.e. $500,000.00 instead of $150,000.00), but for Defendants alleged negligence in not advising Polga to submit an EOI form to The Lincoln National Life Insurance Company. (Compl., p. 8).

24. Clearly, Plaintiff's claim in this lawsuit is that the Plan and The Lincoln National Life Insurance Company wrongfully denied Plaintiff's claim for the higher amount of Supplemental Life Insurance benefits he sought by way of its decision in the January 29, 2020 letter.

25. The only cause of action Plaintiff alleges in the Complaint arises from the Plan and relates to the payment of benefits from the Plan. For example:

   a. **Paragraph 19:** Defendants had a duty to fully inform its employees of all rights and benefits upon becoming employed and to ensure that all application forms were completed and correctly submitted thereafter.

   b. **Paragraph 20:** NCHMD and NCH Healthcare negligently failed to inform Decedent of his obligations to complete forms necessary to qualify for the Supplemental life insurance and then mislead him into believing he had in fact qualified.

   c. **Paragraph 21:** NCHMD's negligence caused Decedent's husband, Plaintiff Raniero Gimeno, to lose the financial benefit of the life insurance Decedent intended to purchase for the benefit of his family should he die.

      d. **Page 8, WHEREFORE Clause:** Plaintiff Raniero Gimeno prays for judgment against Defendants for the full amount of *what should have been the Supplemental life insurance benefit*, plus interest thereon.

26. Plaintiff's claim is completely preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA").

## ARGUMENT

27. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a).

28. Further, 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331.

29. Pursuant to 29 U.S.C. §1132(e)(1) and (f), the district courts of the United States have original jurisdiction over all claims and actions brought under ERISA, without regard to the amount in controversy or the citizenship of the parties. 29 U.S.C. §1132(e)(1), (f).

30. This Court has original jurisdiction under the provisions of 28 U.S.C. §1331, and this matter is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. §1441. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

31. In the Eleventh Circuit removal is proper where (1) the plaintiff could have brought their claim under 29 U.S.C. §1132(a) and (2) no other legal duty supports the plaintiff's claim. *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1350-51 (11th Cir. 2009) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

32. "Any cause of action within the scope of the civil enforcement provisions of §502(a) is removable to federal court." *Taylor*, 481 U.S. at 66.

33. The first inquiry is whether the plaintiff at some point in time could have brought their claim under ERISA §502(a) (29 U.S.C. §1132(a)). *Connecticut State Dental Ass'n*, 591 F.3d at 1345. This part of the test is satisfied if two (2) requirements are met: (1) plaintiff's claims fall within the scope of ERISA and (2) plaintiff has standing to sue under ERISA. *Id*. at 1350.

### PLAINTIFF'S CLAIM FALLS WITHIN THE SCOPE OF ERISA

34. "To fall within the scope of ERISA, a welfare benefit plan must be (1) a plan, fund, or program (2) established or maintained (3) by an employer or by an employee organization, or by both, (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits . . . (5) to participants or their beneficiaries." *Garcon v. United Mut. of Omaha Ins. Co*., 779 Fed. Appx. 595, 597-98 (11th Cir. 2019) (quoting *Moorman v. UnumProvident Corp*., 464 F.3d 1260, 1269 (2006)).

35. The Plan meets this definition since it is a Plan maintained by Defendants for the purpose of employee welfare benefits including but not limited to the Supplemental Life Insurance benefits Plaintiff seeks in this lawsuit. *See* (Ex. 3, p. 2 at Section 8, p. 16, "Schedule A"); *see also* (Ex. 4, p. 2 at Section 8, p. 16 at "Schedule A"); *see also* (Ex. 5, p. 35) ("[t]he following information together with your group insurance certificate issued to you by The Lincoln National Life Insurance Company of Fort Wayne, Indiana, is the Summary Plan Description required by the Employee Retirement Income Security Act of 1974 to be

distributed to participants in the Plan."). *See* (Ex. 3, p. 2 at Section 8, p. 16, "Schedule A"); *see also* (Ex. 4, p. 2 at Section 8, p. 16 at "Schedule A");

36. The Form 5500s for the Plan unequivocally provides that the life insurance benefits provided by The Lincoln National Life Insurance Company are welfare benefits provided by the Plan. *See* (Ex. 3, p. 2 at Section 8, p. 16, "Schedule A"); *see also* (Ex. 4, p. 2 at Section 8, p. 16 at "Schedule A").

37. The SPD further provides (1) that the Plan is an ERISA benefit plan administered by NCH Healthcare and sponsored by NCH Healthcare and (2) includes a Statement of ERISA Rights. (Ex. 3, p. 35-36). *See e.g., May v. Lakeland Reg'l Med. Ctr.*, 2010 U.S. Dist. LEXIS 5866, at *22-23 (M.D. Fla. Jan. 5, 2010) (holding life insurance and AD&D benefit plan an ERISA plan based on the terms of the summary plan description and inclusion of a statement of ERISA rights).

38. It is well established that the determination of whether an individual is entitled to benefits under the terms of an ERISA Plan is preempted by ERISA. *See* 29 U.S.C. §1132(a).

39. Plaintiff's claim in this lawsuit undoubtedly falls directly within the scope of ERISA since it is a challenge of what Plaintiff alleges was a wrongful denial of welfare benefits provided by the Plan.

40. While Plaintiff's Complaint is clearly drafted in an effort to avoid ERISA preemption, it disingenuously hides the fact that Plaintiff submitted a claim for benefits and was awarded $150,000.00 in Supplemental Life Insurance benefits. *See* Ex. 7. Plaintiff even acknowledges this in his prayer for relief which was carefully drafted to state Plaintiff seeks what he "should have" been awarded in Supplemental Life Insurance benefits. (Compl., p. 8).

41. The fact that Plaintiff was awarded Supplemental Life Insurance benefits in the amount of $150,000.00 from the Plan based on the decision of The Lincoln National Life Insurance Company alone completely contradicts Plaintiff's assertion that Polga was not a Participant and he was not a Beneficiary in the Plan.

42. Specifically, Polga identified Plaintiff as his beneficiary on the Benefits Enrollment Form, and Plaintiff received $150,000.00 in Supplemental Life Insurance benefits as a result.

43. The only difference between the $150,000.000 Supplemental Life Insurance Benefit and the $500,000.00 Supplemental Life Insurance Benefit that Plaintiff seeks through this lawsuit is that in order to receive a benefit in an amount over $150,000.00, Polga was required to submit EOI to The Lincoln National Life Insurance Company, which he did not do.

44. Therefore, The Lincoln National Life Insurance Company denied Plaintiff's claim for the higher benefit amount of $500,000.00.

45. Plaintiff's claim in this lawsuit is that Polga elected a Supplemental Life Insurance Benefit amount of $500,000.00 instead of a Supplemental Life Insurance Benefit amount of $150,000.00 which Plaintiff received, and but for Defendants' actions, Plaintiff would have received $500,000.00 instead of $150,000.00.  (Compl. ¶ 11, ¶16, ¶19, ¶¶20-24).

46. The damages Plaintiff seeks are the additional Supplemental Life Insurance benefits that Plaintiff alleges should have been paid. (Compl., p. 8) ("Wherefore Plaintiff Raniero Gimeno prays for judgment against Defendants *for the full amount of what should have been the Supplemental life insurance benefit*, plus interest thereon . . .") (emphasis added).

47. These claims are only actionable under ERISA. *See Brown v. Cemex, Inc.*, 2005 U.S. Dist. LEXIS 31689, at *4-5 (S.D. Ala. Nov. 22, 2005) (holding that a claim seeking a declaration

that a decedent's spouse as the sole beneficiary to life insurance benefits provided under a group policy issued to her decedent's former employer was a claim for benefits preempted by ERISA because the plaintiff solely sought to receive benefits from the life insurance policy).

### **PLAINTIFF HAS STANDING TO SUE UNDER ERISA**

48. Next, Plaintiff has standing to sue under ERISA. "Section 502(a) states in relevant part: [a] civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms or the plan, or to clarify his rights to future benefits under the terms of the plan." *Garrison v. Northeast Ga. Med. Ctr., Inc.*, 66 F. Supp. 2d 1336, 1340 (N.D. Ga. April 20, 199) (quoting 29 U.S.C. §1132(a)(1)(B)).

49. ERISA further provides a participant or beneficiary has standing to sue under Section 502(a)(3) to "(A) enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. §1132(a)(3).

50. "[A]ll one needs for standing under ERISA is a colorable claim for benefits, and [t]he possibility of direct payment is enough to establish subject matter jurisdiction." *Garcon*, 779 Fed. Appx. at 598 (citing *Conn. State Dental*, 591 F.3d at 1353) (quoting *Kennedy v. Conn. Gen. Life Ins. Co.*, 924 F.2d 698, 700-01 (7th Cir. 1991)).

51. In this case, Plaintiff claims that Polga enrolled for Supplemental Life Insurance benefits from the Plan in the maximum amount of $500,000.00 instead of the $150,000.00 that the Plan provides for if no EOI is provided. (Compl., ¶21, Ex. H).

52. Plaintiff further alleges that he is entitled to the greater Supplemental Life Insurance benefit in the amount of $500,000.00 as opposed to the $150,000.00 he received because of the Defendants' actions in not informing Polga that he needed to submit EOI to receive the greater benefit.

53. Plaintiff's claim is nothing more than a claim for wrongful denial of benefits under ERISA §502(a)(1)(B) (29 U.S.C. §1132(a)(1)(B) or a claim for breach of fiduciary duty under ERISA §502(a)(3) (29 U.S.C. §1132(a)(3), and as a spouse of an employee who participated in the Plan, Plaintiff has a colorable claim for benefits.

54. "A beneficiary is a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. §1002(8).

55. The Benefits Enrollment Form clearly states that Plaintiff was his spouse's primary beneficiary under the Plan. (Compl., ¶11, Ex. C).

56. For that reason, Plaintiff submitted a claim for benefits, which was reviewed by The Lincoln National Life Insurance Company. Indeed, after review The Lincoln National Life Insurance Company denied Plaintiff's claim for the Supplemental Life Insurance Benefit in the amount of $500,000.00, but decided to pay Plaintiff the Supplemental Life Insurance Benefit in the amount of $150,000.00 as well as $10,000.00 in Basic Life Insurance. (Ex. 7).

57. Therefore, Plaintiff's attempt to avoid ERISA preemption through the assertions that Plaintiff was not a beneficiary and Polga was not a participant are clearly false and contradicted by the facts in the Complaint, as well as those which should have been included as part of the Complaint because they are central to Plaintiff's claims in this lawsuit.

58. Plaintiff isn't claiming that he received no Supplemental Life Insurance benefits from the Plan. Conversely, Plaintiff is claiming he didn't receive the amount he wanted or believes he should have received. Clearly, Plaintiff's receipt of Supplemental Life Insurance benefits from the Plan leaves absolutely no doubt that he is a beneficiary with a colorable claim for benefits.

59. Since Polga was a Participant in the Plan and Plaintiff was his beneficiary who received benefits from the Plan after Polga's death, he has standing to sue under ERISA §502(a). Thus, the first prong of the preemption test is satisfied.

## NO OTHER LEGAL DUTY SUPPORTS PLAINTIFF'S CLAIM

60. The second prong of the ERISA preemption test is also satisfied because no other legal duty supports Plaintiff's claim.

61. "[I]f some of a party's claims implicate legal duties dependent on the interpretation of an ERISA plan, the claims are completely preempted." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1288 (11th Cir. 2011) (quoting *Borrero v. UnitedHealthCare of N.Y., Inc.*, 610 F.3d 1296, 1304 (11th Cir. 2010)).

62. Plaintiff's claims are solely predicated on the denial of Plaintiff's claim for the greater Supplemental Life Insurance benefit in the amount of $500,000.00 than the $150,000.00 he received.

63. Specifically, Plaintiff asserts that the Defendants breached their duties in advising Polga about how to obtain the greater amount of the $500,000.00 Supplemental Life Insurance benefit, and wrongfully denied his claim for benefits for the greater Supplemental Life Insurance benefit amount of $500,000.00. These duties and the benefits that Plaintiff seeks specifically arise from the Plan.

64. Due to the fact that Plaintiff's claims are exclusively based on Supplemental Life Insurance benefits he alleges the Plan owes him, his claims are completely preempted by ERISA §502 and should be removed to federal court. *See Garcon*, 779 Fed. Appx. at 598 (holding claims preempted by ERISA because the plaintiff's claims were "predicated on the benefits he alleges he is owed under the terms of the plan").

65. Removal is timely under 28 U.S.C. §1446(b) which allows Defendants thirty (30) days from the earlier of service or receipt of Plaintiff's Complaint within which to file a Notice of Removal. Plaintiff's Summons and Complaint were served on Defendants on November 6, 2020. (Ex. 2).

66. No further proceedings have been had herein, and trial has not yet commenced.

67. All documents filed to date in State Court are attached hereto as follows:

    a. Exhibit 1 – The original Complaint and Summons filed by Plaintiff in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (including Exhibits A-H filed therewith).

    b. Exhibit 2 – Return of Service on Defendants

    c. Exhibit 3 – 2016 Form 5500

    d. Exhibit 4 – 2019 Form 5500

    e. Exhibit 5 – Group Policy and SPD

    f. Exhibit 6 – 2016 NCH Employees Health & Wellness Guide

    g. Exhibit 7 - January 29, 2020 Letter Regarding Claim for Benefits

    h. Exhibit 8 – Request for Production and First Interrogatories

    i. Exhibit 9 – Docket for Miami-Dade County, FL Court

68. By filing this Notice of Removal, Defendants do not waive, and fully reserve, all defenses they may have, including but not limited to defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, and failure to state a claim upon which relief may be granted.

69. Defendants respectfully request that the United States District Court for the Southern District of Florida, Miami Division, accept this Notice of Removal and that it assumes jurisdiction of this cause and issue such further orders and processes as may be necessary to bring before it all parties necessary.

Respectfully Submitted,

FORDHARRISON LLP

/s/ *Tammie L. Rattray*
Tammie L. Rattray
Florida Bar No. 128619
trattray@fordharrison.com
David M. Kalteux
Florida Bar No. 0118746
dkalteux@fordharrison.com
101 E. Kennedy Blvd., Suite 900
Tampa, FL  33602
813-261-7800
813-261-7899

## **CERTIFICATE OF SERVICE**

I hereby certify that on **November 25, 2020** I electronically filed foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Sherryll Martens Dunaj, Esq.<br>
Attorney for Plaintiff<br>
Simon Schindler & Sandberg, LLP<br>
2650 Biscayne Blvd.<br>
Miami, FL 33137

/s/ *Tammie L. Rattray*

WSACTIVELLP:11911454.1