Filing # 115923102 E-Filed 10/30/2020 03:42:15 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2020-023441-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>RANIERO GIMENO | VS.  DEFENDANT(S)<br><br>NCHMD, INC. and NCH<br>HEALTHCARE SYSTEM, INC. | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s):  NCH Healthcare System, Inc. by serving Registered Agent Kelly Daly, 350 7th Street North, Naples, FL 34102

\*    (also serve first interrogatories and first request for production)

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney:  Sherryll Martens Dunaj, Esq.

whose address is:  Simon Schindler & Sandberg LLP, 2650 Biscayne Blvd., Miami, FL 33137

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | 310009<br>DEPUTY CLERK | DATE<br>11/2/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 115923102 E-Filed 10/30/2020 03:42:15 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | CASE NUMBER<br>2020-023441-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>RANIERO GIMENO | VS.  DEFENDANT(S)<br><br>NCHMD, INC. and NCH<br>HEALTHCARE SYSTEM, INC. | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition*in this action on
defendant(s): ___NCH Healthcare System, Inc. by serving Registered Agent Kelly Daly, 350 7th
Street North, Naples, FL 34102___

_____    *    (also serve first interrogatories and first request for production)

_____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:   Sherryll Martens Dunaj, Esq.   _____

whose address is:   . Simon Schindler & Sandberg LLP, 2650 Biscayne Blvd., Miami, FL 33137

_____

_____

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,
or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.
When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons
on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before
service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for
the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of Courts** | 310009<br>DEPUTY CLERK | DATE<br><br>11/2/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to
participate in this proceeding, you are entitled, at no cost to you, to the provision of certain
assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA
Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400,
Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email
ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your
scheduled court appearance, or immediately upon receiving this notification if the time
before the scheduled appearance is less than seven (7) days; if you are hearing or voice
impaired, call 711."**

CLK/CT. 314  Rev. 09/19

Filing # 115923102 E-Filed 10/30/2020 03:42:15 PM

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2020-023441-CA-01 |
| **PLAINTIFF(S)**<br><br>RANIERO GIMENO | **VS. DEFENDANT(S)**<br><br>NCHMD, INC. and NCH<br>HEALTHCARE SYSTEM, INC. | **SERVICE** |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NCHMD, INC., by serving Registered Agent KELLY DALY, 350 7th Street North, Naples, FL 34106

* (also serve first interrogatories and first request for production)

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Sherryll Martens Dunaj, Esq.

whose address is: Simon Schindler & Sandberg LLP, 2650 Biscayne Blvd., Miami, FL 33137

CLOCK IN

within 20 days " <u>Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,</u> <u>or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.</u> <u>When suit is brought pursuant to 768.28, Florida Statutes, the time to respond shall be 30 days."</u> after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | 310009<br>DEPUTY CLERK | **DATE**<br>11/2/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Filing # 115923102 E-Filed 10/30/2020 03:42:15 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2020-023441-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>RANIERO GIMENO | VS.  DEFENDANT(S)<br><br>NCHMD, INC. and NCH<br>HEALTHCARE SYSTEM, INC. | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): NCHMD, INC., by serving Registered Agent KELLY DALY, 350 7th Street North, Naples, FL 34106

\*       (also serve first interrogatories and first request for production)

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: Sherryll Martens Dunaj, Esq.

whose address is: Simon Schindler & Sandberg LLP, 2650 Biscayne Blvd., Miami, FL 33137

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days.**" after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

CLOCK IN

| **HARVEY RUVIN**<br>**CLERK of COURTS** | 310009<br>DEPUTY CLERK | DATE<br>11/2/2020 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Aliean Simpkins, the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

Clerk's web address: www.miami-dadeclerk.com

Filing # 115859576 E-Filed 10/29/2020 04:48:20 PM

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO.: _2020 - 023441 - CA - 01_

RANIERO GIMENO,
        Plaintiff,

v.

NCHMD, INC., a
Florida corporation,
and
NCH HEALTHCARE SYSTEM, INC.,
a Florida corporation,
        Defendants
_____/

**<u>VERIFIED COMPLAINT</u>**

Plaintiff Raniero Gimeno sues Defendants NCHMD, Inc. and NCH Healthcare

System, Inc., and says:

JURISDICTION AND INTRODUCTORY FACTS

1.    This is a negligence action for damages in excess of $30,000.00, exclusive of

interest and costs, over which this Court has subject matter jurisdiction.  This action is for

damages arising from the negligence of Defendants in failing to accurately and properly

process an application for Supplemental life insurances submitted to Defendants and does

not relate to any employee benefit plan or affect the rights of any participants in the

Supplemental life insurance plan or the administration of that plan; the applicant Decedent

Justin Polga never became a participant in the employee paid optional Supplemental life

insurance plan offered to employees of Defendant NCHMD and Plaintiff never became a

beneficiary of the Supplemental life insurance because of Defendants' negligence.

SIMON SCHINDLER & SANDBERG LLP . 2650 BISCAYNE BLVD . MIAMI, FL 33137 . 305 576-1300

Case no.:
page 2

PARTIES AND VENUE

2.      Plaintiff Raniero Gimeno at all times material has resided in Miami-Dade County, Florida. Plaintiff is a widower and was married to Justin Polga ("Decedent" or "Polga"), a medical doctor, who died on December 10, 2019, and who was at all times a resident of Miami-Dade County, Florida.

3.      Defendant NCHMD, Inc. ("NCHMD"), is a Florida corporation, and a subsidiary of NCH Healthcare Systems, Inc. ("NCH Healthcare"), a Florida corporation.   NCHMD contracts with physicians through a multi-specialty physician group practice and provides their physicians for the patients for its parent company, Defendant NCH Healthcare Systems, Inc., and its affiliates.

4.      This cause of action accrued in Miami-Dade County, Florida, where the requested policy benefits were to be paid, and Venue is proper in Miami-Dade County, Florida.

5.      This is a negligence claim which demands damages from Defendants' for their negligence and breach of duty and does not relate to nor seek damages from any employee benefit plan which Defendants may sponsor or administer.

COUNT I–NEGLIGENCE

6.      The allegations contained in paragraphs 1-5 are adopted herein by reference.

7.      On or about November 6, 2016, NCHMD entered into a contract with Decedent Justin Polga, Plaintiff's husband, by which Decedent was hired as a "hospitalist" to provide physician services for patients of NCH Healthcare Systems' affiliates.  The contract was effective no later than December 15, 2016, with automatic annual renewals, a copy of

SIMON SCHINDLER & SANDBERG LLP . 2650 BISCAYNE BLVD . MIAMI, FL 33137 . 305 576-1300

Case no.:
page 3

which is attached hereto as Exhibit A.

8.      Decedent Polga, Plaintiff's husband, provided physician hospitalist services pursuant to his contract with NCHMD until his death in December of 2019.

9.      During his initial hiring process, Decedent was advised by Defendants' human resources and benefits staff that he would automatically be provided with employer paid life insurance of $150,000, but that he could also elect--at his expense--various optional employee paid coverages including Supplemental life insurance coverage for a maximum life coverage of $500,00.

10.     Defendants provided Decedent Polga with a complete and voluminous package of "onboarding" pre-employment forms and a providers benefit package, including the summary attached as Exhibit B; the packages of documents did not include an evidence of insurability form for employee paid Supplemental life insurance and none of Defendants' email communications alerted Decedent as a new hire of any requirements for choosing the Supplemental life insurance other than his election on the form he completed and the payroll deduction for the premiums.

11.     Decedent Polga did not decline the Supplemental life coverage at the time of his initial hiring.  Rather he completed the NCHMD forms including that for accidental death and life insurance, choosing employee paid Supplemental life insurance in the amount of $500,000 upon his initial application.  A copy of the election form, completed with the assistance of NCHMD H.R. employee Ramon Vega, is attached as Exhibit C.  As instructed by Defendants' H.R. staff, Decedent returned for further handling and processing

SIMON SCHINDLER & SANDBERG LLP . 2650 BISCAYNE BLVD . MIAMI, FL 33137 . 305 576-1300

Case no.:
page 4

the completed forms, including Exhibit C, and many others, to Defendants' employees and representatives for further processing, and while Decedent and Defendants' H.R. staff had email communications about completion of the forms to ensure everything was complete, at no time did Defendants advise or remind Decedent that his application for Supplemental life insurance was in any way deficient or that he needed to complete and submit more forms.

12.      Throughout the process of Decedent Polga's completion of the multiple packages of forms to be completed as part of his credentialing and hiring process,  NCHMD's employee Ramon Vega, along with Defendants' benefits analyst Theresa Hansen, assisted and offered to help Decedent with completion of all pre-employment initial application and enrollment forms, including the form for selection of the Supplemental employee paid life insurance by which Decedent opted to buy the employee paid Supplemental life insurance, issued as group coverage to Defendant NCH Healthcare by Lincoln National Life and administered by Defendants.  Decedent named his husband, Plaintiff Raniero Gimeno, as the primary beneficiary of the employee paid Supplemental life insurance. All processing of the pre-employment forms and benefits package forms were handled by Defendants, including the completed request for Supplemental employee paid life insurance (Exhibit C).

13.      NCHMD and NCH Healthcare employees Vega, Hansen and others worked with Decedent to guide him through the employee application process, making sure all details were addressed, and notwithstanding that both confirmed that they reviewed Decedent's various completed forms and followed up on any other deficiencies; yet,  nobody employed

Case no.:
page 5

by NCHMD or NCH Healthcare informed Decedent Polga that there were any deficiencies

in his application for the Supplemental life insurance Decedent desired to purchase. See

composite email communications, attached as Exhibit D.

14    Decedent had no reason to know or believe that he was not insured under the

Supplemental life insurance for which he applied or that his family, his husband and young

son, were not beneficiaries, as he had wanted. Decedent paid by payroll deduction the

required premium for the employee paid Supplemental employee life coverage for over

three years until his death in 2019, as shown by the attached composite payroll checks,

attached as Exhibit E. At no time was Decedent informed that his payroll was being debited

for an insurance premium for insurance that he did not have.

15.    Decedent was never informed that he was not a participant in the Supplemental life

insurance plan, and that his husband, Plaintiff Gimeno, was not a beneficiary of the

Supplemental life insurance coverage that Decedent desired, and, accordingly, this action

does not relate to the Supplemental life insurance benefit plan but instead relates to the

negligent actions and inactions of Defendants for not ensuring Decedent was properly

enrolled.

16.    In addition to the fact that Decedent paid premiums for three years, all NCHMD

provided summaries of Decedent's benefits confirmed erroneously that the requested

$500,000 employee paid Supplemental life insurance was in force, as shown by the April

2019 summary, attached hereto as Exhibit F.

17.    While Defendant NCHMD deducted premium payments for the Supplemental life

Case no.:
page 6

insurance coverage, Defendants should have known that Decedent was not insured as it never received from Lincoln National Life a certificate of insurance for Decedent's Supplemental life insurance nor any evidence that Decedent was included as a participant in the Supplemental life coverage. Had Defendants audited the coverages at any time during Decedent's life, and had Defendants noted the fact that Decedent was not a participant and had Decedent been so advised, he could have readily provided the completed evidence of insurability form.

18.    Decedent was fully insurable, as shown by another NCHMD form attached as Exhibit G, and would have readily qualified to be a participant in the Supplemental life insurance had Defendants provided him with the proof of insurability form, followed up to ensure that the form was submitted, and fully guided and informed Decedent.

19.    Defendants had a duty to fully inform its employees of all rights and benefits upon becoming employed and to ensure that all application forms were completed and correctly submitted thereafter. In breach of their duty, Defendants, which administered the benefits including the Supplemental life coverage, never checked to ensure that all required forms were returned to their H.R. staff and submitted by Defendants to Lincoln National Life and never confirmed that Decedent was in fact insured under the Supplemental life insurance plan.

20.    NCHMD and NCH Healthcare negligently failed to inform Decedent of his obligations to complete forms necessary to qualify for the Supplemental life insurance and then misled him into believing he had in fact qualified and that the Supplemental life insurance was in

Case no.:
page 7

force and effect, by collecting from Decedent payroll deduction premiums, which upon

information and belief Defendants remitted to Lincoln National Life.

21.     NCHMD's negligence caused Decedent's husband, Plaintiff Raniero Gimeno, to lose

the financial benefit of the life insurance Decedent intended to purchase for the benefit of

his family should he die, but which, through Defendant NCHMD's and NCH Healthcare's

carelessness and negligence, was never confirmed as purchased, a fact that Plaintiff,

Decedent's husband, learned only upon his application for the Supplemental life coverage

benefit after Decedent Justin Polga's death, when Plaintiff was informed by Defendants'

representatives (and subsequently by Lincoln National Life) that no coverage existed

because Decedent never completed the evidence of insurabiity form for Defendants to

submit to Lincoln National Life, a form which was not provided to Decedent by Defendants'

H.R. staff as part of Defendants' new providers benefits packet and pre-employment forms.

See attached Exhibit H.

22.     Because of Defendants' negligence in processing Decedent's Supplemental life

insurance application and their breach of duty to Decedent, Plaintiff never became a

beneficiary of the Supplemental life insurance coverage Decedent intended to purchase,

and Decedent never became a participant in the Supplemental life insurance coverage

plan and the intended benefit was never paid to Plaintiff.

23.     Plaintiff has been damaged as a result of NCHMD's and NCH Healthcare's H.R. and

benefits employees' carelessness, breach of duty, and negligence in failing to ensure the

accurate and complete processing of the Decedent's application for Supplemental life

Case no.:
page 8

insurance insuring the life of Decedent and not by virtue of any claims handling action or

any provision in the Supplemental life insurance plan of which Decedent never became a

participant and Plaintiff never became a beneficiary.

24.    This action is for damages arising from the negligence of Defendants and does not

relate to any employee benefit plan or affect the rights of any participants in the

Supplemental life insurance plan or the administration of that plan.

Wherefore, Plaintiff Raniero Gimeno prays for judgment against Defendants for the

full amount of what should have been the Supplemental life insurance benefit, plus interest

thereon, and for such other relief as this Court deems just including the costs of this action.

Respectfully submitted,

/s/ *Sherryll Martens Dunaj*
Sherryll Martens Dunaj
Sdunaj@Miami-law.net
Florida Bar #136707
Simon Schindler & Sandberg LLP
2650 Biscayne Boulevard
Miami, FL 33137
305 576-1300

## VERIFICATION

Under Penalties of Perjury I declare that I have read the foregoing and the facts alleged

are true to the best of my knowledge and belief.

Signed on October 29, 2020.

RANIERO GIMENO

## PHYSICIAN EMPLOYMENT AGREEMENT

THIS PHYSICIAN EMPLOYMENT AGREEMENT (the "Agreement") is made and entered into as of the **3** day of November, 2016 (the "Effective Date") by and between NCHMD, INC. ("NCHMD") and Justin Polga, M.D. ("Physician").

### Recitals

WHEREAS, NCHMD, which is a subsidiary of NCH Healthcare System, Inc. and an affiliate of Naples Community Hospital, Inc. (collectively "NCH"), is a multi-specialty physician group practice that serves the healthcare needs of individuals in the local community; and

WHEREAS, Physician's medical specialty is Hospital Medicine and Physician desires to be employed by NCHMD, and NCHMD desires to employ Physician, to provide professional medical services for patients of NCHMD and NCH.

NOW, THEREFORE, in consideration of the mutual promises set forth herein, the parties hereto agree as follows:

1.    **Employment.**  NCHMD employs Physician to provide physician services in Physician's specialty, including professional medical and associated administrative services, as applicable, and Physician accepts employment by NCHMD, on all the terms and conditions set forth in this Agreement.  Physician agrees to provide these services in such locations as may be designated by NCHMD.

2.    **Term of Employment.**  The initial term of this Agreement shall begin no later than December 15, 2016 (the "Start Date") and shall end on December 31, 2016.  Thereafter, this Agreement will automatically renew for successive one (1) year terms, unless either party gives written notice at least ninety (90) days prior to the expiration of the then current Term of an intention to not renew, or unless sooner terminated in accordance with the terms of this Agreement.  The initial term and any renewal term(s) are referred to herein collectively as the "Term."

3.    **Compensation and Benefits.**

(a)    Salary, Production Bonus and Quality Bonus.  Physician's annual Base Salary, Production Bonus and Quality Bonus, shall be determined as set forth in Exhibit 3(a).

(b)    Payment and Withholdings.  All compensation payments set forth in this Agreement are gross amounts and shall be made in accordance with NCHMD's normal payroll practices and cycles.  All compensation payments shall be subject to withholdings for income taxes and similar deductions required by applicable federal, state, and local authorities and for voluntary deductions that Physician may authorize in writing and for any monies which may be otherwise due from the Physician to NCHMD or NCH.

(c)    Effect of Authorized Leave.  If, during any Compensation Year, Physician takes a leave of absence that is covered under the Family and Medical Leave Act or otherwise approved in advance in writing by NCHMD, consistent with NCHMD policies ("Authorized Leave"), then

1

EXHIBIT
A

for purposes of determining Physician's Base Salary for the subsequent Compensation Year, Physician's productivity during the portion of the Compensation Year not spent on an Authorized Leave shall be annualized with seasonality. Additionally, the Base Salary shall only be paid during an Authorized Leave if, and to the extent, Physician uses any available paid time off that Physician has accrued in accordance with NCHMD policies and this Agreement.

(d)    Benefits.    During the Term of this Agreement, Physician shall be eligible to participate in the employee benefits program generally made available to other physician employees of NCHMD, in accordance with their terms, including, without limitation, any cost-sharing and applicable law. Physician acknowledges and agrees that NCHMD may revise and/or modify such employee benefits from time to time at the sole discretion of NCHMD and Physician accepts such revisions and/or modifications. NCHMD agrees to provide Physician with a schedule of the benefits currently in effect at any time upon request.

(e)    Designated Off Time.    Physician may accrue, in accordance with NCHMD's policies, up to a maximum of 248 hours of Designated Off Time ("DOT") per Compensation Year for holiday, vacation, CME and other applicable personal time, prorated for any partial Compensation Years and based upon number of regular hours worked (i.e. less DOT is accrued if Physician works fewer than 40 regular hours per week). All time off, whether paid or unpaid, must be approved in advance by a corporate officer of NCHMD or his/her designee to assure adequate physician coverage during Physician's absence. Physician's unused DOT does not carry over from one Compensation Year to the next and any unused DOT is forfeited by the Physician upon the termination of this Agreement.

(f)    Continuing Medical Education.    NCHMD shall reimburse Physician for pre-approved Continuing Medical Education ("CME") expenses and professional membership dues which are incurred in accordance with NCHMD's policies, in an aggregate amount not to exceed $2,500 per Compensation Year ("CME and Dues Allowance"). This amount will be prorated for any partial Compensation Year. Physician acknowledges and agrees that the CME and Dues Allowance does not accrue or carry over from one Compensation Year to the next and any unused CME and Dues Allowance is forfeited by the Physician upon either party's notice of termination of this Agreement. Physician agrees to provide invoices, receipts, or other requested documentation to NCHMD evidencing incurred expenses for CME and/or professional membership dues in accordance with NCHMD policies before NCHMD will reimburse Physician for such expenses. NCHMD will not be responsible for and Physician will not be entitled to any reimbursement of expenses associated with CME or professional membership dues that are payable after a notice of termination of this Agreement even though the expenses may relate to events or periods occurring prior to the notice. NCHMD will also pay Physician's NCH Medical Staff and PHO appointment/reappointment membership dues, CCMS membership dues, Florida medical license fee, DEA registration fee, and test fee for any board certification exams which NCHMD requires the Physician to take, separate from the CME and Dues Allowance.

4. **Duties of Physician**.

(a)    Licensure.  Physician represents and warrants to NCHMD that Physician is licensed by the Florida Board of Medicine and covenants that Physician shall maintain such licensure in good standing throughout the Term of this Agreement.  Physician represents and warrants to NCHMD that Physician is currently and duly registered with the Drug Enforcement Administration without any limitation on Physician's authority to prescribe drugs under such registration and covenants that Physician shall maintain such registration in good standing throughout the Term of this Agreement.  Physician further represents and warrants to NCHMD that Physician has obtained and covenants that Physician shall maintain throughout the Term of this Agreement all other necessary or appropriate licenses, certifications, registrations, permits, credentials, and approvals as are or may be required for the Physician to practice medicine pursuant to this Agreement.  Physician agrees to promptly provide a copy of said licenses and registrations to NCHMD upon request.  Physician shall immediately upon knowledge notify NCHMD of any action, investigation, or proceeding to revoke, suspend, or restrict, or otherwise affect any such licenses, certifications, registrations, permits, credentials, or approvals required by this Agreement.

(b)    Clinical and Administrative Duties.  Physician shall practice medicine in Physician's medical specialty as a part-time employee of NCHMD, including examining and treating patients, and performing the related duties and functions that are customary to those services.  Physician shall be physically present and available to provide direct patient care to patients a minimum of 24 hours per week.  In addition, Physician shall be required to devote time each week to call and travel time, as well as, a reasonable amount of time each week to administrative and record keeping duties as directed by NCHMD.  Physician agrees to provide on-call services as needed to serve patients of the NCHMD practice on a rotating basis.  Physician agrees the 24 hours per week of direct patient care does not include associated administrative and professional duties such as record keeping, shared call coverage, committee meetings and other duties as may be reasonably required by NCHMD in writing or volunteered for by Physician.  Physician must allow some degree of flexibility in providing coverage and assist other NCHMD physicians for time off.  In addition, Physician agrees that if NCHMD and Physician mutually agree, in writing, to modify Physician's number of direct patient care hours in any manner, then Physician's compensation and benefits may be adjusted accordingly.  During the Term, Physician shall be employed exclusively by, and practice medicine exclusively for, NCHMD and all compensation for all Physician's medical services during the Term shall belong to NCHMD, unless NCHMD otherwise agrees in advance in writing that Physician can engage in such activities.  In the event that NCHMD agrees to any such permitted outside activities, Physician acknowledges and agrees that such activities shall not: (i) interfere with Physician's obligations hereunder, (ii) occur during times when Physician is scheduled to work for NCHMD (including any times when Physician is on call), (iii) utilize any NCHMD resources, and (iv) be covered by the professional liability insurance provided by NCHMD.  Physician shall be required to provide NCHMD with evidence of alternative insurance coverage for such permitted outside activities.  NCHMD acknowledges that Physician may receive other compensation from third parties relating to speaking engagements or other similar non-patient care related activities of Physician outside of the scope of Physician's employment with

Revised 040516                                                          3

NCHMD, provided that Section 9 of this Agreement permits such activities, and that such compensation shall belong to Physician.

(c)     Certification.   Physician certifies that Physician has never been sanctioned, suspended, excluded or otherwise deemed ineligible from participating in a federal or state health care program, including but not limited to Medicare or Medicaid.  Physician further certifies that Physician has never been charged with or convicted of a felony or any criminal offense related to the provision of health care or medical services.  Physician will immediately notify NCHMD, upon notice to Physician of any action, investigation or preceding that could affect or has affected Physician's ability to participate in any federal or state health care program.  A violation of this Section shall be cause for immediate termination of this Agreement by NCHMD.

(d)     Compliance.  Physician will provide these services set forth in this Agreement in accordance with all applicable laws, rules, regulations, guidelines, written standards, policies and procedures of NCHMD and NCH.

(e)     Non-Discrimination and Charity Care.  Physician shall provide all of Physician's services to NCHMD and NCH patients without discrimination on the basis of race, creed, color, national origin, sex, age, religion, handicap or any other standard, which now is or in the future may be a basis for any legal claim against the Physician, NCHMD or NCH.  Physician shall treat Medicare, Medicaid and charity care patients in accordance with the uniformly applied written policies and practices of NCHMD in effect and as amended from time to time.

(f)     Medical Staff Services.  Physician shall be a member of the medical staff of NCH, and act in accordance with and comply with the Bylaws, Rules and Regulations of same.

(g)     Recordkeeping and Administration.   Physician shall assure the timely and accurate completion of all medical records and other forms and documents relating to Physician's services to patients and all other aspects of Physician's medical and administrative services in accordance with the rules, practices, and policies of NCHMD and NCH and all applicable laws.  All such medical records and other documentation created or accessed by Physician as of the Effective Date of this Agreement and arising out of Physician's employment with NCHMD shall be the sole and exclusive property of NCHMD.  Physician shall confer regularly with NCHMD's administrative officers regarding recordkeeping, bookkeeping, billing and collection and other professional and business matters.  Physician shall respond promptly and efficiently to reasonable requests by other physicians and NCHMD in dealing with the needs of any patients treated by Physician.  Physician shall cooperate with NCHMD's administrative and professional personnel in developing, implementing, monitoring, and continuously improving any and all patient services, administrative policies and procedures, and all other programs.  Physician shall represent NCHMD positively in community organizations and other outreach and community service efforts.

(h)     No Contracting Authority.   Physician shall not execute and shall have no authority to execute any contracts or agreements on behalf of NCHMD or to bind NCHMD to any obligation.

(i)    Conduct.  Physician shall not engage in any act of moral turpitude, as reasonably determined by NCHMD, or take any action or be the subject of any indictment or other legal proceeding, which could place NCHMD in an unfavorable light.

(j)    Confidentiality of Agreement.  Physician agrees that all the terms and conditions of this Agreement shall be considered strictly confidential and that Physician shall not disclose any of the material items discussed in the negotiations leading to this Agreement, or any of the terms of this Agreement itself, without the prior written consent of a corporate officer of NCHMD, excepting only disclosures to any lawyer or accountant Physician may employ, and disclosure to Physician's spouse or immediate family member (all of whom shall be advised of this confidentiality provision and agree to abide by the same prior to receiving such information), and such disclosures as may be required by applicable law.

(k)    Confidentiality of Information.  Physician acknowledges that, during the course of Physician's employment, Physician will become familiar with confidential, proprietary and other non-public information owned by and pertaining to NCHMD and NCH, including without limitation, patient lists and records, patient protocols and confidential reports and business information and strategies.  Physician further acknowledges that any information and materials received by Physician from NCHMD or NCH in confidence shall be deemed to be, and shall be, confidential information within the meaning of this section.  Physician shall not, except with the prior written consent of NCHMD, directly or indirectly, divulge, reveal, report, publish or otherwise disclose for any purpose whatsoever, any confidential information of NCHMD or NCH and shall, upon the termination or expiration of this Agreement for any reason, return all NCHMD and NCH confidential information in Physician's possession to NCHMD.  Physician shall immediately notify NCHMD of any suspected or actual breach of the requirements of this paragraph.  In addition, Physician agrees that prior to reporting any actual or perceived violation of law to any governmental entity, even if required by law to do so, it will first discuss any potential legal or compliance matter with NCHMD's legal counsel and, unless otherwise required by law, provide NCHMD with an opportunity to investigate and appropriately report any compliance matter brought to its attention by Physician.

(l)    Assignment of Fees.  Physician hereby irrevocably and completely assigns to NCHMD all proceeds of all fees collected and all rights to the proceeds of the billings for services rendered by Physician as long as Physician is an employee of NCHMD, whether such fees are billed in the name of NCHMD, in the name of Physician, or in the name of another individual or entity.  As provided in the Medicare Claims Processing Manual, Chapter 1 - General Billing Requirements, § 30.2 - Assignment of Provider's Right to Payment, NCHMD shall have the exclusive right to establish, bill, collect and retain all fees for services rendered by Physician during the Term and for all items incidental to such services.  Physician assigns all rights to such fees to NCHMD, and appoints NCHMD as attorney-in-fact for all matters relating to the billing and collection of such fees.  Physician agrees to allow billings in Physician's name and under any and all provider numbers assigned to Physician, in whole or in part, on such terms as NCHMD shall determine, and no such billing using the name or number of Physician shall deprive NCHMD to any degree of its complete right to all the fees so billed.  All fees charged for Physician's services shall be based on one or more schedules of fees developed and amended from time to time by NCHMD in its sole discretion.  Physician agrees to assist and cooperate with NCHMD during the Term and at any time after the termination of this Agreement so that

NCHMD may properly bill and collect all proceeds and fees assigned to NCHMD by Physician under this Agreement. Physician shall not take any action that impairs or interferes with the ability of NCHMD to receive assignment for services rendered by Physician. Physician represents and warrants to NCHMD that Physician is not receiving or entitled to any compensation for medical services other than pursuant to this Agreement.

(m)   Insurance and Managed Care Programs. Physician shall participate in any and all insurance and managed care programs to which NCHMD chooses to have the Physician participate upon the terms agreed to by NCHMD.

(n)   Sole Source of Payment. The payment of Physician's compensation as provided in this Agreement is the obligation of NCHMD, and Physician agrees that in no event, including but not limited to any non-payment by NCHMD or the insolvency of NCHMD, shall Physician bill, charge, collect, seek compensation or remuneration from, or have any recourse against, any affiliated entities of NCHMD, any patient, insurance company, managed care plan, or other payor of any sort, public or private, or against the officers, directors, agents and employees of NCHMD or any affiliated entities of NCHMD. This provision shall survive any termination or expiration of this Agreement and is intended to benefit such patients, payors, and officers, directors, agents and employees of NCHMD and any affiliated entities of NCHMD.

(o)   Outstanding Contractual Obligations. Physician represents and warrants that the Physician is not a party to any contract with any other individual or entity that will, in any way, limit the Physician's ability to carry out Physician's duties or obligations under this Agreement, including but not limited to any employment subject to any form of non-competition clause or other such restriction. Physician represents and warrants that Physician's employment and other related agreements or arrangements with any prior employer of Physician, have been fully and completely terminated and no obligations provided in such prior agreements or arrangements prohibit Physician from entering into this Agreement or providing services for NCHMD as set forth in this Agreement. Physician shall not during the Term enter into any contract or arrangement that would interfere with Physician's obligations hereunder or otherwise violate any provision of this Agreement.

5.   **Duties of NCHMD.**

(a)   Office Facilities and Services. NCHMD shall, at its expense, make available to Physician appropriate (as determined in good faith by NCHMD) equipment, supplies, facilities, administrative and technology services and personnel for Physician's practice.

(b)   Billing and Collection. NCHMD shall, at its expense, bill and collect the fees for the medical services provided by the Physician. Physician will be given summary reports of Physician's charges, collections, and WRVU production upon request.

(c)   Professional Liability Insurance.

(i)   NCHMD shall, at its expense, provide professional liability insurance covering Physician for professional medical services rendered pursuant to this Agreement, including any applicable tail coverage for such services. The coverage shall be in such form and in such amounts that are acceptable to NCHMD, but in no event will the limits of coverage be

less than One Million Dollars ($1,000,000) per occurrence and Three Million Dollars ($3,000,000) in annual the aggregate.

(ii)  Physician agrees that in no event shall NCHMD, NCH, nor any of their affiliated entities be responsible for any claim or liability involving medical services which the Physician provided prior to the Physician's employment by NCHMD, subsequent to the termination of Physician's employment with NCHMD or for services the Physician otherwise provided outside of the scope of services which the Physician provides pursuant to this Agreement.

(iii)  Physician agrees that in no event are NCHMD, NCH, or any of their affiliated entities responsible to provide or pay for the cost of any "tail coverage" for medical services that the Physician provided prior to the Start Date. Physician will provide NCHMD with evidence of such "tail coverage" prior to the Start Date.

6.   **Exempt Employment Arrangement.**  Both parties agree that they have consulted with their separate counsel and have found that this Agreement (a) is intended to satisfy the "Stark Statute", 42 U.S.C. §1395nn(e)(2), and the accompanying regulations for bona fide employment relationships at 42 C.F.R. §411.357(c); (b) is intended to comply with the Anti-kickback Statute, 42 U.S.C. §1320a-7b(b), and the safe harbor provision for employees at 42 C.F.R. §1001.952(i); and (c) is intended to comply with the "Intermediate Sanctions" regulations at 26 C.F.R. §53.4958, et seq.

7.   **Termination**

(a)   **Immediate for Cause.**  Notwithstanding any other provision of this Agreement, NCHMD may terminate this Agreement immediately at any time upon the occurrence of any of the following events:

(i)   A sanction, suspension, exclusion, restriction, or other ineligibility of Physician from participating in any federal or state health care program, including but not limited to Medicare or Medicaid.

(ii)   A charge, indictment, or conviction of Physician for any criminal offense related to the practice of medicine or the provision of health care services. A charge, indictment, or conviction of Physician for any felony criminal offense.

(iii)   The death of Physician.

(iv)   The Physician's inability / failure to provide the services required by this Agreement for a period of at least ninety (90) consecutive days.

(v)   Conduct by the Physician which is unethical, unprofessional, fraudulent, unlawful, disruptive, or materially adverse to the interest, reputation or mission of NCHMD, as determined in good faith by NCHMD.

(vi)   A loss, revocation, suspension, limitation or restriction of Physician's license or other necessary or appropriate certifications, registrations, DEA licensure, permits,

Revised 040516                                          7

credentials, or approvals to practice medicine in the State of Florida or in any other state in which Physician is licensed to practice medicine.

(vii)   A loss, revocation, suspension, limitation or restriction of Physician's medical staff membership or clinical privileges at any NCH facility.

(viii)   An act or omission by Physician that puts a patient in harm or jeopardy, as reasonably determined by NCHMD.

(b)   For Cause with Notice.   Either Party may terminate this Agreement at any time in the event of a material breach of this Agreement by the other party, provided that the non-breaching party must first provide the breaching party with no less than thirty days notice of the breach, and further provided that the breaching party has not cured the breach within the 30 day notice period.   If the basis for such written notice of breach is substantially similar to the basis for which two (2) or more prior written notices were made, then the non-breaching party may terminate this Agreement immediately without the requirement of providing the breaching party an opportunity to cure.

(c)   Termination without Cause.   NCHMD or Physician may terminate this Agreement at any time, without cause, upon ninety (90) days' written notice.   Following the provision of such notice by either party, NCHMD shall have the right, in its sole discretion, to accelerate the effective date of termination, provided that NCHMD shall be obligated to continue to pay the applicable portion of Physician's then current Base Salary, for the duration of the original ninety (90) day notice period.

8.   **Notices**.   Any notice required or permitted to be given under this Agreement will be sufficient if in writing and hand delivered or sent by certified or registered mail, return receipt requested, or by a next day delivery service (with a receipt of delivery) addressed as follows:

If to NCHMD:        NCHMD, Inc.
c/o NCH Healthcare System, Inc.
P.O. Box 413029
Naples, Florida 34101
Attn: Administrator

With copies to (which copies shall not constitute notice hereunder):

NCH Healthcare System, Inc.
P.O. Box 413029
Naples, Florida 34101
Attn: President and CEO

NCH Healthcare System, Inc.
P.O. Box 413029
Naples, Florida 34101
Attn: General Counsel

Revised 040516                8

Physician:          Justin Polga, M. D.

7540 SW 126TH ST

PINECREST, FL 33156
                              (address)

or to any other address as may be given by either party to the other by notice in writing pursuant to the provisions of this Section. Notices are deemed given upon receipt.

9. **Limitation on Ownership, Investment or Financial Interests.** While this Agreement is in effect, Physician agrees that Physician shall not, without NCHMD's written consent, engage in any Prohibited Activity (as defined below), within fifteen (15) miles of any facility owned or operated by NCH or an affiliate of NCH.

(i)     Physician shall be deemed to have engaged in a Prohibited Activity if, without the consent of NCHMD, Physician directly, or through a family member or controlled entity or otherwise indirectly:

(A)     owns an interest in an entity engaging in a Prohibited Activity either as a direct owner, general partner, limited partner, shareholder, or owner of any other equity, income, residual, or beneficial interest in an entity engaged in the Prohibited Activity;

(B)     serves as an officer, member of the board of directors, medical director, medical administrative, marketing or other consultant, or in any other ministerial, administrative, advisory, or oversight capacity for any direct or indirect compensation for any person or entity (other than a NCH Facility) engaging in any Prohibited Activity; or

(C)     loans money, leases real estate, leases equipment, or otherwise provides assets for any direct or indirect consideration to any person or entity (other than a NCH Facility) engaging in any Prohibited Activity.

(ii)     The term "Prohibited Activity" shall mean the provision of any healthcare or medical services which compete directly or indirectly with NCHMD or NCH or any of their affiliates. Notwithstanding the above, NCHMD agrees that Physician may practice medicine at any time after the expiration or termination of this Agreement without restriction on the location of Physician's practice. Such practice of medicine may be as an employee of another institution, a group practice, or equity owner of a private practice.

(iii)     Upon termination of this Agreement, Physician agrees to take all steps necessary for NCH and/or NCHMD to affect an orderly transfer of patient records and other information after termination or expiration of this Agreement to other physicians employed by NCH and/or NCHMD or any affiliate of NCH and/or NCHMD. Physician agrees that Physician will not remove any patient records from NCH and/or NCHMD; provided, however, if a patient requests in writing the transfer of the patient's records to Physician, then an authorized employee of NCH and/or NCHMD shall coordinate the transfer of a copy of such records in accordance with NCHMD policy.

(iv)     While this Agreement is in effect, Physician agrees that neither Physician nor someone acting of the behalf of Physician will send announcements or publications regarding new offices or employment affiliations to NCH and/or NCHMD patients; provided,

Revised 040516.

9

however, this subsection shall not prohibit Physician from publishing announcements in any newspaper or other news publication or from sending direct mail announcements to the general public.

10.    **Entire Agreement**.   This Agreement embodies the entire agreement and understanding among the parties with respect to the subject matters hereof and supersedes all previous written and oral agreements, negotiations, memoranda, discussions and instruments.

11.    **Assignment**.   This Agreement provides for the provision of specific services by Physician, and Physician may not assign any of Physician's rights or duties under this Agreement without the prior written consent of NCHMD.   Physician acknowledges and agrees that NCHMD may in its sole discretion assign all or any portion of its rights and obligations under this Agreement to any of NCHMD's affiliated entities at any time.

12.    **Governing Law and Venue**.   This Agreement shall be governed by, construed and administered in accordance with the laws of the State of Florida.   Any suit, action or proceeding brought under or relating to this Agreement or otherwise in connection with Physician's employment with NCHMD shall be brought in the courts of the State of Florida in Collier County or the United States District Court for the Middle District of Florida (Ft. Myers Division).   The parties hereby consent to the jurisdiction of the said courts and waive their right to challenge any proceeding involving or relating to this Agreement on the basis of lack of jurisdiction over the person or forum non conveniens.

13.    **Amendments**.   This Agreement may be amended at any time by mutual agreement of the parties, which amendment will not be enforceable until it is reduced to writing and signed by an authorized representative of both parties.

14.    **Referral Restriction**.   To facilitate the coordination of care, Physician shall direct referrals to health care providers owned or employed by NCHMD and NCH and their affiliates, except in instances where a patient has expressed a preference for a different health care provider, the patient's insurer determines the health care provider who must treat the patient, or such referral, in the Physician's judgment, is not in the best medical interest of the patient.   This provision shall be administered in accordance with and pursuant to 42 C.F.R. §411.354.

15.    **Prohibited Activities Relating to Intellectual Property**.   For purposes of this Section 15, the term Scheduled Work Time shall be defined as those specific periods of time when Physician is obligated to be physically present at an NCHMD location, office or facility or the Hospital or any other locations owned, operated or controlled by NCH or any of its Affiliates for the purpose of providing Services.   Physician shall not engage in any activities relating to, in any manner, discoveries, concepts, and ideas, whether patentable or not, including, without limitation, articles, devices, products, designs, structures, processes, methods, formulae, techniques, drawings and improvements related to the foregoing (collectively "Inventions"), which are conducted during Scheduled Work Time, or involve the use of any employees, property or assets (of any kind or nature) of NCH or any Affiliate of NCH.   Any income derived by Physician resulting from a breach of this Section shall be payable to NCHMD, with such Inventions being considered "work for hire" and NCHMD, not Physician, shall own all rights, title and interest thereto (each such Invention referred to as "NCHMD IP").   Physician shall

execute all documents, instruments and agreements and take all other action necessary to vest in NCHMD all rights, title and interest in NCHMD IP. Any income derived by Physician resulting from Inventions that do not constitute NCHMD IP hereunder, shall be the exclusive property of Physician, and NCHMD shall have no interest in, right or claim to such income or Inventions

16.     **Survival of Termination**.  When necessary to give full meaning to the terms that, by their nature, extend beyond the duration of this Agreement, those terms shall survive expiration or termination of this Agreement for any reason.

17.     **Effect of Termination**.  Upon the termination of this Agreement for any reason, all obligations of NCHMD to pay Physician any compensation or provide any benefits shall cease as of the effective date of such termination, and Physician shall only be entitled to any portion of the Base Salary earned, but not yet paid as of the date of termination.

18.     **Enforcement Costs**.  If any legal action or other proceeding is brought for the enforcement of this Agreement or because of an alleged dispute, breach, default or misrepresentation in connection with any provision of this Agreement or Physician's employment by NCHMD, the prevailing party shall be entitled to recover reasonable attorney's fees, court costs and expenses incurred in that action or proceeding, in addition to any other relief to which such party or parties may be entitled.

19.     **Waiver**.  The failure to exercise or a delay in exercising, any right, power or privilege under this Agreement shall not operate as a waiver, nor shall any single or partial exercise of any right, power or privilege under this Agreement preclude the exercise of any other right, power or privilege. A waiver by any party of a breach or failure to perform shall not constitute a waiver of any subsequent or continuing breach or failure, nor shall any waiver be implied from any course of dealing between the parties. No extension of time for performance of any obligations or other acts under this Agreement shall be deemed to be an extension of the time for performance of any other obligations.

20.     **Severability**.  If any part of this Agreement shall be held to be void or unenforceable, such part shall be treated as severable, leaving valid the remainder of this Agreement, notwithstanding the part or parts found void or unenforceable. If any provision of this Agreement, or any part thereof, is held to be unenforceable because of the duration of such provision or the area covered thereby, the parties agree that the court making such determination shall have the power to reduce the duration and/or area of such provision, and/or to delete specific words or phrases, and in its reduced form, such provision shall then be enforceable and shall be enforced.

. [Signatures appear on the following page]

IN WITNESS WHEREOF, the parties have executed this Agreement as of the Effective Date.

NCHMD, INC.

_____

Kevin D. Cooper, Chief of Staff

"Physician"

_____

Justin Polga, M.D.

## EXHIBIT 3(a)

## Compensation

(1)    **Definitions.**

a)    "WRVU" mean the work relative value units assigned by the then-current Medicare Physician Fee Schedule to professional services personally performed by Physician. WRVUs will be reduced by the "WRVU Adjustment" related to non-insured self pay and charity patients. However to the extent that the monies collected related to non-insured self pay and charity patients exceed the Annual WRVU Collection Threshold, the WRVU Adjustment will change incrementally. For example if in a year a physician has rendered non-insured self pay or charity care which accumulates to 600 WRVU's, then the WRVU Adjustment is 30% or a reduction of 180. However if the Annual Collection Threshold is $57, and collections from the non-insured self pay or charity patients averages $65 which is 14% higher than the threshold, the WRVUs would be adjusted by 16% (30%-14%) or reduction of 96 WRVUs.

b)    WRVU Adjustment – WRVUs that are assigned to a patient that NCHMD in its normal course of billing and collection process, classified as non insured self pay or charity care will be discounted by 30%.

c)    WRVU Value" – means the dollar amount of the Production WRVU Value stated in the attached Compensation Chart that corresponds with the Total WRVUs that is equal to the WRVUs produced for the Compensation Year.

d)    Annual WRVU Collection Threshold – Annually NCH will calculate the collected amount per WRVU. The threshold will be set at 70% of this collected amount per WRVU.

e)    "Approved Non-WRVU Generating Services" means professional services that are not listed or assigned a number of work relative value units on the Medicare Physician Fee Schedule, but that are approved in advance in writing by an officer of NCH and the NCHMD Quality Committee.

In the case of Approved Non-WRVU Generating Services, the WRVUs assigned to such services shall be determined by dividing the total cash collections (net of refunds and similar obligations) NCHMD receives for the professional component of Approved Non-WRVU Generating Services personally performed by Physician, by the average cash collected (net of refunds and similar obligations and all direct expenses incurred by NCHMD in connection with such services (other than with respect to compensating Physician)) by NCHMD per WRVU for Physician's performance of professional services that generate WRVUs. By way of example, if the professional cash collections NCHMD receives for Approved Non-WRVU Generating Services attributable to Physician is $40,000, and the average net cash NCHMD receives per WRVU for WRVU generating services is $80, then Physician would be assigned 500 WRVUs for purposes of this Agreement.

f)      "Compensation Year" means the twelve month period that ends on December 31st of each year during the term of the Agreement.  For the purpose of determining the first Compensation Year, the time period will begin on the Start Date and end on December 31st of that year.

(2)      **Base Salary**.  For each Compensation Year, the Physician's annual base salary will be the base salary amount that corresponds to the total WRVUs that Physician personally performed during the immediately preceding Compensation Year as set forth in the attached Compensation Chart (the "Base Salary").  The following is an example of how this determination works based on the attached Compensation Chart.

> **Example of Compensation Chart application:**
> Prior Compensation Year total WRVUs =          5,501
> Base Salary for Subsequent Compensation Year =   $240,394

For the first 12 months of the Physician's employment under this Agreement the Physician's Base Salary shall be not be less than the annualized rate of $150,000, subject to any adjustments due to a change in Physician's hours as provided for in section 4(b) of the Agreement.

(3)      **Adjustment to Base Salary**.  If at any time Physician's annualized WRVUs during the then current Compensation Year falls below the Physician's total WRVUs for the previous Compensation Year by ten percent (10%) or more, Physician's then-current Base Salary may be adjusted by NCHMD.

(4)      **Production Bonus**.  In addition to Physician's Base Salary, Physician may earn a Production Bonus based on Physician's WRVUs generated during the applicable Compensation Year.  The Production Bonus is calculated using the following formula: total WRVUs x RVU Value - Base Salary paid = Production Bonus.  For example, if in a Compensation Year the Physician generates total WRVUs of 5,500 and the RVU Value is $44 and the Base Salary paid was $226,807, then the Production Bonus for that year is 5,500 (WRVUs) x $44 (RVU Value) - $226,807 (Base Salary paid) = $15,193 (Production Bonus).

If Physician earns a Production Bonus for a given Compensation Year, NCHMD shall use its best efforts to pay the bonus within forty five (45) days following the end of the applicable Compensation Year.  If this Agreement terminates for any reason before the end of a Compensation Year, then the Physician will not be entitled to any Production Bonus for that Compensation Year.

(5)      **Modification of Compensation Chart**.  NCHMD and NCH evaluate their compensation plans periodically to assure that they remain compliant with applicable standards. This evaluation includes a review and synthesis of market indicators such as the surveys and other sources.  NCHMD and NCH may modify the Compensation Chart effective as of the first day of any Compensation Year by giving Physician at least ninety (90) days' written notice before the commencement of that Compensation Year.  Any modifications to the Compensation Chart shall be uniformly applied to all employed physicians of the same specialty.

14

Revised 040516

(6)     **Hospital Medicine Group Bonus**.  Physician shall also be eligible for a bonus of up to Thirty Thousand and 00/100 Dollars ($30,000.00) per Compensation Year (the "Hospital Medicine Group Bonus") based on the average performance by all Hospitalists employed by NCHMD, excluding those who have given notice of termination or non-renewal such that they will no longer be employees of NCHMD after the current Compensation Year ends (the "Hospitalists") with respect to certain quality and efficiency metrics set by NCHMD, in consultation with the Hospitalists, for each Compensation Year (the "Hospital Medicine Group Metrics").  Physician shall be eligible to earn up to 50% of the Hospital Medicine Group Bonus based on the Hospitalists' average performance with respect to the Hospital Medicine Group Metrics achieved during the first six (6) months of the Compensation Year and up to the remaining 50% of the Hospital Medicine Group Bonus during the remaining six (6) months of the Compensation Year, subject to any adjustments due to a change in Physician's hours as provided for in section 4(b) of the Agreement.  By way of example, if the Hospitalists, on average, meet 80% of the Hospital Medicine Group Metrics during the first six (6) months of a Compensation Year, and 50% of the Hospital Medicine Group Metrics during the second six (6) months of such Compensation Year, then Physician (and each other Hospitalist) will have earned a total Hospital Medicine Group Bonus of $19,500 for such Compensation Year, with $12,000 (or 80% of $15,000) being earned during the first six (6) months of such Compensation Year, and $7,500 (or 50% of $15,000) being earned during the second six (6) months of such Compensation Year.

If the Hospitalists earn a Hospital Medicine Group Bonus during a six (6) month period, NCHMD shall use its commercially reasonable efforts to pay the bonus within forty five (45) days following the end of the applicable six (6) month period.  If this Agreement terminates for any reason before the end of any such six (6) month period, then the Physician will not be entitled to any Hospital Medicine Group Bonus otherwise earned for such period or any period thereafter.

(7)     **Immediate Coverage Program**.  If Physician and NCHMD mutually agree that the Physician will provides services as part of the After Hours Coverage Program then the Physician shall be compensated for such services as follows, which compensation shall be the sole and exclusive compensation for all services provided by Physician during such times (the "After Hours Compensation"):

- For each Weekday Coverage shift, Physician shall be paid the greater of: (i) $135 per assigned shift hour worked, or (ii) an amount equal to: (A) $47, multiplied by (B) the WRVUs generated by Physician during such shift.

- For each Weekend Coverage shift, Physician shall be paid the greater of: (i) $150 per assigned shift hour worked, or (ii) an amount equal to: (A) $50, multiplied by (B) the WRVUs generated by Physician during such shift.

The number of assigned shift hours will be determined by NCHMD and will vary depending on the circumstances, however, it is expected, and Physician agrees, that notwithstanding the number of assigned shift hours, Physician shall spend so much time as is reasonably needed to ensure that all work for such assigned shift is completed consistent with the needs of the After Hours Care Coverage Program.

Revised 040516

(8)     **Hospitalist Coverage Program Compensation.**  If Physician and NCHMD mutually agree that the Physician will provides services as part of the Hospitalist Coverage Program then the Physician shall be compensated for such services as follows, which compensation shall be the sole and exclusive compensation for all services provided by Physician during such times, and for the avoidance of doubt, such compensation shall not apply to the extent Physician is or otherwise becomes regularly employed by NCHMD on a part- or full- time basis and any of the following services are provided by Physician under Physician's regular work schedule with NCHMD (the "Hospitalist Compensation"):

- For each Full Shift of coverage provided under the Hospitalist Coverage Program, Physician's Hospitalist Compensation shall equal the greater of: (i) $1,500, or (ii) (A) $39, multiplied by (B) the work relative value units generated by Physician during such shift.

- For each Rounding and Day Call Shift of coverage provided under the Hospitalist Coverage Program, Physician's Hospitalist Compensation shall equal the greater of: (i) $1,000, or (ii) (A) $39, multiplied by (B) the work relative value units generated by Physician during such shift.

- For each Night Call Only Shift of coverage provided under the Hospitalist Coverage Program, Physician's Hospitalist Compensation shall equal the greater of: (i) $500, or (ii) (A) $39, multiplied by (B) the work relative value units generated by Physician during such shift.

There may be occasions when Hospitalist Coverage Program Partial Shifts or Full Shifts may need to be divided between or among multiple physicians. Such determinations will be made by NCHMD in consultation with the applicable physicians and in such cases, to the extent the flat per shift rate is applicable (*i.e.*, to the extent the per work relative value unit compensation would be lower), it shall be earned by the physicians, on a prorated basis, based on number of hours worked by each physician during such shift.

(9)     **Fair-Market Value Compensation Limit (Cap).**  In order to remain consistent with fair market value (FMV) principles, notwithstanding the foregoing or anything in this Agreement to the contrary, Physician's total compensation will be evaluated periodically but not less than annually. Physician's total compensation for any Compensation Year may not exceed the fair market value limit (taking into account Physician's medical specialty and productivity), as determined by NCHMD, in consultation with an independent compensation consultant based on available market data (e.g., MGMA survey) or another reasonable methodology that is generally accepted in the industry for making such determinations.

If Physician's total compensation exceeds the FMV Limit during a Compensation Year, Physician's compensation will be reduced to be consistent with FMV, as reasonably determined by NCHMD.

(10)    **Nocturnist Incentive Pay**  In the event the PHYSICIAN works a full night shift, typically between the hours of 7:00p.m. and 7:00a.m., the PHYSICIAN will receive a Nocturnist Incentive Pay stipend of $550.



# IMPORTANT INFORMATION ABOUT
# YOUR NCH BENEFITS

Welcome to NCH Healthcare System! Please read the following information regarding your benefits enrollment including <u>some forms requiring action on your part prior to your start date.</u>

**BENEFITS ELIGIBILITY:** Medical, prescription drug and Flexible Spending Accounts (Health and Dependent Care) are effective on your first day of employment. Other benefits including Dental, Vision, Life, Short Term Disability, etc. are effective the first of the month following 90 days of employment. Long Term Disability is effective first of month following one year of employment.

**PROOF OF DEPENDENT ELIGIBILITY:** <u>If you are adding a spouse or dependent child to our medical, dental or vision plan, Proof of Dependent Eligibility is required.</u> Documentation includes a copy of a birth certificate for dependent children, marriage license for spouse, or front page of last year's federal tax return (compensation not needed).

<u>Action Required Prior to Your Start Date:</u> Please complete the enclosed NCH BENEFITS ENROLLMENT FORM, attach Proof of Dependent Eligibility (if required) and return to our NCH Benefits Analyst in Human Resources via fax at 239-552-7776.

**FIDELITY 457(B) ENROLLMENT (Offered to Physicians ONLY):** Enclosed are the 457(B) Plan Summary and two forms requiring action on your part to complete the enrollment.

**1. CONTRIBUTION FORM** - please complete sections 1, 2 and 4. NCH will complete the Contribution section. NCH's contribution will be prorated for the first calendar year. If you would like to contribute more up to the maximum annual limit, please contact the Benefits Office at 239-552-7718.

**2. BENEFICIARY DESIGNATION FORM** - please complete all appropriate sections of the form. Notary is not required if you designate your spouse as your beneficiary,

<u>Action Required Prior to Your Start Date:</u> Please return the completed CONTRIBUTION and BENEFICIARY DESIGNATION FORMS to our NCH Benefits Analyst in Human Resources via fax at 239-552-7776.

**FIDELITY 401(K) AUTO ENROLLMENT:** New Hires are <u>automatically enrolled</u> in our Fidelity 401(K) Plan at a 4 percent employee contribution rate after approximately 50 days of employment.

<u>Action Required Within 30 Days of Your Start Date:</u> If you have already met the IRS Annual 401(K) Maximum Limit for this calendar year, you will need to contact Fidelity directly at 800-843-0860 to change your contribution amount to zero percent. To begin contributing the following year, you must contact Fidelity to increase your employee contribution percentage. NOTE: NCH match begins after you have completed 1 year of employment.

**ORIENTATION PROGRAM TO LEARN MORE ABOUT YOUR BENEFITS:** You will be invited to an Orientation Program within the first 45 days of employment. As part of the Orientation, you will receive additional information about your benefits.

## QUESTIONS ABOUT NCH BENEFITS
Assistant Director of Compensation, Benefits, HRIS – 239-552-7802
Benefits Analyst – 239-552-7718                   Benefits Fax – 239-552-7776







# NCH Benefits Enrollment Form

**Name:** JUSTIN  POLGA          **Employee ID:** 26090

**Address:** 7540  SW 126TH ST.  PINECREST,  FL  33156

**Date of Hire/Transfer:** 12/15/16

## MUST SUBMIT ENROLLMENT FORM WITHIN 30 DAYS OF YOUR HIRE/TRANSFER DATE

### MEDICAL PLAN      12/15/16   ENTERED

| | Employee | Employee + Spouse | Employee + Child | Employee + Children | Family |
|---|---|---|---|---|---|
| Road to Wellness* | ☐ | ☐ | ☐ | ☐ | ☒ |
| Basic | ☐ | ☐ | ☐ | ☐ | ☐ |
| Decline Coverage | ☐ | | | ☐ | ☐ |

*If enrolling in the Road to Wellness Plan, you agree to comply with the "Maintaining the Tobacco/Nicotine Free Requirement". Failure to comply will result in you and your covered dependents dropping down to the Basic Plan and/or possible termination.

### DENTAL PLAN      4/1/17

| | Employee | Employee + Spouse | Employee + Child | Employee + Children | Family |
|---|---|---|---|---|---|
| PPO $1,000 | ☐ | ☐ | ☐ | ☐ | ☐ |
| PPO $2,000 | ☐ | ☐ | ☐ | ☐ | ☐ |
| DHMO Option | ☐ | ☐ | ☐ | ☐ | ☒ |
| Decline Coverage* | ☐ | | | | |

### VISION CARE PLAN

☐ Employee Only        ☒ Employee + One or More        ☐ Decline Coverage

### DEPENDENT INFORMATION

| Last Name | First Name | Disabled? Yes or No | Relationship | Sex | Required S.S. # | Date of Birth | MED | DENTAL | VISION |
|---|---|---|---|---|---|---|---|---|---|
| GIMENO | RAMIRO | ☐ | ☒ SP ☐ CH | ☒ M ☐ F | | | | ☒ | ☒ |
| POLGA | JACOB | ☐ | ☐ SP ☒ CH | ☒ M ☐ F | | | | ☒ | ☒ |
| | | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | | | | ☐ | ☐ |
| | | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | | | | ☐ | ☐ |
| | | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | | | | ☐ | ☐ |

**If a dependent does not reside at the same address as you, please indicate their name & address in the space provided:**

Dependent's Name & Address: _____

_____

*If you are adding dependents, you must attach proof of dependent eligibility supporting documentation (birth certificate, marriage certificate, etc.) to the Human Resources Department.*

**********************************************************************************************************

HR Use only:  Date Entered_____        Entered By:_____

EXHIBIT

## BASIC LIFE AND BASIC ACCIDENTAL DEATH & DISMEMBERMENT INSURANCE

Basic Life and Basic Accidental Death & Dismemberment Insurance is limited to 2X annual salary, rounded up to the nearest $1,000.

☒ I elect the Life and AD&D Insurance option equal to two times annual salary.

☐ I elect the Life and AD&D Insurance option of $50,000 of coverage.*

| | | | | |
|---|---|---|---|---|
| Primary Beneficiary | RANIBBO GINENO | Relationship | SPOUSE | Percent 100% |
| Primary Beneficiary | | Relationship | | Percent % |
| Contingent Beneficiary | JACOB BOLGA | Relationship | CHILD | Percent 100% |
| Contingent Beneficiary | | Relationship | | Percent % |

* Under current Treasury regulations, the cost of Employer-paid life insurance which exceeds $50,000 is considered Imputed Income. This cost is therefore added to the employee's W-2 as taxable income and is subject to both Federal Income Tax and FICA Tax. For this reason, an employee may choose to waive his/her right to be insured for any Employer-paid life insurance which exceeds $50,000.

## SUPPLEMENTAL LIFE, DEPENDENT LIFE, AND SUPPLEMENTAL AD&D

SUPPLEMENTAL LIFE INSURANCE EVIDENCE OF INSURABILITY (EOI) REQUIREMENTS: New Hires and Transfers to Benefits-Eligible Positions may elect up to the Guaranteed Issue amount of $150,000 for employees and $50,000 for spouse at initial enrollment. All other employees will be required to comply with EOI, if you elect or increase Employee Supp Life by greater than $20,000 OR add/or increase Spouse Supp Life by any amount.

**TO CALCULATE THE COST OF EACH LIFE BENEFIT, REFER TO THE RATE TABLES IN THE ONLINE 2015 BENEFITS GUIDE BOOK**

The amount of life insurance and AD&D for you cannot exceed 5x your annual base salary.
The amount of life insurance and AD&D for your dependent cannot be more than 50% of your total amount of life insurance coverage. You must enroll in Supplemental Life or AD&D for yourself in order to select the corresponding Spouse and/or dependent child coverage.

If declining, please note WAIVE in each space below.

| | | | |
|---|---|---|---|
| Supp Employee Life | Coverage Requested | $250,000 | Increments of $10,000; $150,000 Guaranteed Issue at time of hire |
| Supp Spouse Life | Coverage Requested | $ WAIVE | Increments of $10,000; $50,000 Guaranteed Issue at time of hire |
| Supp Children Life | Coverage Requested | $ WAIVE | Increments of $5,000 up to maximum of $15,000 |
| Supp Employee AD&D | Coverage Requested | $ WAIVE | Increments of $10,000 up to a maximum of $500,000 |
| Supp Spouse AD&D | Coverage Requested | $ WAIVE | Increments of $10,000 up to a maximum of $250,000 |
| Supp Children AD&D | Coverage Requested | $ WAIVE | Increments of $5,000 up to maximum of $15,000 |

## SHORT TERM DISABILITY

☒ Elect  ☐ Decline   *Pre-Existing Limitations may apply.*

## LONG TERM DISABILITY BUY-UP

After 1 year of employment, NCH provides and pays the entire cost of LTD as a 50% of your income benefit up to a monthly maximum of $15,000. You may purchase an additional 10% of coverage for a total of 60%. If you do not currently have LTD Buy-up, EOI will be required to add it after initial enrollment.

☒ Elect  ☐ Decline

## PRE-PAID LEGAL PLAN & IDENTITY THEFT PROTECTION

| | | |
|---|---|---|
| ID Theft & Preferred Legal | Employee Only | ☐ 7.82 bi-weekly |
| ID Theft & Preferred Legal | Employee + Spouse | ☐ 11.05 bi-weekly |
| ID Theft Alone | Employee Only | ☐ 4.15 bi-weekly |
| ID Theft Alone | Employee + Spouse | ☐ 8.30 bi-weekly |
| Preferred Legal Only | Employee + Family | ☐ 4.60 bi-weekly |
| Waive Both | X | |

## FLEXIBLE SPENDING ACCOUNTS (PLEASE INDICATE BI-WEEKLY AMOUNT)

☐ **Health Care FSA Election for 2017:** I wish to participate in the Health Care Flexible Spending Account and authorize NCH to deduct bi-weekly$_____ from my paycheck on a pretax basis each pay period. The minimum Annual contribution is $260 and the maximum is $2,550.

☒ **DECLINE Healthcare FSA**

☐ **Dependent Care FSA Election for 2017:** I wish to participate in the Dependant Care Flexible Spending Account and authorize NCH to deduct bi-weekly $_____ from my paycheck on a pretax basis each pay period. The minimum Annual contribution is $260 and the maximum is $5,000. **Note: This account is for DAYCARE EXPENSES ONLY and is not preloaded.**

☒ **DECLINE Dependent Care FSA**

### AUTHORIZATION

By signing below, you understand that as an alternative for payment for any elective, scheduled or emergency services done at a NCH facility or provider office you will be authorizing payroll deduction 30 days after the date of your NCH Billing Statement. Employees will continue to have the option of paying the balance in full; otherwise payroll deduction will be automatically set up.

By signing below, you understand that if you are adding a new dependent or spouse, Proof of Dependent Eligibility must be submitted to Human Resources,

By signing below, you understand and agree that NCH will automatically adjust your Supplemental Employee and Spouse Life Insurance benefits to comply with the Evidence of Insurability (EOI) rules and reduce your new benefit election to the maximum amount allowed without EOI. If you elected to add or change Supplemental Employee Life or Supplemental Spousal Life Insurance, you may be required to complete EOI. You need to complete the EOI form and return to Lincoln Financial. Once EOI has been approved by Lincoln Financial Group, you understand and agree that additional Supplemental Life in excess of allowed amounts will become effective and additional deductions taken from your paycheck.

By signing below, you understand the beneficiaries you listed under Basic Life will also apply to your Basic Accidental Death and Dismemberment, Supplemental Life and Supplemental AD&D benefits. If you want to designate different beneficiaries or percentages for specific life benefit(s), you understand you will need to complete the Beneficiary Designation Form available on MyNCH>HR>Benefits tab under the Life Insurance section.

By signing below, you acknowledge that you have read, understand and agree to comply with the "Maintaining the Tobacco/Nicotine-Free Requirement" if you selected the Road to Wellness plan. Failure to comply with will result in you and your covered dependents dropping down to the Basic Plan for the remainder of the plan or possible termination.

By signing below, you have indicated your elections and understand that you cannot change your elections for the calendar year unless you have a family status change, as defined by the Internal Revenue Service (IRS). You authorize NCH Healthcare System to deduct the total cost from your pay each pay period. You also understand any person who knowingly files an application containing false, incomplete or misleading information is guilty of a felony*.

*Pursuant to Florida Statute 817.234: "Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing false, incomplete or misleading information is guilty of a felony of the third degree."

Signature: _____    Date: 11/18/2016

BEST NUMBER TO REACH YOU: (305) 527 - 5275

**RETURN THE COMPLETED FORM TO HUMAN RESOURCES AT FAX 239-552-7776.**
**Be sure to attach Proof of Dependent Eligibility with supporting documentation and Evidence Of Insurability Form for Supplemental Life Insurance if required.**



**From:** Best, Morgan [mailto:Morgan.Best@nchmd.org]
**Sent:** Wednesday, November 2, 2016 3:17 PM
**To:** Justin Polga, MD <jpolga@polgamedical.com>
**Subject:** Hospitalist Employment Agreement- Executable Version Attached

Good Afternoon Dr. Polga,

Please review the attached executable copy of the Employment Agreement with the updated alignment bonus language included. When you have a moment please sign, scan in and return. I will send a copy of the fully executed agreement once we have it signed on our end.

Ramon Vega from HR and a representative from our credentialing team will be in touch to get your paperwork started. Please be on the lookout for communication from them.  Feel free to reach out if you have any questions.

We are excited to have you join!

Kind Regards,


*Morgan L. Best, MBA, MHA*
Director of Physician Recruitment
NCH Physician Group
Cell: 239.776.1382 | Office: 239.624.4016 | Morgan.Best@nchmd.org
<image010.png>

CONFIDENTIALITY NOTICE - Visit our website at http://www.nchmd.org
This email and any files transmitted with it are from the NCH Healthcare System. This message is confidential and is intended only for the addressee. If you are not the intended recipient or have received this email in error, please call us immediately at (239) 624-5000 and ask to speak to the message sender or promptly email the message sender of the delivery error and then delete the message. Thank You.

<FINAL - Employment Agreement J. Polga 110216.pdf>

Composite Ex D000001

**From:** Vega, Ramon [mailto:Ramon.Vega@nchmd.org]
**Sent:** Friday, November 18, 2016 10:00 AM
**To:** jjpolga@gmail.com
**Subject:** NCH Healthcare System

Hello Dr. Polga,

I would like to take this opportunity to introduce myself. My name is Ramon Vega, Recruiter for the Physician Group at NCH Healthcare System. I will be assisting you with your employment on-boarding process which I've outlined in the steps below.

- **Online application** - The first step is to visit our website, www.nchjobs.org to complete our online employment application. Our entire application process is completed on line. For your convenience, I've included the link below which will take you directly to your job posting. https://healthcaresource.com /nch/index.cfm?fuseaction=search.JobDetails&template=dsp_job_details.cfm&cJobId=103934
- **Online Regulatory Modules** - After I receive your application, I will send you a link via email to complete our on-line regulatory new hire modules. The modules need to be completed before your start date with NCH. The email will include detailed instructions on how to access the modules. My records indicate your start date to be Thursday December 15th, 2016.
- **Drug/Nicotine Screening** - As we move closer to your start date, I will schedule an appointment with our occupational health office for your urine drug and nicotine/tobacco screening as well as any other test required for your position. Normally, this visit is scheduled on your first day at NCH but it can be scheduled on an earlier date if you wish.
- **Pre-employment forms (attached)** – After your visit to our occupational health office you will meet with me to review the pre-employment forms attached to this email, as well as receive your employee badge and parking permit. Please complete these forms but do not return the forms to me at this time.
- **Benefits Forms (attached)** – The benefits forms packet ***will require action on your part before your start date***. Once you complete these forms please return to me via email attachment or fax for processing. Please be sure to include all required documentation with your benefits form.

I realize I have given you a lot of information but if you have any questions please do not hesitate to contact me at 239-624-4510. I'll be glad to help in anyway.

Thank you,
*Ramon Vega / Recruiter - NCH Physician Group*
*NCH Healthcare System*
*Office: 239-624-4510*
*Fax: 239-624-4501*
*To apply online: www.nchjobs.org*





---

CONFIDENTIALITY NOTICE - Visit our website at http://www.nchmd.org
This email and any files transmitted with it are from the NCH Healthcare System. This message is confidential and is intended only for the addressee. If you are not the intended recipient or have received this email in error, please call us immediately at (239) 624-5000 and ask to speak to the message sender or promptly email the message sender of the delivery error and then delete the message. Thank You.

— Attachments: —

2017-New Providers Benefits Packet.pdf

Physician's Pre-employment Forms.pdf

935 KB



# IMPORTANT INFORMATION ABOUT
# YOUR NCH BENEFITS

**Welcome to NCH Healthcare System!** Please read the following information regarding your benefits enrollment including <u>some forms requiring action on your part prior to your start date.</u>

**BENEFITS ELIGIBILITY:** Medical, prescription drug and Flexible Spending Accounts (Health and Dependent Care) are effective on your first day of employment. Other benefits including Dental, Vision, Life, Short Term Disability, etc. are effective the first of the month following 90 days of employment. Long Term Disability is effective first of month following one year of employment.

**PROOF OF DEPENDENT ELIGIBILITY:** <u>If you are adding a spouse or dependent child to our medical, dental or vision plan, Proof of Dependent Eligibility is required.</u> Documentation includes a copy of a birth certificate for dependent children, marriage license for spouse, or front page of last year's federal tax return (compensation not needed).

<u>Action Required Prior to Your Start Date:</u>  Please complete the enclosed **NCH BENEFITS ENROLLMENT FORM**, attach Proof of Dependent Eligibility (if required) **and return to our NCH Benefits Analyst in Human Resources via fax at 239-552-7776.**

**FIDELITY 457(B) ENROLLMENT (Offered to Physicians ONLY):** Enclosed are the 457(B) Plan Summary and two forms requiring action on your part to complete the enrollment.

1. **CONTRIBUTION FORM** - please complete sections 1, 2 and 4. **NCH will complete the Contribution section.** NCH's contribution will be prorated for the first calendar year. If you would like to contribute more up to the maximum annual limit, please contact the Benefits Office at 239-552-7718.
2. **BENEFICIARY DESIGNATION FORM** - please complete all appropriate sections of the form. Notary is not required if you designate your spouse as your beneficiary.

<u>Action Required Prior to Your Start Date:</u> Please return the completed **CONTRIBUTION and BENEFICIARY DESIGNATION FORMS to our NCH Benefits Analyst in Human Resources via fax at 239-552-7776.**

**FIDELITY 401(K) AUTO ENROLLMENT:** New Hires are <u>automatically enrolled</u> in our Fidelity 401(K) Plan at a 4 percent employee contribution rate after approximately 50 days of employment.

<u>Action Required Within 30 Days of Your Start Date:</u> If you have already met the IRS Annual 401(K) Maximum Limit for this calendar year, you will need to contact Fidelity directly at 800-843-0860 to change your contribution amount to zero percent. To begin contributing the following year, you must contact Fidelity to increase your employee contribution percentage. NOTE: NCH match begins after you have completed 1 year of employment.

**ORIENTATION PROGRAM TO LEARN MORE ABOUT YOUR BENEFITS:** You will be invited to an Orientation Program within the first 45 days of employment. As part of the Orientation, you will receive additional information about your benefits.

## QUESTIONS ABOUT NCH BENEFITS
Assistant Director of Compensation, Benefits, HRIS – 239-552-7802
Benefits Analyst – 239-552-7718                    Benefits Fax – 239-552-7776

Composite Ex D000003



# NCH Benefits Enrollment Form

**Name:** _____  **Employee ID:** _____

**Address:** _____

**Date of Hire/Transfer:** _____

## MUST SUBMIT ENROLLMENT FORM WITHIN 30 DAYS OF YOUR HIRE/TRANSFER DATE

### MEDICAL PLAN

|  | Employee | Employee + Spouse | Employee + Child | Employee + Children | Family |
|---|---|---|---|---|---|
| Road to Wellness* | ☐ | ☐ | ☐ | ☐ | ☐ |
| Basic | ☐ | ☐ | ☐ | ☐ | ☐ |
| Decline Coverage | ☐ | | | | |

*If enrolling in the Road to Wellness Plan, you agree to comply with the **"Maintaining the Tobacco/Nicotine Free Requirement"**. Failure to comply will result in you and your covered dependents dropping down to the Basic Plan and/or possible termination.

### DENTAL PLAN

|  | Employee | Employee + Spouse | Employee + Child | Employee + Children | Family |
|---|---|---|---|---|---|
| PPO $1,000 | ☐ | ☐ | ☐ | ☐ | ☐ |
| PPO $2,000 | ☐ | ☐ | ☐ | ☐ | ☐ |
| DHMO Option | ☐ | ☐ | ☐ | ☐ | ☐ |
| Decline Coverage* | ☐ | | | | |

### VISION CARE PLAN

☐ Employee Only        ☐ Employee + One or More        ☐ Decline Coverage

### DEPENDENT INFORMATION

| Last Name | First Name | Disabled? Yes or no | Relationship | Sex | Required S.S. # | Date of Birth | MED | DENTAL | VISION |
|---|---|---|---|---|---|---|---|---|---|
| _____ | _____ | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | _ - _ - _ | _ / _ / _ | ☐ | ☐ | ☐ |
| _____ | _____ | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | _ - _ - _ | _ / _ / _ | ☐ | ☐ | ☐ |
| _____ | _____ | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | _ - _ - _ | _ / _ / _ | ☐ | ☐ | ☐ |
| _____ | _____ | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | _ - _ - _ | _ / _ / _ | ☐ | ☐ | ☐ |
| _____ | _____ | ☐ | ☐ SP ☐ CH | ☐ M ☐ F | _ - _ - _ | _ / _ / _ | ☐ | ☐ | ☐ |

**If a dependent does not reside at the same address as you, please indicate their name & address in the space provided:**

Dependent's Name & Address: _____
_____

*If you are adding dependents, you must attach proof of dependent eligibility supporting documentation (birth certificate, marriage certificate, etc.) to the Human Resources Department.*

*****************************************************************************************************************

HR Use only: Date Entered_____    Entered By:_____

## BASIC LIFE AND BASIC ACCIDENTAL DEATH & DISMEMBERMENT INSURANCE

Basic Life and Basic Accidental Death & Dismemberment Insurance is limited to 2X annual salary, rounded up to the nearest $1,000.

☐   I elect the Life and AD&D Insurance option equal to two times annual salary.

☐   I elect the Life and AD&D Insurance option of $50,000 of coverage.*

| | | | |
|---|---|---|---|
| Primary Beneficiary | _____ | Relationship _____ | Percent ____ % |
| Primary Beneficiary | _____ | Relationship _____ | Percent ____ % |
| Contingent Beneficiary | _____ | Relationship _____ | Percent ____ % |
| Contingent Beneficiary | _____ | Relationship _____ | Percent ____ % |

* Under current Treasury regulations, the cost of Employer-paid life insurance which exceeds $50,000 is considered Imputed Income. This cost is therefore added to the employee's W-2 as taxable income and is subject to both Federal Income Tax and FICA Tax. For this reason, an employee may choose to waive his/her right to be insured for any Employer-paid life insurance which exceeds $50,000.

## SUPPLEMENTAL LIFE, DEPENDENT LIFE, AND SUPPLEMENTAL AD&D

SUPPLEMENTAL LIFE INSURANCE EVIDENCE OF INSURABILITY (EOI) REQUIREMENTS: New Hires and Transfers to Benefits-Eligible Positions may elect up to the Guaranteed Issue amount of $150,000 for employees and $50,000 for spouse at initial enrollment. All other employees will be required to comply with EOI, if you elect or increase Employee Supp Life by greater than $20,000 OR add/or increase Spouse Supp Life by any amount.

**TO CALCULATE THE COST OF EACH LIFE BENEFIT, REFER TO THE RATE TABLES IN THE ONLINE 2015 BENEFITS GUIDE BOOK**

The amount of life insurance and AD&D for you cannot exceed 5x your annual base salary.
The amount of life insurance and AD&D for your dependent cannot be more than 50% of your total amount of life insurance coverage.
You must enroll in Supplemental Life or AD&D for yourself in order to select the corresponding Spouse and/or dependent child coverage.

**If declining, please note WAIVE in each space below.**

| | | | |
|---|---|---|---|
| **Supp Employee Life** | Coverage Requested | $ _____ | Increments of $10,000; $150,000 Guaranteed Issue at time of hire |
| **Supp Spouse Life** | Coverage Requested | $ _____ | Increments of $10,000; $50,000 Guaranteed Issue at time of hire |
| **Supp Children Life** | Coverage Requested | $ _____ | Increments of $5,000 up to maximum of $15,000 |
| | | | |
| **Supp Employee AD&D** | Coverage Requested | $ _____ | Increments of $10,000 up to a maximum of $500,000 |
| **Supp Spouse AD&D** | Coverage Requested | $ _____ | Increments of $10,000 up to a maximum of $250,000 |
| **Supp Children AD&D** | Coverage Requested | $ _____ | Increments of $5,000 up to maximum of $15,000 |

## SHORT TERM DISABILITY

☐ Elect   ☐ Decline   *Pre-Existing Limitations may apply.*

## LONG TERM DISABILITY BUY-UP

After 1 year of employment, NCH provides and pays the entire cost of LTD as a 50% of your income benefit up to a monthly maximum of $15,000. You may purchase an additional 10% of coverage for a total of 60%. If you do not currently have LTD Buy-up, EOI will be required to add it after initial enrollment.

☐ Elect   ☐ Decline

## PRE-PAID LEGAL PLAN & IDENTITY THEFT PROTECTION

| | | |
|---|---|---|
| ID Theft & Preferred Legal | Employee Only | ☐ 7.82 bi-weekly |
| ID Theft & Preferred Legal | Employee + Spouse | ☐ 11.05 bi-weekly |
| ID Theft Alone | Employee Only | ☐ 4.15 bi-weekly |
| ID Theft Alone | Employee + Spouse | ☐ 8.30 bi-weekly |
| Preferred Legal Only | Employee + Family | ☐ 4.60 bi-weekly |
| **Waive Both** | ☐ | |

Composite Ex D000005

## FLEXIBLE SPENDING ACCOUNTS (PLEASE INDICATE BI-WEEKLY AMOUNT)

☐ **Health Care FSA Election for 2017:** I wish to participate in the Health Care Flexible Spending Account and authorize NCH to deduct bi-weekly$_____ from my paycheck on a pretax basis each pay period. The minimum Annual contribution is $260 and the maximum is $2,550.

☐ DECLINE Healthcare FSA

☐ **Dependent Care FSA Election for 2017:** I wish to participate in the Dependant Care Flexible Spending Account and authorize NCH to deduct bi-weekly $_____ from my paycheck on a pretax basis each pay period. The minimum Annual contribution is $260 and the maximum is $5,000. **Note: This account is for DAYCARE EXPENSES ONLY and is not preloaded.**

☐ DECLINE Dependent Care FSA

## AUTHORIZATION

By signing below, you understand that as an alternative for payment for any elective, scheduled or emergency services done at a NCH facility or provider office you will be authorizing payroll deduction 30 days after the date of your NCH Billing Statement. Employees will continue to have the option of paying the balance in full; otherwise payroll deduction will be automatically set up.

By signing below, you understand that if you are adding a new dependent or spouse, Proof of Dependent Eligibility must be submitted to Human Resources.

By signing below, you understand and agree that NCH will automatically adjust your Supplemental Employee and Spouse Life Insurance benefits to comply with the Evidence of Insurability (EOI) rules and reduce your new benefit election to the maximum amount allowed without EOI. If you elected to add or change Supplemental Employee Life or Supplemental Spousal Life Insurance, you may be required to complete EOI. You need to complete the EOI form and return to Lincoln Financial. Once EOI has been approved by Lincoln Financial Group, you understand and agree that additional Supplemental Life in excess of allowed amounts will become effective and additional deductions taken from your paycheck.

By signing below, you understand the beneficiaries you listed under Basic Life will also apply to your Basic Accidental Death and Dismemberment, Supplemental Life and Supplemental AD&D benefits. If you want to designate different beneficiaries or percentages for specific life benefit(s), you understand you will need to complete the Beneficiary Designation Form available on MyNCH>HR>Benefits tab under the Life Insurance section.

By signing below, you acknowledge that you have read, understand and agree to comply with the "Maintaining the Tobacco/Nicotine-Free Requirement" If you selected the Road to Wellness plan. Failure to comply with will result in you and your covered dependents dropping down to the Basic Plan for the remainder of the plan or possible termination.

By signing below, you have indicated your elections and understand that you cannot change your elections for the calendar year unless you have a family status change, as defined by the Internal Revenue Service (IRS). You authorize NCH Healthcare System to deduct the total cost from your pay each pay period. You also understand any person who knowingly files an application containing false, incomplete or misleading information is guilty of a felony*.

*Pursuant to Florida Statute 817.234: "Any person who knowingly and with intent to injure, defraud, or deceive any insurer files a statement of claim or an application containing false, incomplete or misleading information is guilty of a felony of the third degree."

Signature: _____     Date: _____

**BEST NUMBER TO REACH YOU:** _____

**RETURN THE COMPLETED FORM TO HUMAN RESOURCES AT FAX 239-552-7776.**
**Be sure to attach Proof of Dependent Eligibility with supporting documentation and Evidence Of Insurability Form for Supplemental Life Insurance if required.**

Composite Ex D000006

## *Fidelity Investments*
# *Workplace Savings Plan Contribution Form*
# *457(b) Plan*

*Instructions:* Use this Workplace Savings form if you wish your employer to deduct an amount of money from your paycheck to be contributed to your employer's plan. **If you do not have a 457(b) retirement account with Fidelity for the Employer named below, you must also complete a Fidelity Investments 457(b) Account Application.** You may request these forms from your Benefits Office or by calling Fidelity at 1-800-343-0860. Unless otherwise instructed, please complete this form and return it to your Human Resources department or Benefits office. Please retain a copy of this form for your records.

**DO NOT RETURN THIS FORM TO FIDELITY INVESTMENTS.**

*Questions?* Call Fidelity Investments at 1-800-343-0860, Monday through Friday, from 8:00 a.m. to midnight Eastern time, excluding holidays of the New York Stock Exchange, or visit us at www.fidelity.com/atwork.

### 1. PARTICIPANT INFORMATION

Please use a black pen and print clearly in CAPITAL LETTERS.

Social Security #:

Date of Birth:

First Name:

Last Name:

Street Address:

Address Line 2:

City:                                                                State:

Zip:

Daytime Phone:                          Evening Phone:

Is this a new Workplace Savings Plan Contribution Agreement:        Yes        No

### 2. EMPLOYER INFORMATION

Name of Current Employer/Site/Division:

Address Line 2:

City:                                                                State:

Zip:

*Page 1*

Composite Ex D000007

## 3. CONTRIBUTION

A. **Pretax Contribution:** Please deduct from my eligible compensation (i.e., wages or salary) on a pretax basis

$ _____ . _____   or   _____ % each pay period. My Employer agrees to contribute this amount on my behalf to the investment options I have selected.

**Designated Roth Contribution:** Please deduct from my eligible compensation (i.e., wages or salary) on an after-tax basis as a Roth contribution

$ _____   or   _____ % each pay period. My Employer agrees to contribute this amount on my behalf to the investment options I have selected.

B. I further understand that I may change the amount of my contribution at any time as permitted under the terms of my Employer's plan by filing a written notice of change with my Employer 30 days prior to the date that I wish the change to take effect.

C. I further understand that I may terminate contributions at any time by filing a written notice of termination with my Employer 30 days prior to the date I wish the change to take effect.

D. This Agreement may not permit an aggregate amount of salary reduction contributions under the plan that will exceed the amount allowable to be deferred under Internal Revenue Code ("Code") Section 457. I understand that I am responsible for determining that the amount of my salary reduction listed above does not exceed the limits on contributions in this section. For 457(b) plans, I also understand that my Employer will provide to me upon my request any available information from the Employer's records that is necessary to enable me to make these determinations.

## 4. SIGNATURES

I direct the Employer to make contributions on my behalf as requested in Section 3.

Participant Signature: _____            Date: _____

Employer Signature: _____            Date: _____

Employer Title: _____

*Return this form to your Benefits office or Human Resources department.*
*Do not return this form to Fidelity Investments.*



330513.4.0
Page 2

Fidelity Investments Institutional Operations Company, Inc.

3.EPC004337039NC
A20112856-02

Composite Ex D000008

NCH Healthcare System 457(b) Plan

## Beneficiary Designation

### A. ABOUT YOU

Please print clearly in CAPITAL LETTERS, using only blue or black ink. Do not use whiteout and please initial all corrections.

Social Security #: ☐☐ – ☐☐ – ☐☐☐☐          Date of Birth: _____

Participant Name (First, MI, Last): _____

Participant Address: _____

City: _____   State: _____   Zip: _____

You must check either single or married:      Single ☐      Married ☐

Federal law generally requires a married participant to name his or her spouse as the sole primary beneficiary of pension and savings plan benefits, unless the spouse consents in writing (Section B) to another primary beneficiary designation (Section D) and this consent is witnessed by a Notary Public.

### B. YOUR SPOUSE'S CONSENT

I hereby consent to the beneficiary designation(s) on this form and acknowledge that (1) I am entitled to this benefit; (2) the effect of such designation is to cause my spouse's death benefit, or a portion of it, to be paid to a primary beneficiary other than me; (3) each primary beneficiary designation is not valid unless I consent to it; and (4) my consent is irrevocable unless my spouse changes or revokes the beneficiary designation. My consent is being given voluntarily and no undue influence or coercion has been exercised in connection with my decision to consent.

Spouse's Signature: **X** _____     Date: ☐☐ – ☐☐ – ☐☐☐☐
                                                                        M M   D D   Y Y Y Y

To be completed by a Notary Public:

Sworn before me this day _____

In the State of _____ County of _____

Notary Public signature:

**X** _____

My commission expires: _____

*Notary stamp must be in the above box*

### C. YOUR AUTHORIZATION AND DATE

I reserve the right to revoke or change any beneficiary designation. I hereby revoke all my previous designations (if any) of primary and contingent beneficiaries.

Your Signature: (Required)   **X** _____   Today's Date: ☐☐ – ☐☐ – ☐☐☐☐
                                                                                   M M   D D   Y Y Y Y

☐   Check here if you are making this designation as agent for the participant under a valid Power of Attorney.

I understand that I may designate more than one primary beneficiary who will share the benefit in accordance with the percentages designated in Section D. If one or more of the primary beneficiaries does not survive me, the benefit will be allocated proportionately among the remaining primary beneficiaries. I may also designate one or more contingent beneficiaries. A contingent beneficiary would receive payment only if all of the primary beneficiaries I named do not survive me. If one or more of the contingent beneficiaries does not survive me, the benefit will be allocated proportionately among the remaining contingent beneficiaries. If no primary or contingent beneficiaries survive me, then the benefit will be distributed according to the plan's rules.

By signing and dating this section, you officially designate the person(s) listed on the form as your primary beneficiary(ies), and if applicable, your contingent beneficiary(ies) for this plan. Your beneficiary designation(s) will not be valid unless this form is on file with the plan record-keeper at the time of your death.

364490.2.0 / Page 1 / Plan 62632

000066      DC      62632      IBS      002560001

Composite Ex D000009

## IMPORTANT INFORMATION

A beneficiary is a person or institution, charitable organization, estate, irrevocable trust, revocable trust, trust named by you, the participant, to receive payment of benefits provided under the plan in the event of your death. You may designate more than one beneficiary who will share the benefit. You may designate one or more contingent beneficiaries. Contingent beneficiaries will only be entitled to receive payment if none of the primary beneficiaries survive you.

Naming an estate: Letters of appointment issued by the court naming the executor or administrator of the estate must be provided when a claim is filed. Please consult your attorney for advice on the effect of this designation. No additional legal documentation is required at this time.

Naming a trust: Provide the name, date and tax identification number of the trust (if available). If there has not been a tax identification number assigned to the trust, provide your Social Security number. Do not send a copy of the trust agreement. If available, also provide the name and address of one trustee.

Naming a charity: Please list name, address, and tax identification number. Please select the beneficiary type of "Estate/Charity."

You may not designate your will as a beneficiary.

If you wish to have your plan benefit disbursed in accordance with the terms of your will, you should designate your estate as your beneficiary.

Example:

### D. PRIMARY BENEFICIARY INFORMATION

You must use whole percentages, and the sum of the percentages must equal 100%. If you would like to name more than three primary beneficiaries, please add a separate page to this form.

1. First/Trust Name: J A M E S
Last/Trustee Name: S M I T H
Street No.: 1 2 3   Street Name: M A I N   S T R E E T
City: A N Y T O W N   State: S T   Zip: 5 4 3 2 1 – 6 7 8 9
Beneficiary's Date of Birth or Trust Date: 0 1 – 0 8 – 1 9 5 4   Beneficiary's SSN/Tax ID: 9 8 7 6 5 4 3 2 1   ☐ Check here if no SSN (for foreign citizen)
Beneficiary Type: ☐ Spouse OR ☐ Trust OR ☐ Estate/Charity OR ☒ Individual (not spouse)   Percentage: 3 3 %

2. First/Trust Name: D O E   F A M I L Y   T R U S T
Last/Trustee Name: M I C H E L L E   D O E
Street No.: 5 6   Street Name: F I F T H   S T R E E T
City: A N Y W H E R E   State: S T   Zip: 1 2 3 4 5 – 9 8 7 6
Beneficiary's Date of Birth or Trust Date: 0 7 – 0 4 – 1 9 9 2   Beneficiary's SSN/Tax ID: 1 1 2 2 4 4 5 5 5   ☐ Check here if no SSN (for foreign citizen)
Beneficiary Type: ☐ Spouse OR ☒ Trust OR ☐ Estate/Charity OR ☐ Individual (not spouse)   Percentage: 3 3 %

3. First/Trust Name: E S T A T E   O F
Last/Trustee Name: J O H N   S M I T H
Street No.:    Street Name:
City:    State:    Zip:
Beneficiary's Date of Birth or Trust Date:    Beneficiary's SSN/Tax ID:    ☐ Check here if no SSN (for foreign citizen)
Beneficiary Type: ☐ Spouse OR ☐ Trust OR ☒ Estate/Charity OR ☐ Individual (not spouse)   Percentage: 3 4 %

Primary Beneficiary Total Percentage: = 100%

Page 2 / Plan 62632

Make a copy of this form for your files and return the original in the enclosed envelope or, if you use your own envelope, mail to the following address:

**Fidelity Investments, PO Box 770003, Cincinnati, OH 45277-0088**

If you wish to overnight your form, please overnight to the following address:

**Fidelity Investments, 100 Crosby Parkway, Covington, KY 41015**

**Fidelity Investments Institutional Operations Company, Inc.**

Composite Ex D000010

## D.   PRIMARY BENEFICIARY INFORMATION

You must use whole percentages, and the sum of the percentages must equal 100%. If you would like to name more than three primary beneficiaries, please add a separate page to this form.

1. First/Trust Name

Last/Trustee Name

Street No.          Street Name

City                                State    Zip

Beneficiary's Date of Birth or Trust Date          Beneficiary's SSN/Tax ID

☐ Check here if no SSN (for foreign citizen)

Beneficiary Type:   ☐ Spouse   OR   ☐ Trust   OR   ☐ Estate/Charity   OR   ☐ Individual (not spouse)        Percentage: ___ %

2. First/Trust Name

Last/Trustee Name

Street No.          Street Name

City                                State    Zip

Beneficiary's Date of Birth or Trust Date          Beneficiary's SSN/Tax ID

☐ Check here if no SSN (for foreign citizen)

Beneficiary Type:   ☐ Spouse   OR   ☐ Trust   OR   ☐ Estate/Charity   OR   ☐ Individual (not spouse)        Percentage: ___ %

3. First/Trust Name

Last/Trustee Name

Street No.          Street Name

City                                State    Zip

Beneficiary's Date of Birth or Trust Date          Beneficiary's SSN/Tax ID

☐ Check here if no SSN (for foreign citizen)

Beneficiary Type:   ☐ Spouse   OR   ☐ Trust   OR   ☐ Estate/Charity   OR   ☐ Individual (not spouse)        Percentage: ___ %

**Note: Don't forget to sign page 1.**

Primary Beneficiary Total Percentage: = 100%

ENV#
364490.2.0 / Page 3 / Plan 62632

3.EPCP62632002.100

002560002

Composite Ex D000011

## E.   CONTINGENT BENEFICIARY INFORMATION

You must use whole percentages, and the sum of the percentages must equal 100%. If you would like to name more than three contingent beneficiaries, please add a separate page to this form.

1.  First/Trust Name

Last/Trustee Name

Street No.                    Street Name

City                                       State     Zip

Beneficiary's Date of Birth or Trust Date     Beneficiary's SSN/Tax ID

☐ Check here if no SSN (for foreign citizen)

Beneficiary Type:   ☐ Spouse  OR   ☐ Trust  OR   ☐ Estate/Charity  OR   ☐ Individual (not spouse)     Percentage: ▢ %

2.  First/Trust Name

Last/Trustee Name

Street No.                    Street Name

City                                       State     Zip

Beneficiary's Date of Birth or Trust Date     Beneficiary's SSN/Tax ID

☐ Check here if no SSN (for foreign citizen)

Beneficiary Type:   ☐ Spouse  OR   ☐ Trust  OR   ☐ Estate/Charity  OR   ☐ Individual (not spouse)     Percentage: ▢ %

3.  First/Trust Name

Last/Trustee Name

Street No.                    Street Name

City                                       State     Zip

Beneficiary's Date of Birth or Trust Date     Beneficiary's SSN/Tax ID

☐ Check here if no SSN (for foreign citizen)

Beneficiary Type:   ☐ Spouse  OR   ☐ Trust  OR   ☐ Estate/Charity  OR   ☐ Individual (not spouse)     Percentage: ▢ %

Contingent Beneficiary Total Percentage: = 100%

**Note: Don't forget to sign page 1.**
ENV#
364490.2.0 / Page 4 / Plan 62632

3.EPCP62632002.100

Composite Ex D000012

**Subject:** FW: NCH Healthcare System
**From:** "Justin Polga, MD" <jjpolga@gmail.com>
**Date:** 11/18/2016, 1:48 PM
**To:** "'Vega, Ramon'" <Ramon.Vega@nchmd.org>

Good afternoon, Ramon,

Thank you so much for reaching out today: I just completed the electronic application (see below) and will be working on the paper part shortly.

Really excited!

JUSTIN J. POLGA, MD
DIPLOMATE, AMERICAN BOARD OF INTERNAL MEDICINE
P: (305) 967 7466
M: (305) 527 5275
F: (305) 397 1076

CONFIDENTIALITY NOTICE: THIS MESSAGE AND ANY ATTACHMENTS HERETO MAY CONTAIN CONFIDENTIAL AND PRIVILEGED COMMUNICATIONS OR INFORMATION AND/OR ATTORNEY CLIENT COMMUNICATIONS OR WORKPRODUCT PROTECTED BY LAW. THE INFORMATION CONTAINED HEREIN IS TRANSMITTED FOR THE SOLE USE OF THE INTENDED RECIPIENT(S). IF YOU ARE NOT THE INTENDED RECIPIENT OR DESIGNATED AGENT OF THE RECIPIENT OF SUCH INFORMATION, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, COPYING OR RETENTION OF THIS E-MAIL OR THE INFORMATION CONTAINED HEREIN IS STRICTLY PROHIBITED AND MAY SUBJECT YOU TO PENALTIES UNDER FEDERAL AND/OR STATE LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY THE SENDER IMMEDIATELY AND PERMANENTLY DELETE THIS E-MAIL.

**From:** careers@nchmd.org [mailto:careers@nchmd.org]
**Sent:** Friday, November 18, 2016 1:40 PM
**To:** jjpolga@gmail.com
**Subject:** NCH Healthcare System

Thank you for your recent interest in employment opportunities at NCH Healthcare System.

At the present time we are evaluating your application we recently received. Please be assured your credentials will be reviewed and, if we require further clarification or seek a personal interview, we will contact you. You can check the status of your application at any time by logging back onto the Job Agent.

We appreciate your interest in working at NCH Healthcare System and wish you success in attaining your employment goals.

NCH Human Resources Department

**Subject:** NCH Forms
**From:** "Justin Polga, MD" <jjpolga@gmail.com>
**Date:** 11/18/2016, 6:15 PM
**To:** "'Vega, Ramon'" <Ramon.Vega@nchmd.org>

Good evening, Ramon,

Thanks for the benefits information.

Please see the attached forms.

Have a great weekend!

JUSTIN J. POLGA, MD
DIPLOMATE, AMERICAN BOARD OF INTERNAL MEDICINE
P: (305) 967 7466
M: (305) 527 5275
F: (305) 397 1076

—Attachments:——

Polga_2017-New Providers Benefits Packet.pdf

Polga_Physician's Pre-employment Forms.pdf

1.6 MB

6.1 MB

**Subject:** RE: NCH Forms
**From:** "Vega, Ramon" <Ramon.Vega@nchmd.org>
**Date:** 11/21/2016, 1:22 PM
**To:** "Justin Polga, MD" <jjpolga@gmail.com>

Good afternoon Dr. Polga,
Hope you had a good weekend. I'm reviewing your benefits forms and the section under supplemental life, dependent life, and supplemental AD&D section was not completed. If you do not wish to participate "WAIVE" needs to be entered into each space.

I've attached a copy of the form for your reference and I will gladly enter that for you is you wish to decline those coverages. Please don't hesitate to call or email if you have any questions or concerns.

Thank you,

Ramon Vega
Recruiter - Physician Group
239-624-4510

---

**From:** Justin Polga, MD [mailto:jjpolga@gmail.com]
**Sent:** Friday, November 18, 2016 6:15 PM
**To:** Vega, Ramon
**Subject:** NCH Forms
**Importance:** High

Good evening, Ramon,

Thanks for the benefits information.

Please see the attached forms.

Have a great weekend!

JUSTIN J. POLGA, MD
DIPLOMATE, AMERICAN BOARD OF INTERNAL MEDICINE
P: (305) 967 7466
M: (305) 527 5275
F: (305) 397 1076

CONFIDENTIALITY NOTICE - Visit our website at http://www.nchmd.org
This email and any files transmitted with it are from the NCH Healthcare System. This message is confidential and is intended only for the addressee. If you are not the intended recipient or have received this email in error, please call us immediately at (239) 624-5000 and ask to speak to the message sender or promptly email the message sender of the delivery error and then delete the message. Thank You.

## BASIC LIFE AND BASIC ACCIDENTAL DEATH & DISMEMBERMENT INSURANCE

Basic Life and Basic Accidental Death & Dismemberment Insurance is limited to 2X annual salary, rounded up to the nearest $1,000.

- ☑ I elect the Life and AD&D insurance option equal to two times annual salary.
- ☐ I elect the Life and AD&D insurance option of $50,000 of coverage.*

| | | | | | |
|---|---|---|---|---|---|
| Primary Beneficiary | RAMIRO B MAIER | Relationship | SPOUSE | Percent | 100 % |
| Primary Beneficiary | | Relationship | | Percent | % |
| Contingent Beneficiary | JACOB POLA | Relationship | CHILD | Percent | 100 % |
| Contingent Beneficiary | | Relationship | | Percent | % |

\* Under current Treasury regulations, the cost of Employer-paid life insurance which exceeds $50,000 is considered Imputed Income. This cost is therefore added to the employee's W-2 as taxable income and is subject to both Federal Income Tax and FICA Tax. For this reason, an employee may choose to waive his/her right to be insured for any Employer-paid life insurance which exceeds $50,000.

## SUPPLEMENTAL LIFE, DEPENDENT LIFE, AND SUPPLEMENTAL AD&D

SUPPLEMENTAL LIFE INSURANCE EVIDENCE OF INSURABILITY (EOI) REQUIREMENTS: New Hires and Transfers to Benefits-eligible Positions may elect up to the Guaranteed Issue amount of $150,000 for employees and $50,000 for spouse at initial enrollment. All other employees will be required to comply with EOI, if you elect or increase Employee Supp Life by greater than $20,000 OR add/or increase Spouse Supp Life by any amount.

## TO CALCULATE THE COST OF EACH LIFE BENEFIT, REFER TO THE RATE TABLES IN THE ONLINE 2015 BENEFITS GUIDE BOOK

The amount of life insurance and AD&D for you cannot exceed 5X your annual base salary. The amount of life insurance and AD&D for your dependent cannot be more than 50% of your total amount of life insurance coverage. You must enroll in Supplemental Life or AD&D for yourself in order to elect the corresponding Spouse and/or dependent child coverage.

If declining, please note WAIVE in each space below.

| | | | |
|---|---|---|---|
| Supp Employee Life | Coverage Requested | $ | Increments of $10,000; $150,000 Guaranteed Issue at time of hire |
| Supp Spouse Life | Coverage Requested | $ | Increments of $10,000; $50,000 Guaranteed Issue at time of hire |
| Supp Children Life | Coverage Requested | $ | Increments of $5,000 up to maximum of $15,000 |
| | | | |
| Supp Employee AD&D | Coverage Requested | $ | Increments of $10,000 up to a maximum of $500,000 |
| Supp Spouse AD&D | Coverage Requested | $ | Increments of $10,000 up to a maximum of $250,000 |
| Supp Children AD&D | Coverage Requested | $ | Increments of $5,000 up to maximum of $15,000 |

## SHORT TERM DISABILITY

☒ Elect   ☐ Decline   Pre-Existing limitations may apply

## LONG TERM DISABILITY BUY-UP

After 1 year of employment, NCH provides and pays the entire cost of LTD as a 50% of your income benefit up to a monthly maximum of $15,000. You may purchase an additional 10% of coverage for a total of 60%. If you do not currently have LTD Buy-up, EOI will be required to add it after initial enrollment.

☒ Elect   ☐ Decline

## PRE-PAID LEGAL PLAN & IDENTITY THEFT PROTECTION

| | | |
|---|---|---|
| ID Theft & Preferred Legal | Employee Only | ☐ 7.32 bi-weekly |
| ID Theft & Preferred Legal | Employee + Spouse | ☐ 11.05 bi-weekly |
| ID Theft Alone | Employee Only | ☐ 4.15 bi-weekly |
| ID Theft Alone | Employee + Spouse | ☐ 8.90 bi-weekly |
| Preferred Legal Only | Employee + Family | ☐ 4.60 bi-weekly |
| Waive Both | ☒ | |

**Subject:** Re: NCH Forms
**From:** Justin Polga <jjpolga@gmail.com>
**Date:** 11/23/2016, 10:12 AM
**To:** "Vega, Ramon" <Ramon.Vega@nchmd.org>
**BCC:** jjpolga@gmail.com

Hey, Ramon,

Please pardon the oversight and mark WAIVE for *Supplemental ADD* coverage(s). However, please mark 5x ($500,000) for *Employee Supplemental Life*.

In addition, what is the *maximum* elective deferral percentage (0-100% {up to $18,000 for 2017}) for *NCH 401(k) Retirement Plan (50 days from date of hire)*?

Thanks for all of your help!

Sent from my iPhone

On Nov 21, 2016, at 6:22 PM, Vega, Ramon <Ramon.Vega@nchmd.org> wrote:

Good afternoon Dr. Polga,
Hope you had a good weekend. I'm reviewing your benefits forms and the section under supplemental life, dependent life, and supplemental AD&D section was not completed. If you do not wish to participate "WAIVE" needs to be entered into each space.

I've attached a copy of the form for your reference and I will gladly enter that for you is you wish to decline those coverages. Please don't hesitate to call or email if you have any questions or concerns.

Thank you,

*Ramon Vega*
*Recruiter - Physician Group*
*239-624-4510*

**From:** Justin Polga, MD [mailto:jjpolga@gmail.com]
**Sent:** Friday, November 18, 2016 6:15 PM
**To:** Vega, Ramon
**Subject:** NCH Forms
**Importance:** High

Good evening, Ramon,

Thanks for the benefits information.

Please see the attached forms.

Have a great weekend!

JUSTIN J. POLGA, MD
DIPLOMATE, AMERICAN BOARD OF INTERNAL MEDICINE
P: (305) 967 7466
M: (305) 527 5275
F: (305) 397 1076

CONFIDENTIALITY NOTICE - Visit our website at http://www.nchmd.org
This email and any files transmitted with it are from the NCH Healthcare System. This message is
confidential and is intended only for the addressee. If you are not the intended recipient or have
received this email in error, please call us immediately at (239) 624-5000 and ask to speak to the
message sender or promptly email the message sender of the delivery error and then delete the
message. Thank You.

<SKMBT_50116112113170.pdf>

**Subject:** Pre-employment forms appointment
**From:** "Vega, Ramon" <Ramon.Vega@nchmd.org>
**Date:** 12/14/2016, 4:49 PM
**To:** "jjpolga@gmail.com" <jjpolga@gmail.com>

Hello Dr. Polga,

Congratulations and welcome to the NCH Healthcare System!

I look forward to meeting you on _Thursday December 15, immediately after your appointment with the Occupational Health Office_ at the main HR Office located at 350 7th Street North Naples, FL 34012, Downtown Campus. The purpose of the this appointment is to complete required pre-employment forms as well as accompany you to the security department for your employee ID badge and parking permit.

Please be sure to bring the license plate number for your vehicle, without this information the security department **_will not_** be able to issue your employee ID badge.

Don't hesitate to contact me should any questions arise. We look forward to meeting you and working together.

Thank you,

_Ramon Vega / Recruiter - NCH Physician Group_
_NCH Healthcare System_
_Office: 239-624-4510_
_Fax: 239-624-4501_
_To apply online: www.nchjobs.org_





CONFIDENTIALITY NOTICE – Visit our website at http://www.nchmd.org
This email and any files transmitted with it are from the NCH Healthcare System. This message is confidential and is intended only for the addressee. If you are not the intended recipient or have received this email in error, please call us immediately at (239) 624-5000 and ask to speak to the message sender or promptly email the message sender of the delivery error and then delete the message. Thank You.

**From:** "Vega, Ra... " <Ramon.Vega@nchmd.org>
**Date:** December 19, 2016 at 1:11:14 PM EST
**To:** "Justin Polga, MD" <jpolga@polgamedical.com>
**Subject: RE: PPD**

Hello Dr. Polga,

Thank you for your email and information. I'm still in need of a copy of your social security card or passport to complete your on-boarding. Please forward at your earliest convenience.

Thanks,

Ramon Vega
Recruiter - Physician Group
239-624-4510

**From:** Justin Polga, MD [mailto:jpolga@polgamedical.com]
**Sent:** Monday, December 19, 2016 11:33 AM
**To:** Vega, Ramon
**Subject:** PPD

Good morning, Ramon,

Attached is my PPD result.

Thanks!

Justin

CONFIDENTIALITY NOTICE - Visit our website at http://www.nchmd.org This email and any files transmitted with it are from the NCH Healthcare System. This message is confidential and is intended only for the addressee. If you are not the intended recipient or have received this email in error, please call us immediately at (239) 624-5000 and ask to speak to the message sender or promptly email the message sender of the delivery error and then delete the message. Thank You.

JUSTIN POLGA, MD

DIPLOMATE, AMERICAN BOARD OF INTERNAL MEDICINE

POLGA MEDICAL GROUP, P.A.

PHONE: 305-527-5275

EMAIL: JJPOLGA@GMAIL.COM

HTTPS://WWW.LINKEDIN.COM/IN/JUSTIN-POLGA-MD-2004805

Composite Ex D000020

**Subject:** RE: PPD
**From:** "Vega, Ramon" <Ramon.Vega@nchmd.org>
**Date:** 12/19/2016, 1:38 PM
**To:** Justin Polga <jjpolga@gmail.com>

Good afternoon Dr. Polga,
Thank you for the information. Only your health insurance, prescription, and if you elected to participate in the flex spending account are active on your hire date. Other benefits you might elect to participate in such as vision and dental will go into effect on the first of the month after 90 days of employment.

Please don't hesitate to call or email if you have any questions or concerns. You can also contact our benefits specialist Theresa Hansen at 239-552-7718 with any questions.

Thanks,

*Ramon Vega*
*Recruiter - Physician Group*
*239-624-4510*

**From:** Justin Polga [mailto:jjpolga@gmail.com]
**Sent:** Monday, December 19, 2016 1:18 PM
**To:** Vega, Ramon
**Subject:** Re: PPD

Good afternoon, Ramon,

Attached are both!

Quick question: are my benefits active? (I am en route to the optometrist!)

Thanks for all your help,

Justin

| 26090 | 67130 | Justin J. Polga | | XXX-XX-8300 | 12/21/2019 | 636707 |
|---|---|---|---|---|---|---|
| EMPLOYEE NO | DEPARTMENT | EMPLOYEE NAME | | SOCIAL SECURITY NO | PERIOD END | ADVICE NO |

| EARNINGS | Rate | HRS UNITS | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT. | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| Regular Pay Exempt | 109.98 | 24.00 | 2,639.52 | 133,735.68 | *Federal Tax | 189.20 | 17,809.70 |
| Designated Off Time | | | | 879.84 | *FICA Tax | | 8,239.80 |
| 457 Stipend | | | | 14,182.50 | *Medicare Tax | 38.27 | 2,270.43 |
| Call Pay MD | | | | 3,750.00 | 401k Roth Employee | | 19,000.00 |
| Quality Bonus | | | | 12,900.00 | 457B Fidelity-Def. | | 14,182.50 |
| | | | | | Dental | | 1,350.00 |
| | | | | | Direct Deposit Refund | | -4,286.33 |
| | | | | | Health | | 6,300.00 |
| | | | | | Supplemental Life | | 1,053.75 |
| | | | | | Vision | | 163.75 |

| | | | | ER 401k Current | | YTD | |
|---|---|---|---|---|---|---|---|
| | | | | 0.00 | | 0.00 | |

| 109.98 | 2,639.52 | 227.47 | 2,412.05 | 165,448.02 | 66,085.60 | 99,362.42 |
|---|---|---|---|---|---|---|
| PAY RATE | CURRENT EARNINGS | CURRENT DED. | NET PAY | YTD EARNINGS | YTD DED. | YTD NET PAY |

| PAID TIME OFF AVAILABLE | ILLNESS LEAVE AVAILABLE |

NCH MD Inc
PO Box 413029
Naples, FL 34101-3029

Bank of America
4501 Tamiami Trail N
Suite 220

ADVICE NO   636707

*Made possible by the patients we serve.*

| DATE | AMOUNT |
|---|---|
| 12/27/2019 | $2,412.05 |

PAY    TWO THOUSAND FOUR HUNDRED TWELVE AND 05 / 100 DOLLARS

Bank Routing No./Bank Account No./Payment Amount
XXXXX1387   XXXXX2223   2,412.05

TO THE
ORDER
OF

Justin J. Polga
7540 SW 126th Street
Pinecrest, FL 33156

**DIRECT DEPOSIT ONLY**

NON-NEGOTIABLE



EXHIBIT
E
COMPOSITE

NCH MD Inc
PO Box 413029
Naples, FL 34101-3029

Advice No.    596685
Date          8/9/2019
Amount        3,945.85

Pay          **Three Thousand Nine Hundred Forty Five AND 85/100 DOLLARS**

TO THE
ORDER
OF

Justin James Polga
7540 SW 126th Street
Pinecrest, FL 33156

Bank Routing No.    XXXXX1387
Bank Account No.    XXXXX2223
Payment Amount      3,945.85

**Direct Deposit Only**
**Non-Negotiable**

| NCH MD Inc | PO Box 413029 | Naples, FL 34101-3029 | | Phone: -10001 |
|---|---|---|---|---|
| Justin James Polga (26090) XXX-XX-8300 | Dpt67130 DEPARTMENT | 7/21/2019-8/3/2019 PAY PERIOD | 8/9/2019 PAY DATE | 596685 ADVICE NO |

| EARNINGS | HRS/UNITS | PAY RATE | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| Regular Pay Exempt | 48.00 | 109.98 | 5,279.04 | 84,454.64 | *Federal Tax | 558.30 | 11,605.80 |
| 457 Stipend | 0.00 | | 567.30 | 9,076.80 | *FICA Tax | 340.48 | 6,200.93 |
| Call Pay MD | | | | 3,750.00 | *Medicare Tax | 79.63 | 1,450.24 |
| Quality Bonus | | | | 8,400.00 | 401k Roth Employee | | 19,000.00 |
| | | | | | 457B Fidelity-Def. | 567.30 | 9,076.80 |
| | | | | | Dental | 54.00 | 864.00 |
| | | | | | Health | 252.00 | 4,032.00 |
| | | | | | Supplemental Life | 42.23 | 675.68 |
| | | | | | Vision | 6.55 | 104.80 |

| 109.98 PAY RATE | 5,846.34 CURRENT EARNINGS | 1,900.49 CURRENT DED | 3,945.85 NET PAY | 105,691.44 YTD EARNINGS | 53,010.25 YTD DED | 52,681.19 YTD NET PAY |
|---|---|---|---|---|---|---|

NCH MD Inc
PO Box 413029
Naples, FL 34101-3029

Advice No.    592758
Date    7/26/2019
Amount    3,945.85

Pay

Three Thousand Nine Hundred Forty Five AND 85/100 DOLLARS

TO THE
ORDER
OF

Justin James Polga
7540 SW 126th Street
Pinecrest, FL 33156

Bank Routing No.    XXXXX1587
Bank Account No.    XXXXXX2738
Payment Amount    3,945.85

Direct Deposit Only
Non-Negotiable

| NCH MD Inc | | PO Box 413029 | | | Naples, FL 34101-3029 | | Phone: -10001 |
|---|---|---|---|---|---|---|---|

Justin James Polga (26090)
XXX-XX-8300

Dpt67130
DEPARTMENT

7/1/2019-7/20/2019
PAY PERIOD

7/26/2019
PAY DATE

592758
ADVICE NO

| EARNINGS | HRS/UNITS | PAY RATE | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| Regular Pay Exempt | 48.00 | 109.98 | 5,279.04 | 79,185.60 | *Federal Tax | 558.39 | 11,947.50 |
| 457 Stipend | 0.00 | | -567.30 | 8,509.50 | *FICA Tax | 340.48 | 5,880.45 |
| Call Pay MD | | | | 3,750.00 | *Medicare Tax | 79.63 | 1,570.61 |
| Quality Bonus | | | | 8,400.00 | 401k Roth Employee | | 19,000.00 |
| | | | | | 457B Fidelity-Def. | 567.30 | 8,509.50 |
| | | | | | Dental | 54.00 | 810.00 |
| | | | | | Health | 252.00 | 3,780.00 |
| | | | | | Supplemental Life | 42.23 | 633.45 |
| | | | | | Vision | 6.55 | 98.25 |

| 109.98 PAY RATE | 5,846.34 CURRENT EARNINGS | 1,900.49 CURRENT DED | 3,945.85 NET PAY | 99,845.10 YTD EARNINGS | 51,109.76 YTD DED | 48,735.34 YTD NET PAY |
|---|---|---|---|---|---|---|

NCH MD Inc
PO Box 413029
Naples, FL 34101-3029

Advice No 588788
Date 7/12/2019
Amount 3,945.86

Pay

**Three Thousand Nine Hundred Forty Five AND 86/100 DOLLARS**

TO THE ORDER OF

Justin James Polga
540 SW 136th Street
Pinecrest, FL 33156

Bank Routing No XXXXX1387
Bank Account No XXXXX2738
Payment Amount 3,945.86

Direct Deposit Only
Non-Negotiable

---

NCH MD Inc    PO Box 413029    Naples, FL 34101-3029    Phone: -10001

Justin James Polga (26090)   XXX-XX-8300

Dpt67130 DEPARTMENT

6/23/2019-7/6/2019 PAY PERIOD

7/12/2019 PAY DATE

588788 ADVICE NO

| EARNINGS | HRS/UNITS | PAY RATE | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| Regular Pay Exempt | 48.00 | 109.98 | 5,279.04 | 73,906.56 | *Federal Tax | 558.30 | 10,489.30 |
| 457 Stipend | 0.00 | | 567.30 | 7,942.20 | *FICA Tax | 340.47 | 5,519.97 |
| Call Pay MD | | | | 3,750.00 | *Medicare Tax | 79.63 | 1,290.98 |
| Quality Bonus | | | | 8,460.00 | 401k Roth Employee | | 19,000.00 |
| | | | | | 457B Fidelity-Def | 567.30 | 7,942.20 |
| | | | | | Dental | 54.00 | 756.00 |
| | | | | | Health | 252.00 | 3,528.00 |
| | | | | | Supplemental Life | 42.23 | 591.22 |
| | | | | | Vision | 6.55 | 91.70 |

| 109.98 PAY RATE | 5,846.34 CURRENT EARNINGS | 1,900.48 CURRENT DED | 3,945.86 NET PAY | 93,998.76 YTD EARNINGS | 49,209.27 YTD DED | 44,789.49 YTD NET PAY |
|---|---|---|---|---|---|---|

NCH MD Inc
PO Box 413029
Naples, FL 34101-3019

| | |
|---|---|
| Advice No | 580786 |
| Date 6/14/2019 | Amount 3,945.85 |

Pay

**Three Thousand Nine Hundred Forty Five AND 85/100 DOLLARS**

TO THE
ORDER
OF

Justin James Polga
7540 SW 176th Street
Pinecrest, FL 33156

| | |
|---|---|
| Bank Routing No XXXXX0387 | Bank Account No XXXXX3718 | Payment Amount 3,945.85 |

**Direct Deposit Only**
**Non-Negotiable**

---

| NCH MD Inc | | PO Box 413029 | | | Naples, FL 34101-3029 | | Phone: -10001 |
|---|---|---|---|---|---|---|---|
| Justin James Polga (26090) XXX-XX-8300 | | Dpt67130 DEPARTMENT | | | 5/26/2019-6/8/2019 PAY PERIOD | 6/14/2019 PAY DATE | 580786 ADVICE NO |

| EARNINGS | HRS/UNITS | PAY RATE | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT | YEAR TO DATE |
|---|---|---|---|---|---|---|---|
| Regular Pay Exempt | 48.00 | 109.98 | 5,279.04 | 63,348.48 | *Federal Tax | 558.30 | 9,372.60 |
| 457 Stipend | 0.00 | | | 567.30 | *FICA Tax | 340.48 | 4,839.02 |
| Call Pay MD | | | | 3,750.00 | *Medicare Tax | 79.63 | 1,131.72 |
| Quality Bonus | | | | 8,400.00 | 401k Roth Employee | | 19,000.00 |
| | | | | | 457B Fidelity-Def. | 567.30 | 6,807.60 |
| | | | | | Dental | 54.00 | 648.00 |
| | | | | | Health | 252.00 | 3,024.00 |
| | | | | | Supplemental Life | 42.23 | 506.76 |
| | | | | | Vision | 6.55 | 78.60 |

| 109.98 PAY RATE | 5,846.34 CURRENT EARNINGS | 1,900.49 CURRENT DED | 3,945.85 NET PAY | $2,306.08 YTD EARNINGS | 45,408.30 YTD DED | 36,897.78 YTD NET PAY |
|---|---|---|---|---|---|---|

4/1/2019                                      HRMS Self-Service



Return to Employee Menu
# BENEFITS

Current Benefits

Justin James Polga

Below is a summary of your current benefits.
If you have any questions, please contact the benefits administrator.



## Current Benefits

| Benefit | Plan | Election | Coverage | Biweekly Deduction | Employer Contribution |
|---------|------|----------|----------|--------------------|-----------------------|
| 401k | 401k | None | | $0.00 | 0% |
| 401k ROTH | 401k ROTH | 30% | | $1,583.71 | 4% |
| 457B | 457B | $567.30 | | $567.30 | $0.00 |
| Acc Death | Basic ADD $10,000 PartTime (Paid by NCH) | None | $10,000.00 | company provided | $0.04 |
| Dental | Dental 5000 Elite | Full Family | | $54.00 | $0.43 |
| Life | Basic Life 10,000 PartTime (Paid by NCH) | None | $10,000.00 | company provided | $0.17 |
| Long Term Dis | LTD (Paid by NCH) | None | $11,437.92 | company provided | $15.10 |
| Medical | Medical RTW | Full Family | | $252.00 | $502.43 |
| SuppLifeEE | Supplemental Life Employee | $500,000.00 | $500,000.00 | $42.23 | $0.00 |
| Vision | Vision | Full Family | | $6.55 | $0.00 |

## Dependents

| Name | Relationship | Birthdate | SS# show | Enrolled in |
|------|--------------|-----------|----------|-------------|
| Raniero Gimeno | Spouse | 6/30/1976 | ***-**-**** | Medical, Dental, Vision |
| Jacob Polga | Child | 10/15/2008 | ***-**-**** | Medical, Dental, Vision |

## Beneficiaries

| Name | Relationship | SS# | Designations | | |
|------|--------------|-----|--------------|---|---|
| Jacob Polga | Spouse | | Life | 100% | Contingent |
| Raniero Gimeno | Spouse | | Life | 100% | Primary |





NCH
Healthcare
System

## HEALTH STATUS ATTESTATION FORM

Please attest to your current health status, confirmed by your primary care physician, as it relates to your physical and mental ability to provide patient care, treatment, and services within the scope of privileges requested.

I attest that no health problems exist that could affect my ability to practice and/or fulfill my professional responsibilities as a member of the medical staff and/or health professional affiliate staff of NCH Healthcare System. Furthermore, I am free from chemical dependence and physically and mentally able to practice medicine and exercise the clinical privileges I have requested. I agree to report, to NCH Healthcare System, any changes in physical and mental health status, including impairment due to chemical dependency that would affect my ability to practice medicine or would require an accommodation in order to exercise the essential functions, of the privileges requested, safely and competently.

Applicant's Signature                                    Date  11/8/2016

Justin J. Polga, MD
Applicant's Printed Name

---

**To be completed by your Primary Care Physician:**

I have reviewed the clinical privileges requested for NCH Healthcare System and I have examined  Justin J. Polga, MD
and he/she does not appear to have any physical or mental health condition or any other impairment that affects, or reasonably may affect, his/her ability to perform the clinical privileges requested, and professional responsibilities as a member of the medical staff and/or health professional affiliate staff of NCH Healthcare System.

Confirming Physician's Signature                          Date  11/10/16

Joel Levin MD
Printed Name                                              ME 12348
                                                          Medical License Number

Surgery                                                   (305) 665 7017
Specialty                                                 Telephone Number

15





**NCH Downtown Hospital**
350 Seventh Street N.
Naples, FL 34102
(239) 624-5000

**NCH North Naples Hospital**
11190 Healthpark Blvd.
Naples, FL 34110
239) 552-7000

January 24, 2020

Sherryll Martens Dunaj
Simon Schindler & Sandberg LLP
2650 Biscayne Boulevard
Miami, FL 33137

RE: Justin Polga's Supplemental Life Insurance

To Whom It May Concern:

NCH offers full and part-time employees the option to purchase supplemental life insurance through Lincoln Financial Group. As a new hire, employees are eligible for up to 5 times their base annual salary limited to $150,000 guarantee issue. Any amount greater than the guarantee issue amount of $150,000 requires an Evidence of Insurability (EOI) form be completed and submitted to Lincoln Financial Group for approval.

Attached is a copy of Justin Polga's NCH Benefits Enrollment Form completed at time of hire. As stated on pages 2 and 3 of the enrollment form, EOI is required for employee supplemental life insurance amounts greater than $150,000. NCH has confirmed with Lincoln Financial Group they did not receive an EOI form from Dr. Polga. As a result, NCH has enclosed a check in the amount of $1,698.42 to refund the premium overpayment.

Lincoln Financial Group will make the final determination on life insurance based upon our policy.

Sincerely,

Lorie A Darrah
Director of Total Rewards
NCH Healthcare System

Cc: Lincoln Financial Group

EXHIBIT
7

Earnings History Detail

| | | | | | | |
|---|---|---|---|---|---|---|
| | NCH MD Inc<br>PO Box 413029<br>Naples, FL 34101-3029 | | | Check No | | **103558202** |
| | | | | Date<br>12/31/2019 | | Amount<br>1,597.52 |

Pay

### One Thousand Five Hundred Ninety Seven AND 52/100 DOLLARS

TO THE<br>ORDER<br>OF

Justin James Polga<br>7540 SW 126th Street<br>Pinecrest, FL 33156

### Check Copy – Non Negotiable

| NCH MD Inc | | PO Box 413029 | | Naples, FL 34101-3029 | | Phone: -10001 |
|---|---|---|---|---|---|---|
| Justin James Polga (26090)<br>XXX-XX-8300 | | Dpt67130<br>DEPARTMENT | | 12/22/2019-1/4/2020<br>PAY PERIOD | 12/31/2019<br>PAY DATE | 103558202<br>CHECK NO |

| EARNINGS | HRS/UNITS | CURRENT AMT | YEAR TO DATE | DEDUCTIONS | CURRENT AMT | YEAR TO DATE |
|---|---|---|---|---|---|---|
| Regular Pay Exempt | | | 133,735.68 | *Federal Tax | 76.27 | 17,885.97 |
| Designated Off Time | | | 879.84 | *FICA Tax | | 8,239.80 |
| 457 Stipend | | | 14,182.50 | *Medicare Tax | 24.63 | 2,295.06 |
| Call Pay MD | | | 3,750.00 | 401k Roth Employee | | 19,000.00 |
| Quality Bonus | | | 12,900.00 | 457B Fidelity-Def. | | 14,182.50 |
| | | | | Dental | | 1,350.00 |
| | | | | Direct Deposit Refund | | -4,286.33 |
| | | | | Health | | 6,300.00 |
| | | | | Supplemental Life | -1,698.42 | -642.67 |
| | | | | Vision | | 163.75 |

| 109.98<br>PAY RATE | CURRENT EARNINGS | -1,597.52<br>CURRENT DED | 1,597.52<br>NET PAY | 165,448.02<br>YTD EARNINGS | 64,488.08<br>YTD DED | 100,959.94<br>YTD NET PAY |
|---|---|---|---|---|---|---|