UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-24870-BLOOM/Otazo-Reyes

RANIERO GIMENO,
    Plaintiff,

v.

NCHMD, INC., and NCH
HEALTHCARE SYSTEM, INC.,
    Defendants

_____/

## PLAINTIFF'S MEMORANDUM IN RESPONSE TO MOTION TO DISMISS

After attempting to convert Plaintiff's state law action into a Federal ERISA action by their removal notice, Defendants are now seeking to dismiss the action they say is founded upon ERISA for failing to state an ERISA claim. Effectively, Defendants have 'towed the case into the federal harbor only to try to sink it once it is in port," a maneuver referred to as an "ERISA two-step." *Merryman v. Provident Life and Accident Insurance Company,* 2007 WL 776627 (M.D. Fla. 2007); *Berg v. Life Insurance Company of North America*, 2009 WL 1532723 (M.D. Fla. 2009).

As set out in Plaintiff's pending Motion to Remand [docket #20], Plaintiff filed this action in state court upon a common law negligence basis, believing that the Defendants' error in not providing an evidence of insurability form to Dr. Justin Polga when decedent Dr. Polga applied for the employee paid optional life insurance (resulting in denial of the years later life insurance benefit to decedent's spouse) was pure human resources negligence and that the optional life insurance was not necessarily an "employee benefit plan" given that it was employee paid without employer financial participation and that the error was not the insurance company's but was rather the Defendants'.

Case No. 20-CV-24870-BLOOM/Otazo-Reyes
page 2

Defendants' "alternative" description of this action insists, however, that this is solely and only an ERISA claim, and that any common law negligence claims are completely or defensively preempted under ERISA. Yet, while Defendants ask this Court to dismiss this action, Defendants do not assert that Plaintiff has no remedy or that the requested dismissal should be without leave to amend. Indeed, Defendants' motion states to the contrary at page 8 that "Plaintiff could have brought this lawsuit under ERISA §502(a)," that Plaintiff's claim in this lawsuit unequivocally seeks the type of recovery that ERISA provides for," and that "Plaintiff has standing under ERISA §502(a) as a beneficiary."

A motion to dismiss is appropriate when it appears "beyond a reasonable doubt" that the Plaintiff can prove no set of facts to support his claim. *Merryman, supra, citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *South Florida Water Mgt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Here the Defendants spell out in their motion to dismiss exactly how this Plaintiff *could* assert a claim under ERISA if this is accepted to be an ERISA matter..

Accordingly, while Plaintiff does not wish to abandon his Motion to Remand, believing that the case should be remanded upon the grounds therein stated,[1] if this is, in fact, solely and only an ERISA claim–as Defendants insist–and as may be determined to be so by this Court's denial of the Motion to Remand and acceptance of ERISA subject matter jurisdiction, then Plaintiff asks this Court to either consider the allegations contained in the verified complaint to be sufficient to withstand the motion to dismiss–as the District Court did in the *Berg* case (even though the acronym ERISA was not present but because as here the relief sought would be the same under

---

[1] "When an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims. See *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1556–57 (11th Cir.1989), cited in *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)

Case No. 20-CV-24870-BLOOM/Otazo-Reyes
page 3

ERISA)–or permit this Plaintiff to amend his complaint to meet the ERISA elements spelled out in Defendants' Motion to Dismiss[2] so that this Plaintiff is not denied any remedy.[3]

WHEREFORE, upon the foregoing (and the grounds set out in the Plaintiff's Motion to Remand), Plaintiff prays that this Court either deny the Motion to Dismiss (should this case not be remanded) or permit the Plaintiff to amend this action to state the claim under ERISA, as Defendants' motion states can be done.

Respectfully submitted,
/s/ *Sherryll Martens Dunaj*
Sherryll Martens Dunaj
Sdunaj@Miami-law.net
Florida Bar #136707
Counsel for Plaintiff
Simon Schindler & Sandberg LLP
2650 Biscayne Boulevard
Miami, FL 33137
305 576-1300

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2021, the foregoing has been served via CM/ECF upon the following: Tammie Rattray, trattray@fordharrison.com,, David Kalteux, dkalteux@fordharrison.com, and Matthew Grabell, mgrabell@fordharrison.com, of Ford Harrison LLP, 101 E. Kennedy Blvd., Tampa, FL 33602.

/s/_____
Sherryll Martens Dunaj

---

[2]This was the result in *Butero v Royal Maccabees Life Ins. Co*, 174 F.3d 1207 (11th Cir. 1999) where the plaintiffs' motion to remand was denied and the Court affirmed dismissal of the state law claims allowing the plaintiff to refile their state law claims under ERISA.

[3]Plaintiff is mindful of Local Rule 15.1's requirements and asks this Court to allow Plaintiff to await this Court's ruling upon the Motion to Remand before moving to amend should remand be denied.