UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24870-BLOOM/Otazo-Reyes

RANIERO GIMENO,

    Plaintiff,

v.

NCHMD, INC. and NCH HEALTHCARE
SYSTEM, INC.,

    Defendants.
_____/

**OMNIBUS ORDER ON PLAINTIFF'S MOTION TO REMAND
AND DEFENDANTS' MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendants NCHMD, Inc. and NCH Healthcare System, Inc.'s (together, "Defendants") Motion to Dismiss Plaintiff's Complaint, ECF No. [12] ("Motion to Dismiss") and Plaintiff Raniero Gimeno's ("Plaintiff" or "Gimeno") Motion to Remand, ECF No. [20] ("Remand Motion"). The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Remand Motion is denied, and the Motion to Dismiss is granted.

    **I.**    **BACKGROUND**

This case arises following the untimely death Plaintiff Gimeno's late husband. Defendant NCHMD is a subsidiary of Defendant NCH Healthcare that contracts with physicians through a multi-specialty physician group practice and provides its physicians for NCH Healthcare patients. Complaint ("Compl."), ECF No. [1-1] at 5-12, ¶ 3. As alleged in the Complaint, Gimeno was married to Dr. Justin Polga ("Polga"), who provided physician hospitalist services pursuant to a

contract with Defendant NCHMD until Polga's death in December, 2019. Compl. ¶¶ 2, 7-8. During the hiring process, Polga was told that he would be automatically provided with life insurance of $150,000.00, but that he could also elect various employee-paid coverages, including supplemental life insurance for a maximum coverage of $500,000.00. *Id*. ¶ 9. According to Plaintiff, missing from among the voluminous documents Defendants provided to Polga was an evidence of insurability ("EOI") form for the employee-paid supplemental life insurance. *Id*. ¶ 10. Gimeno alleges further that none of Defendants' email communications alerted Polga to any additional requirements for the supplemental life insurance, other than an election form he completed and the payroll deduction for payment of the premiums. *Id*. Rather, pursuant to guidance from Defendant NCHMD's human resources department, Polga completed an election form choosing supplemental life insurance in the amount of $500,000.00, issued as group coverage by Lincoln National Life Insurance Company ("Lincoln National"), and naming his husband, Gimeno, as primary beneficiary. *Id*. ¶¶ 11-12. Polga returned the completed forms to Defendants' employees as instructed, and at no time did Defendants inform him that he needed to complete or submit more forms. *Id*. ¶ 11. Polga paid the applicable premiums by payroll deduction for over three years until his death. *Id*. ¶ 14.

However, as Gimeno later learned following Polga's death, Polga never became a participant in the supplemental life insurance coverage plan, because Polga never completed the EOI form to be submitted to Lincoln National. *Id*. ¶ 21. According to Gimeno, the EOI form was never provided to Polga, Defendants continued the payroll deduction for the premium amount in spite of the fact that Polga did not have coverage, and Polga was never informed that he was not in fact a participant in the supplemental life insurance plan, or that Gimeno was not a beneficiary. *Id*. ¶¶ 14, 17, 21.

As a result, Gimeno asserts a claim of negligence against Defendants for failing to process Polga's application such that upon his death, Gimeno was deprived of the supplemental life insurance benefit. Gimeno seeks damages for what would have been the full amount of Polga's supplemental life insurance benefit.

Gimeno commenced this action by filing his Complaint in the Eleventh Judicial Circuit Court in Miami-Dade County on October 29, 2020. On November 25, 2020, Defendants removed the case to federal court, invoking this Court's federal question jurisdiction. *See* ECF No. [1] ("Notice"). Thereafter, Defendants filed their Motion to Dismiss, arguing that Plaintiff's lawsuit is completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461, and Plaintiff filed his Remand Motion, arguing that his state law negligence claim is not completely preempted by ERISA, and therefore, that this case should be remanded to state court. Because the issue of ERISA preemption impacts the Court's jurisdiction, the Court will analyze it first.

## II.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799) and *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-183 (1936)).

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). To establish original jurisdiction, an action must satisfy the jurisdictional prerequisites of either federal question

jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.* § 1331. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the Complaint and ignore potential defenses." *Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 5, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). An exception to this rule, however, provides that "[w]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed. This is so because when the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 207-08, 124 S. Ct. 2488, 159 L.Ed.2d 312 (2004) (internal citations, quotations and alternations omitted). "ERISA is one of those statutes." *Id.* Whether founded upon federal question or diversity, the removing party has the burden of showing that removal from state court to federal court is proper. *Mitchell v. Brown & Williamson Tobacco Corp.,* 294 F.3d 1309, 1314 (11th Cir. 2002).

**III.    DISCUSSION**

In the Remand Motion, Plaintiff argues that Defendants have failed to establish that removal is proper in this case, such that this Court may properly exercise jurisdiction. Whether removal is proper depends on whether Plaintiff's state law negligence claim is completely preempted by ERISA.

ERISA § 502(a)(1)(B) provides:

> A civil action may be brought—(1) by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce the rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). "[I]f an individual, at some point could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210; *see also Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1345 (11th Cir. 2009) (applying *Davila* as two-part test: "(1) whether the plaintiff could have brought its claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim"). The Court considers each part in turn.

### A. Whether Plaintiff could have brought his claim under § 502(a)

"This part of the test is satisfied if two requirements are met: (1) the plaintiff's claim must fall within the scope of ERISA; and (2) the plaintiff must have standing to sue under ERISA." *Conn. State Dental Ass'n*, 591 F.3d at 1351 (citations omitted).

### i. Whether Plaintiff's claim falls within the scope of ERISA

Plaintiff argues that his claim does not fall within the scope of ERISA because Defendants have not shown that the supplemental life insurance program is an "employee welfare plan" not exempt under the ERISA safe harbor provision. In determining whether ERISA applies to a particular plan, the Eleventh Circuit has noted that courts must first consider whether the plan falls within the regulatory safe harbor. *Anderson v. UNUM Provident Corp.*, 369 F.3d 1257, 1263 n.2 (11th Cir. 2004). 29 C.F.R. § 2510.3-1(j) excepts from the definition of an "employee welfare plan" certain group or group-type insurance programs offered by an insurer to employees or members of an employee organization. In order to qualify for the regulatory safe harbor, four elements must be satisfied:

(1) No contributions are made by an employer or employee organization;

(2) Participation [in] the program is completely voluntary for employees or members;

> (3) The sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer; and
>
> (4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation, excluding any profit, for administrative services actually rendered in connection with payroll deductions or dues checkoffs.

29 C.F.R. § 2510.3-1(j). Here, although Gimeno contends that Defendants fail to show that the safe harbor does not apply, he has not elaborated further, other than dismissing "the pile of documentation" attached by Defendants to the Notice and contending in conclusory fashion that it is without dispute that the safe harbor applies. "[T]he onus is upon the parties to formulate arguments[.]" *Resol. Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995). As such, the Court will not develop Plaintiff's argument further for him.

In any event, a review of the "pile of documentation" attached to the Notice demonstrates that the safe harbor is inapplicable in this case because the supplemental life insurance benefit is part of the same group policy issued by Lincoln National as the basic life insurance and accidental death and dismemberment ("AD&D") benefit. *See* ECF No. [1-5] at 3-4. A supplemental coverage feature of an ERISA plan cannot be severed from the plan in order to defeat ERISA coverage, even if the employee pays the applicable premium. *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1345 (11th Cir. 1994); *see also Smith v. Jefferson Pilot Life Ins. Co.*, 14 F.3d 562, 568 (11th Cir. 1994), *cert. denied*, 513 U.S. 808 (1994) (a dependent coverage feature cannot be severed from a plan and excluded from ERISA under the regulatory safe harbor). Thus, if the group insurance plan is governed by ERISA, then the supplemental life insurance benefit is necessarily governed by ERISA as well. *See id.* ("The Elect life feature is part and parcel of the whole group insurance plan and thus ERISA governs it."); *see also Smith*, 14 F.3d at 568 ("We see no indication at all

6

that the regulation was intended to exempt from ERISA coverage the commonplace situation where dependent coverage is paid for by plan participants.").

Gimeno does not assert that the group insurance plan as a whole is not governed by ERISA, but argues only that the optional supplemental portion of the life insurance benefit does not qualify. However, as previously noted, specific coverages cannot be severed and excluded under the ERISA regulatory safe harbor, a point raised by Defendants and which Plaintiff does not address in his Reply. Plaintiff's reliance upon *Edwards v. Prudential Insurance Company of America*, 213 F. Supp. 2d 1376 (S.D. Fla. 2002) and *Riggs v. Smith*, 953 F. Supp. 389 (S.D. Fla. 1997) is misplaced, as neither case involved specific coverages provided as a part of the plans involved, nor did they discuss the application of *Glass*.

An "employee welfare benefit plan" under ERISA, is "any (1) plan, fund or program, (2) established or maintained (3) by an employer (4) to provide beneficiaries (5) death benefits through an insurance policy." *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1214 (11th Cir. 1999) (citing 29 U.S.C. § 1002(1) and *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982)) (quotations omitted). These elements are not in dispute with respect to Defendants' plan as a whole, and the materials attached to the Notice demonstrate that these elements are met. Plaintiff does not dispute the authenticity of the additional documents attached to the Notice. "[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

As reflected in the Employee Health and Wellness Guide attached to the Notice, ECF No. [1-6], Defendants offer a range of benefits to eligible employees, including, but not limited to, medical, dental, vision, short term and long term disability, life insurance, and accidental death

and dismemberment ("AD&D"). In addition, as reflected in the Lincoln National group policy documents, the policy provides group life, dependent life, AD&D, and dependent AD&D insurance benefits and is intended to be a plan governed by ERISA. *See* ECF No. [1-5] at 35.

As a result, the regulatory safe harbor does not apply, and Plaintiff's claim properly falls within the scope of ERISA.

### ii. Whether Plaintiff has standing to sue under ERISA

ERISA § 502(a)(1)(B) states that a claim may be brought by a "participant or beneficiary." 29 U.S.C. § 1132. A participant is "any employee . . . of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . or whose beneficiaries may be eligible to receive any such benefit." 29 U.S.C. § 1002(7). A beneficiary is "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(8). Gimeno argues that he is not a beneficiary because Polga was not enrolled by Defendants in the supplemental life insurance program and as a result, was not a participant of the plan. He therefore contends that he is suing Defendants directly for their negligence, and not under any plan. Gimeno affirmatively alleges that "Polga never became a participant in the employee paid optional Supplemental life insurance plan offered to employees of Defendant NCHMD and Plaintiff never became a beneficiary of the Supplemental life insurance because of Defendants' negligence." Compl. ¶ 1. Plaintiff explains further that "[t]his action is for damages arising from the negligence of Defendants and does not relate to any employee benefit plan or affect the rights of any participants in the Supplemental life insurance plan or the administration of that plan. *Id.* ¶ 24.

A thorough review of Plaintiff's Complaint, however, shows that although Plaintiff's claim is pleaded as a state law claim for negligence, it is in fact a federal claim. "Complete preemption

8

under ERISA derives from ERISA's civil enforcement provision, § 502(a), which has such 'extraordinary' preemptive power that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Conn. State Dental Ass'n*, 591 F.3d at 1344 (quoting *Metro. Life Ins. co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "Section 1132(a)(1)(B) permits a civil action by a participant or beneficiary 'to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .' If a state court plaintiff's state law claim seeks this relief, then the plaintiff is deemed to have brought a federal claim, the state law claims are thus converted to a federal claim under § 1132, and the case is removable via federal question jurisdiction." *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1014 (11th Cir. 2003).

First, Plaintiff focuses his claim on specific coverage offered as a part of a larger group insurance plan. But as the Court previously noted, the supplemental life insurance benefit cannot be properly considered in isolation. Notably, Plaintiff has not argued that he was not a beneficiary of the group insurance plan as a whole. Rather, Plaintiff contends that he did not receive the full amount of the supplemental life insurance benefit to which he believed to be entitled. Moreover, Plaintiff has not disputed Defendants' assertion that he made a claim under the Lincoln Life policy following Polga's death, and indeed received a payment pursuant to the optional supplemental life insurance benefit in the amount $150,000.00. *See* ECF No. [1-7]. As such, Plaintiff's argument that Polga never became a participant, nor Plaintiff a beneficiary, lacks merit, and his reliance on *Bertoni v. Stock Building Supply, Inc.*, No. 04-80325-CIV, 2005 WL 6353963, at *3 (S.D. Fla. Nov. 2, 2005), is therefore misplaced. Although the court in *Bertoni* determined that the plaintiff was not a beneficiary where the claim involved supplemental life insurance coverage, the plaintiff received no benefits at all as a result of the fact that the decedent never became a participant in the

supplemental life insurance policy. 2005 WL 6353963, at *3.[1] Here, Gimeno has not disputed that he received the basic life insurance benefit, in addition to the guaranteed amount of $150,000.00 from the supplemental life insurance benefit.

Second, Plaintiff has attached several documents to his Complaint that conflict with his allegations. "[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Despite his allegations to the contrary, Polga was a "participant" and Gimeno was a "beneficiary" under the group insurance plan. The enrollment form attached to the Complaint reflects that Polga was a participant in the plan as a whole and that Gimeno was designated as his beneficiary. *See* ECF No. [1-1] at 31. In addition, Plaintiff provides a "Current Benefits" printout for Polga confirming that he was in fact enrolled and contributing through payroll deductions to a number of benefits, including the supplemental life insurance benefit, which is a part of the Lincoln Life group insurance policy. *See* ECF No. [1-1] at 60.[2]

Indeed, "all one needs for standing under ERISA is a colorable claim for benefits, and the possibility of direct payment is enough to establish subject matter jurisdiction." *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 598 (11th Cir. 2019) (quoting *Conn. State Dental*, 591 F.3d at 1353 (citation and quotations omitted)). Here, the basis of Plaintiff's claim is that he did not receive the full amount of the supplemental life insurance benefit ($500,000.00) to which he

---

[1] The Court notes in addition that the *Bertoni* court did not discuss the application of *Glass*.

[2] Plaintiff appears to suggest that because the supplemental life benefit is listed separately on the "Current Benefits" printout, the benefit may be considered separately from the other coverages provided in the Lincoln Life group insurance policy. This suggestion is contrary to case law, but also inconsistent with the Lincoln Life group insurance policy terms. *See* ECF No. [1-5] at 3-4 (setting out basic life and optional life insurance benefits provided).

10

believes he is entitled because Polga duly paid the premiums for that coverage amount through payroll deductions while employed by Defendant NCHMD.[3]

As a result, despite Plaintiff's conclusory allegations to the contrary, he has standing to sue under ERISA.

### B.  Whether no other legal duty supports Plaintiff's claim

The second *Davila* inquiry is whether Plaintiff's claims are founded upon a legal duty that is independent of ERISA. Plaintiff argues that he does not seek a determination or enforcement of any plan benefits, and therefore appears to contend that another legal duty—"to fully inform [ ] employees of all rights and benefits upon becoming employed and to ensure that all application forms were completed and correctly submitted thereafter"—applies to support his negligence claim.

The Court's "analysis above answers this question." *Conn. State Dental Ass'n*, 591 F.3d at 1353. Indeed, contrary to Plaintiff's assertions that he is not seeking a determination or enforcement of any plan benefits, the relief Plaintiff seeks is precisely an award of the full amount of benefits to which he is entitled under the supplemental insurance benefit provided by the plan at issue in this case. *See* ECF No. [1-1] at 12. If his state law claim "is actually (1) a claim for recovery of benefits due under the terms of the plan, (2) a claim seeking to enforce his rights under the terms of the plan, or (3) a claim for clarification of future benefits under the terms of the plan; it is construed as a federal civil action under § 1132(a), is completely preempted, and confers federal question jurisdiction." *Ervast*, 346 F.3d at 1014; *see also Garcon*, 779 F. App'x at 598 (stating that where claims "are predicated on the benefits he alleges he is owed under the terms of the plan," those claims are completely preempted by ERISA (citing *Davila* 542 U.S. at 214)).

---

[3] Indeed, the relief Plaintiff seeks is "the full amount of what should have been the Supplemental life insurance benefit, plus interest[.]" ECF No. [1-1] at 12.

Properly viewed, Plaintiff is attempting to recover benefits he believes to be due to him under the terms of the plan.

Moreover, ERISA permits recovery against "[a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter." 29 U.S.C. § 1109(a). "Fiduciary duties imposed by ERISA include proper management, administration, and investment of fund assets, the maintenance of proper records, the disclosure of specified information, and the avoidance of conflicts of interest." *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) (citation and quotations omitted). Where "a party's claims implicate legal duties dependent on the interpretation of an ERISA plan, the claims are completely preempted." *Id.* at 1289 (quoting *Borrero v. United Healthcare of N.Y., Inc.*, 610 F.3d 1296, 1304-05 (11th Cir. 2010)) (quotations omitted). Here, although Plaintiff argues that no interpretation of an ERISA plan is necessary with respect to his negligence claim, Defendants' alleged duties arise from the relationship established by the Lincoln Life group insurance policy and Defendants' duties under ERISA.

As a result, the second prong of the *Davila* test is satisfied, and Plaintiff's claim is completely preempted.

### C. Motion to Dismiss

There are two types of ERISA preemption: superpreemption or complete preemption, and defensive preemption, which originates from ERISA's express preemption provision. *Butero*, 174 F.3d at 1211-12; 29 U.S.C. § 1144(a). "Defensive preemption defeats claims that seek relief under state-law causes of action that 'relate to' an ERISA plan." *Id.* at 1215. "If the plaintiff's claims are superpreempted, then they are also defensively preempted." *Id.*

Case No. 20-cv-24870-BLOOM/Otazo-Reyes

Defendants seek dismissal of the Complaint, arguing that because Plaintiff seeks payment of benefits from an employee benefit plan, it is not only completely preempted by ERISA, but is also subject to defensive preemption requiring dismissal. The Court agrees. In response, Plaintiff argues that if the Court determines that his claim is completely preempted by ERISA, the Court should either find the allegations in the Complaint sufficient to state a claim under ERISA or permit him leave to amend to allege a claim under ERISA. Defendants do not object to Plaintiff's request for leave to amend.

As a result, Plaintiff's Complaint will be dismissed, but Plaintiff is permitted leave to amend to assert an ERISA claim. *See id.* (finding that dismissal of superpreempted and defensively preempted claims with leave to amend was proper).

## IV.   CONCLUSION

Accordingly, Plaintiff's Remand Motion, **ECF No. [20]**, is **DENIED**, and Defendant's Motion to Dismiss, **ECF No. [12]**, is **GRANTED**. The Complaint is **DISMISSED**, and Plaintiff may file an amended complaint, **on or before February 26, 2021**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 17, 2021.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record