UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24870-BLOOM/Otazo-Reyes

RANIERO GIMENO,

      Plaintiff,

v.

NCHMD, INC. and NCH HEALTHCARE
SYSTEM, INC.,

      Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**THIS CAUSE** is before the Court upon Defendants NCHMD, Inc.'s and NCH Healthcare System Inc.'s (together, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint, ECF Nos. [34], [35] (together, the "Motion"), filed on March 10, 2021. Plaintiff Raniero Gimeno ("Plaintiff" or "Gimeno") filed a response, ECF No. [36] ("Response"), to which Defendants filed a reply, ECF No. [39] ("Reply"). The Court has carefully considered the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is granted.

### I.    BACKGROUND

The Court previously dismissed Plaintiff's Complaint, ECF No. [1-1] at 5-12, finding that his negligence claim based upon Defendants' alleged breach of duty is completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461. *See* ECF No. [31] ("Order"). Following the Court's Order, Plaintiff filed an Amended Complaint, ECF No. [32], asserting a claim under ERISA.

The underlying facts of this case remain unchanged. Plaintiff was married to Justin Polga, a medical doctor and employee of Defendant NCHMD, Inc. ECF No. [32] ¶¶ 3-4 Defendant NCH Healthcare is the sponsor and plan administrator of the Group Life, Dependent Life, Accidental Death and Dismemberment ("AD&D"), Dependent AD&D Insurance for Employees Plan of NCH Healthcare System ("Plan"). *Id*. ¶ 5. Polga provided physician hospitalist services pursuant to a contract with NCHMD, Inc. until his death in December, 2019. *Id*. ¶ 9.

During his initial hiring process, Polga was told that he would automatically be provided with employer paid life insurance of $150,000.00, but that under the Plan, he could also elect various optional employee paid coverages, including supplemental life insurance coverage with a maximum of $500,000.00. *Id*. ¶ 10. Polga was provided a voluminous package of onboarding pre-employment forms and a benefits package, including benefits enrollment forms and documents. *Id*. ¶ 11. However, the documents did not include an evidence of insurability ("EOI") form, which was required for supplemental life insurance, and none of Defendants' communications with Polga informed him of any additional requirements with respect to enrolling in supplement life insurance. *Id*.

Polga completed the supplemental life insurance enrollment form, choosing $500,000.00 of coverage. *Id*. ¶ 12. Polga was never advised by Defendants that he needed to complete the EOI. *Id*. ¶ 13. Nevertheless, Polga was charged a payroll deduction corresponding to the premium for $500,000.00 in supplemental life insurance coverage. *Id*. ¶ 14. Polga named his husband, Plaintiff, as the primary beneficiary of his supplemental life insurance benefits. *Id*. ¶ 16. Polga paid the applicable payroll deduction for three years. *Id*. ¶ 20. According to Plaintiff, Defendants had a duty to properly and accurately administer the Plan and to ensure that all application forms were completed and correctly submitted. *Id*. ¶ 23.

Following Polga's death, Plaintiff submitted a claim for $500,000.00 in supplemental life insurance proceeds, but the claim was denied. The insurer, Lincoln National Life Insurance Company ("Lincoln National"), paid only the basic $150,000.00 coverage amount and instructed Defendants to return the applicable premiums paid by Polga. *Id*. ¶ 25. Plaintiff's administrative appeal was thereafter denied. *Id*. Plaintiff alleges that because of Defendants' breach of duty in processing Polga's supplemental life insurance application, Plaintiff never became a beneficiary of the supplemental life insurance coverage. *Id*. ¶ 27. As a result, Plaintiff seeks relief pursuant to 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)) for the supplemental life insurance benefit under the Plan to which he was entitled and would have received but for Defendants' breach of duty. *Id*. ¶ 29.

In the Motion, Defendants seek dismissal of the Amended Complaint for failure to state a claim.

## II.    LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (*quoting Twombly*, 550 U.S. at 557, 127 S. Ct. 1955 (alteration in original)). "Factual allegations must be

enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. These elements are required to survive a motion brought under Rule 12(b)(6), which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955; *see Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Through this lens, the Court considers the Motion.

## III.   DISCUSSION

Defendants argue that Plaintiff's claim against them should be dismissed because they are not proper party defendants for Plaintiff's ERISA § 502(a)(1)(B) claim. Moreover, to the extent that Plaintiff is alleging a breach of fiduciary duty in violation of ERISA § 502(a)(3), Defendants

contend that such a claim is duplicative of his § 502(a)(1)(B) claim, and the relief he seeks is unavailable under § 502(a)(3). Defendants argue that any further amendments would be futile.

In response, Plaintiff acknowledges that the Amended Complaint erroneously relies upon ERISA § 502(a)(1)(B), and requests that the Court permit him to file another amended pleading to base his claim upon ERISA § 502(a)(3), which is applicable to Defendants' alleged breaches of fiduciary duties as plan administrator and employer, and provides for equitable remedies.[1] Plaintiff further clarifies that he does not seek to recover benefits due to him under the Plan pursuant to ERISA § 502(a)(1)(B), but rather seeks "other appropriate equitable relief" to redress breaches of fiduciary duties by Defendants of the Plan which they administer. Thus, because Plaintiff acknowledges that the Amended Complaint should be dismissed because it relies upon the wrong section of ERISA, the Court must determine whether relief is available under the section of ERISA upon which Plaintiff intends to rely (§ 502(a)(3)) in his proposed Second Amended Complaint.

At the outset, the Court notes that it is improper to clarify or amend claims in response to a motion to dismiss. The Eleventh Circuit has "repeatedly [ ] held that plaintiffs cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x. 657, 665 (11th Cir. 2015) (citing *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Tsavaris v. Pfizer, Inc.*, No. 1:15-cv-21826-KMM, 2016 WL 375008, at *3 (S.D. Fla. Feb. 1, 2016) ("A plaintiff, though, cannot amend the complaint in a response to a motion to dismiss, for a court's review on dismissal is limited to the four corners of the complaint.") (citing *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). In addition, Plaintiff's request is procedurally improper. The Eleventh Circuit has found that district courts do not abuse their

---

[1] ERISA provides that "[a] civil action may be brought by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violation or (ii) to enforce any provision of this subchapter[.]" 29 U.S.C. § 1132(a)(3).

discretion in denying leave to amend where the request appears in an opposition to a motion to dismiss. *See Cita Trust Co. AG v. Fifth Third Bank*, 879 F.3d 1151, 1157 (11th Cir. 2018) (district court "soundly rejected the [plaintiff's] infirm request" for leave to amend because "[w]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly") (quoting *Rosenberg v. Gould*, 554 F.3d 962, 967 (11th Cir. 2009)); *see also Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999) (holding that a plaintiff's failure to request leave to amend anywhere outside of her opposition to the motion to dismiss "preclude[d] the plaintiff's argument on appeal that the district court abused its discretion by denying her leave to amend her complaint"). Nevertheless, the Court considers whether leave to amend should be granted.

### A. Proposed Second Amended Complaint

The underlying facts alleged in Plaintiff's proposed Second Amended Complaint, ECF No. [36] at 8-20, remain unchanged from those alleged in the Amended Complaint. Rather, Plaintiff clarifies that he is seeking "appropriate equitable relief under 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)(B) including make-whole relief and surcharge equal to the benefit denied due to Defendants' breaches of fiduciary duty." ECF No. [36] at 19 ¶ 30. Plaintiff continues to acknowledge that Lincoln National paid the basic $150,000.00 life insurance coverage but denied him the full $500,000.00 supplemental life insurance benefit. That denial was based on Polga's failure to submit EOI and instructed Defendants to return the premiums paid by Polga. *Id*. at 17 ¶ 25. As such, Plaintiff continues to seek the difference between the amount he received ($150,000.00) and the amount to which he would have been entitled had Polga completed and submitted EOI ($500,000.00).

"A district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999); *see Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) (same); *St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822-23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *Christman v. Walsh*, 416 F. App'x 841, 844 (11th Cir. 2011) ("A district court may deny leave to amend a complaint if it concludes that the proposed amendment would be futile, meaning that the amended complaint would not survive a motion to dismiss."); *Aguilar v. United Floor Crew, Inc.*, No. 14-cv-61605, 2014 WL 6751663, at *2 (S.D. Fla. Dec. 1, 2014) (same).

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962).

In support of the argument that the relief Plaintiff seeks is not available under § 502(a)(3), Defendants rely on *Pichoff v. QHG of Springdale, Inc.*, 556 F.3d 728 (8th Cir. 2009). In *Pichoff*, the decedent's widow and special administrator of his estate sued his former employer and its

parent company for breach of fiduciary duty under ERISA. 556 F.3d at 730. Before his death, the

decedent had elected life insurance coverage in the amount of $1,050,000.00. However, before his

death, decedent learned that the policy had lapsed because no request to extend the coverage had

been made, and he therefore maintained only $15,000.00 in coverage. *Id*. at 730-31. Similare to

the facts here, the decedent had received no additional information about his rights or obligations

under the Plan from his employer. *Id*. at 730. The insurance companies denied decedent's

subsequent requests to reinstate his benefits. After his death, his widow sued his former employer

to recover the amount of life insurance to which decedent would have been entitled but for the

lapse in the policy. *Id*. at 731.

The only issue on appeal before the United States Court of Appeals for the Eighth Circuit

was whether the relief sought was "other appropriate relief" under ERISA. *Id*. The United States

Supreme Court has "interpreted the term 'appropriate equitable relief' in § 502(a)(3) as referring

to those categories of relief that, traditionally speaking (*i.e.*, prior to the merger of law and equity),

were *typically* available in equity." *CIGNA Corp. v. Amara*, 563 U.S. 421, 439 (2011) (citation

and quotations omitted; emphasis original). In further clarifying this definition, such relief "is

limited to various forms of equitable relief including injunctive restitutionary, or mandamus relief,

but does not extend to compensatory or 'make whole' damages." *Seales v. Amoco Corp*., 82 F.

Supp. 2d 1312, 1324 (M.D. Ala. 2000), *aff'd* 245 F.3d 795 (11th Cir. 2000) (citing *Mertens v.

Hewitt Assocs*., 508 U.S. 248, 256-68 (1993)).

In *Pichoff*, the Eighth Circuit found that the relief sought was not "other appropriate

equitable relief," because decedent's estate was seeking compensation for the benefits that would

have been paid to decedent had the policy not lapsed. 556 F.3d at 732. The facts in this case as

alleged in the proposed Second Amended Complaint are similar. Here, Plaintiff contends that his

employer and its parent company breached their fiduciary duties by failing to properly inform him and ensure that he adequately completed the application for supplemental life insurance coverage. As a result, Plaintiff seeks the remainder of the benefits he contends he should have received (or the difference between the basic benefit and supplemental benefit) had Polga completed and submitted EOI. However, as in *Pichoff*, such relief is compensatory and therefore not available under ERISA § 502(a)(3), which refers to "other appropriate *equitable* relief." 29 U.S.C. § 1132(a)(3) (emphasis added); *see also Admin. Comm for Wal-Mart Stores, Inc. Assocs.' Health & Wefare Plan v. Horton*, 513 F.3d 1223, 1225 (11th Cir. 2008) ("The *Mertens* Court rejected a broad interpretation of the phrase, instead reading 'equitable relief' to include only 'those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." (emphasis in original; citation omitted)).

Plaintiff's reliance on *Gordon v. CIGNA Corp.*, 890 F.3d 463 (4th Cir. 2018) in urging for a different outcome in this case is misplaced. In *Gordon*, the United States Court of Appeals for the Fourth Circuit acknowledged that the beneficiary's failure to submit the required evidence to verify insurability was a mistake by the employer and that perhaps a claim would lie against the employer. However, a critical distinction is that the court did not otherwise determine that the relief sought by the beneficiary for breach of fiduciary duty against the employer was proper. 890 F.3d at 469, 473. Rather, the employer in *Gordon* settled with the plaintiff. *Id.* at 469.

The Court has not found authority in this district or from the Eleventh Circuit, nor has Plaintiff pointed to any, to support its contention that the relief sought against the Defendant is anything other than compensatory and, therefore, proper under ERISA § 502(a)(3). As a result, the Court finds that any further amendment in this case would be futile.

IV.     **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [35]**, is **GRANTED**, and Plaintiff's request for leave to amend is **DENIED**. This Amended Complaint, ECF No. [32], is **DISMISSED WITHOUT PREJUDICE**, and the Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 27, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record