# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 27, 2022

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY ___AP___ D.C.

Jul 27, 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 21-11833-BB
Case Style: Raniero Gimeno v. NCHMD, INC., et al
District Court Docket No: 1:20-cv-24870-BB

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to:  Lois Tunstall
Phone #:  (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-11833

_____

RANIERO GIMENO,

                                                      Plaintiff-Appellant,

*versus*

NCHMD, INC.,
NCH HEALTHCARE SYSTEM, INC.,

                                                      Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24870-BB

_____

JUDGMENT

ISSUED AS MANDATE:  07/27/2022

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 3 of 17
USCA11 Case: 21-11833   Date Filed: 07/27/2022   Page: 2 of 2

2                                                                21-11833

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 28, 2022

For the Court: DAVID J. SMITH, Clerk of Court

[PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 21-11833

_____

RANIERO GIMENO,

                                                 Plaintiff-Appellant,

*versus*

NCHMD, INC.,
NCH HEALTHCARE SYSTEM, INC.,

                                                 Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24870-BB

_____

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 5 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 2 of 12

2                      Opinion of the Court                   21-11833

Before WILLIAM PRYOR, Chief Judge, ROSENBAUM, and BRASHER, Circuit Judges.

BRASHER, Circuit Judge:

This appeal presents a question of first impression about the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Section 1132(a)(3) of ERISA authorizes a beneficiary of an ERISA plan to sue for "appropriate equitable relief" to redress violations of the plan or statute. 29 U.S.C. § 1132(a)(3). The question for us is: Does Section 1132(a)(3) create a cause of action for an ERISA beneficiary to recover monetary benefits lost due to a fiduciary's breach of fiduciary duty in the plan enrollment process?

Our answer is "yes." Under our precedents, a court may order typical forms of equitable relief under Section 1132(a)(3). As the Supreme Court and many of our sister circuits have recognized, courts in equity could traditionally order "equitable surcharge"—that a fiduciary pay a beneficiary for losses caused by the fiduciary's breach of a fiduciary duty. Accordingly, we hold that a beneficiary of an ERISA plan can bring a lawsuit under Section 1132(a)(3) against a fiduciary to recover benefits that were lost due to the fiduciary's breach of its duties. Because the district court held that such a claim would be futile and because there is no other basis to affirm, we reverse the district court.

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 6 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 3 of 12

21-11833               Opinion of the Court                3

## I. Background

Raniero Gimeno's spouse, Justin Polga, was a medical doctor employed by NCHMD, Inc., which is a subsidiary of NCH Healthcare System, Inc. As part of the initial hiring process, NCHMD's human resources staff helped Polga complete enrollment paperwork for life insurance benefits through an ERISA plan. Gimeno was the primary beneficiary under the plan, and NCH Healthcare was the named plan administrator.

Polga elected to pay for $350,000 in supplemental life insurance coverage on top of $150,000 in employer-paid coverage. To receive supplemental coverage, Polga needed to submit an evidence of insurability form. But Polga did not receive the form with his enrollment paperwork, and the human resources staff did not notify him that the form was necessary or missing. As a result, Polga never submitted the form to the insurance company. Nonetheless, for three years, NCHMD deducted premiums corresponding to $500,000 in life insurance coverage from Polga's paychecks. It also provided him with a benefits summary stating that he had $500,000 in coverage.

Polga died, and Gimeno filed a claim for benefits with the plan's insurance company. The insurance company partially denied the claim. It refused to pay any supplemental benefits because it had never received the form.

Gimeno sued NCHMD and NCH Healthcare, asserting a claim under ERISA, 29 U.S.C. § 1132(a)(1)(B), which empowers a

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 7 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 4 of 12

4                      Opinion of the Court                  21-11833

beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan." Gimeno argued that, by failing to notify Polga of the need for the form and misleading him about the nature of his coverage, the defendants breached their fiduciary duties to administer the plan fairly and properly, to inform Polga of his rights and benefits, and to ensure that all application forms were correctly completed and submitted. He sought an order requiring that NCHMD and NCH Healthcare pay him the plan benefits that he would have received but for their alleged breach—the unpaid $350,000.

NCHMD and NCH Healthcare moved to dismiss for failure to state a claim. They argued that they were improper defendants for the Section 1132(a)(1)(B) claim because, unlike the insurer, they had no obligation to award the benefits at issue. In response, Gimeno conceded that Section 1132(a)(1)(B) provided no remedy. But he argued that he had a cause of action under 29 U.S.C. § 1132(a)(3) for "appropriate equitable relief." He asked the district court to allow him to amend his complaint to "assert his claims under [Section 1132(a)(3)] and delete reference to [Section 1132(a)(1)(B)]."

The district court granted the motion to dismiss and denied Gimeno leave to amend. It concluded that amending the complaint would be futile because compensatory relief, such as an award of lost insurance benefits, is not equitable and is thus unavailable under Section 1132(a)(3). Gimeno appealed.

Case 1:20-cv-24870-BB Document 49 Entered on FLSD Docket 08/01/2022 Page 8 of 17
USCA11 Case: 21-11833 Date Filed: 06/28/2022 Page: 5 of 12

21-11833 Opinion of the Court 5

## II. Standard of Review

"We review *de novo* the dismissal of a complaint for failure to state a claim." *Rosenberg v. Gould*, 554 F.3d 962, 965 (11th Cir. 2009). We also "review *de novo* an order denying leave to amend on the grounds of futility, because it is a conclusion of law that an amended complaint would necessarily fail." *Boyd v. Warden, Holman Corr. Facility*, 856 F.3d 853, 864 (11th Cir. 2017).

## III. Discussion

Gimeno argues the district court erred in concluding that his proposed amendment would be futile because Section 1132(a)(3) allows the relief he seeks. The defendants dispute that argument, and they also contend that the district court's order should be affirmed because Gimeno improperly raised alternative claims under Section 1132(a)(1)(B) and Section 1132(a)(3). We address each of these issues in turn.

### A.

Gimeno first argues that Section 1132(a)(3) permits him to file a cause of action to recover money equal to the insurance benefits lost due to the defendants' alleged breach of fiduciary duty. We agree.

Section 1132(a)(3) authorizes a beneficiary of an employment benefit plan to sue for "appropriate equitable relief" for violations of the statute or the terms of the plan. 29 U.S.C. § 1132(a)(3). "Equitable relief" refers to "those categories of relief that

Case 1:20-cv-24870-BB Document 49 Entered on FLSD Docket 08/01/2022 Page 9 of 17
USCA11 Case: 21-11833 Date Filed: 06/28/2022 Page: 6 of 12

6                          Opinion of the Court                    21-11833

were *typically* available in equity" before the fusion of courts of equity and courts of law. *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256 (1993). Compensatory damages were not typically available in equity. *Id.* at 255–59. Accordingly, the Supreme Court has held that Section 1132(a)(3) does not usually permit a plaintiff to recover money damages. *Id.*; *see also Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002); *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362–63 (2006).

That said, certain kinds of monetary relief were typically available in equity, and this history must inform our interpretation of ERISA. *See LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248, 253 n.4 (2008). Courts in equity could order restitution of "particular funds or property in the defendant's possession." *Knudson*, 534 U.S. at 214. They could also impose equitable surcharge—an order that a trustee compensate a trust beneficiary for a loss due to a breach of fiduciary duty. *See* Samuel L. Bray, *Fiduciary Remedies*, in The Oxford Handbook of Fiduciary Law 449, 456–58 (Evan J. Criddle et al. eds., 2019); Restatement (Third) of Trusts § 95 cmt. b. "The trustee's personal liability to make compensation for the loss occasioned by a breach of trust is a simple contract equitable debt" and "may be enforced by a suit in equity against the trustee himself." 4 John N. Pomeroy, *Equity Jurisprudence* § 1080, p. 229 (5th ed. 1941). This remedy—as between a trust beneficiary and a trust fiduciary—is "equitable in character and enforceable against [a] trustee[] in a court exercising equity powers." Restatement (Third) of Trusts § 95 (Am. L. Inst. 2012).

Case 1:20-cv-24870-BB Document 49 Entered on FLSD Docket 08/01/2022 Page 10 of 17
USCA11 Case: 21-11833 Date Filed: 06/28/2022 Page: 7 of 12

21-11833　　　　　　　Opinion of the Court　　　　　　　7

Because equitable surcharge is a typical equitable remedy as between beneficiaries and fiduciaries, the Supreme Court has recognized that Section 1132(a)(3) allows an ERISA beneficiary to sue an ERISA fiduciary for this kind of relief. *See CIGNA Corp. v. Amara*, 563 U.S. 421, 441–42 (2011). In *Amara*, a district court had ordered a plan administrator to pay higher benefits to beneficiaries because it had given them an incomplete and misleading notice of a change to their pension plan. *Id.* at 426–34. The Supreme Court vacated that decision, concluding that the remedy was not available under Section 1132(a)(1)(B). *Id.* at 435–438, 445. But, to guide the lower courts on remand, it explained that the district court's remedy closely resembled equitable surcharge and thus fell within the scope of the term "appropriate equitable relief" in Section 1132(a)(3). *Id.* at 440–42. The Court reasoned that surcharge historically took "the form of monetary 'compensation' for a loss resulting from a trustee's breach of duty." *Id.* at 441–42. And it explained that the defendant's status as a fiduciary made a "critical difference" in differentiating a surcharge from the kind of compensatory damages that were not typically available in courts of equity. *Id.* at 442.

Since *Amara*, every circuit court to address the issue has recognized that Section 1132(a)(3) creates a cause of action for monetary relief for breaches of fiduciary duty. *See Sullivan-Mestecky v. Verizon Commc'ns Inc.*, 961 F.3d 91, 102–03 (2d Cir. 2020); *Moyle v. Liberty Mut. Ret. Benefit Plan*, 823 F.3d 948, 960 (9th Cir. 2016); *Silva v. Metro. Life Ins. Co.*, 762 F.3d 711, 720–22, 724–25 (8th Cir. 2014); *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 450–52 (5th Cir.

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 11 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 8 of 12

8                Opinion of the Court                21-11833

2013); *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 880–82 (7th Cir. 2013); *McCravy v. Metro. Life Ins. Co.*, 690 F.3d 176, 180–83 (4th Cir. 2012). We reach the same conclusion here. To be sure, the Supreme Court's discussion of equitable surcharge in *Amara* is likely dicta. But unlike our own dicta, the "thoroughly reasoned" dicta of the Supreme Court "is of considerable persuasive value" and "is not something to be lightly cast aside." *Schwab v. Crosby*, 451 F.3d 1308, 1325–26 (11th Cir. 2006) (quotation marks omitted). Moreover, the Supreme Court's discussion in *Amara* is correct: equitable surcharge is a typical equitable remedy that may be imposed on a fiduciary for a breach of fiduciary duty.

In light of *Amara* and the established law of equitable surcharge, we are unpersuaded by the defendants' arguments that Section 1132(a)(3) provides no comparable remedy here. They cite the Supreme Court's decisions in *Knudson* and *Mertens* to assert that the recovery of money is not an equitable remedy. But neither decision concerned claims against a fiduciary. *E.g., Mertens*, 508 U.S. at 251 (stating the question as "whether ERISA authorizes suits for money damages against nonfiduciaries"). And the Supreme Court in *Amara* explained that a defendant's status as a fiduciary makes a "critical difference" in the availability of monetary equitable relief. 563 U.S. at 442.

For his part, Gimeno has adequately alleged that both NCHMD and NCH Healthcare are fiduciaries. An entity is a fiduciary under ERISA if it "exercises any discretionary authority or discretionary control respecting management" or "administration" of

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 12 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 9 of 12

21-11833                Opinion of the Court                9

the plan. 29 U.S.C. § 1002(21)(A). Proof of fiduciary status "may come from the plan document, but can also come from the factual circumstances surrounding the administration of the plan, even if these factual circumstances contradict the designation in the plan document." *Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001). For example, in *Hamilton*, an employer fulfilled a fiduciary function as plan administrator by requiring employees to go through its human resources department to apply for insurance benefits, holding itself out as providing administrative services related to the plan, distributing claim forms, and fielding questions about the plan. *Id.*

NCHMD disputes that it is a fiduciary. It points out that only NCH Healthcare was named as the plan administrator in plan documents. But Gimeno alleges that NCHMD's human resources staff provided Polga with plan enrollment paperwork, guided him through completing it, and notified him when important components—such as proof of dependent eligibility—were missing. It also provided him with a benefits summary stating that he had $500,000 in life insurance coverage, and it deducted corresponding premiums from his paycheck. These functions are analogous to the employer's actions in *Hamilton*, which we found sufficient to render the employer a fiduciary under ERISA. *See* 244 F.3d at 824, 826.

In short, the district court erred in concluding that it was futile for Gimeno to amend the complaint to include a claim under Section 1132(a)(3). Gimeno asserts that the defendants breached their fiduciary duties by failing to adequately notify his spouse

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 13 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 10 of 12

10                    Opinion of the Court                  21-11833

about the form and providing misinformation about his benefits. *See* 29 U.S.C. § 1104(a)(1)(B) (enumerating fiduciary duties of care, skill, prudence, and diligence); *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1072 (11th Cir. 2004) (citing *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1016 n.10 (11th Cir. 2003)) ("[A]n ERISA participant has a right to accurate information, and . . . an ERISA plan administrator's withholding of information may give rise to a cause of action for breach of fiduciary duty."). Gimeno argues that he lost life insurance benefits because of those breaches and seeks monetary relief equivalent to those lost benefits. Because he has sufficiently alleged that the defendants are fiduciaries, Gimeno can sue for lost benefits under Section 1132(a)(3).

B.

As an additional ground for affirmance, the defendants argue that Gimeno improperly pleaded alternative claims under Section 1132(a)(1)(B) and (a)(3). We have held that "an ERISA plaintiff who has an adequate remedy under [Section 1132(a)(1)(B)] cannot alternatively plead and proceed under [Section 1132(a)(3)]" because Section 1132(a)(3) is an equitable "'catchall' provision that provides relief only for injuries that are not otherwise adequately provided for by ERISA." *Ogden v. Blue Bell Creameries U.S.A., Inc.*, 348 F.3d 1284, 1287–88 (11th Cir. 2003) (quoting *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996)). The defendants point out that Gimeno's operative complaint relied on Section 1132(a)(1)(B) and that his proposed amendment relied on Section 1132(a)(3). They argue that, by asking the district court to both deny the motion to dismiss and

21-11833 Opinion of the Court 11

grant him leave to amend, Gimeno was improperly attempting to plead claims under both subsections.

The defendants misunderstand our holding in *Ogden*. A plaintiff can plead as many alternative claims as he wants, "regardless of consistency." Fed. R. Civ. P. 8(d)(3). But, as with any equitable claim, a plaintiff cannot succeed on a Section 1132(a)(3) claim if he "has an adequate remedy" at law, such as a remedy under Section 1132(a)(1)(B). *Ogden*, 348 F.3d at 1287. Section 1132(a)(1)(B) allows a beneficiary "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B). Accordingly, a plaintiff like Gimeno has "an adequate remedy" at law if the "allegations supporting the [Section 1132(a)(3)] claim [a]re also sufficient to state a cause of action" for benefits under Section 1132(a)(1)(B). *Jones*, 370 F.3d at 1073. In such a case, the plaintiff must proceed under Section 1132(a)(1)(B) instead of Section 1132(a)(3).

Here, however, Gimeno does not have an adequate remedy at law because he cannot sue for benefits under Section 1132(a)(1)(B). In fact, Gimeno "concede[s] . . . that [he is] not entitled to the . . . benefit[s] under the terms of [his] plan." *Jones,* 370 F.3d at 1074. In his request to amend his complaint, Gimeno explained that he is not entitled to recover the remaining $350,000 in supplemental benefits under the terms of the plan because, despite paying the higher premiums, his spouse never filed the required form. He argues instead that he is due compensation because the defendants' breach of fiduciary duty prevented his spouse from becoming eligible for the supplemental benefits. These allegations do

Case 1:20-cv-24870-BB   Document 49   Entered on FLSD Docket 08/01/2022   Page 15 of 17
USCA11 Case: 21-11833   Date Filed: 06/28/2022   Page: 12 of 12

12                    Opinion of the Court                    21-11833

not state a claim for plan benefits under Section 1132(a)(1)(B); they state a claim for equitable relief under Section 1132(a)(3). *See Jones*, 370 F.3d at 1074. Because Gimeno "must rely on" Section 1132(a)(3) or he would "have no remedy at all," *id.* (quoting *Varity*, 516 U.S. at 515), his claim may proceed under Section 1132(a)(3).

## IV. Conclusion

We **REVERSE** and **REMAND** to allow Gimeno to bring a claim for breach of fiduciary duty under Section 1132(a)(3).

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 28, 2022

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 21-11833-BB
Case Style: Raniero Gimeno v. NCHMD, INC., et al
District Court Docket No: 1:20-cv-24870-BB

Electronic Filing
All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website. Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against appellees</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at <u>www.ca11.uscourts.gov.</u>

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call <u>Tonya L. Richardson, BB</u> at <u>(404) 335-6174</u>.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1A Issuance of Opinion With Costs