UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-24870-BLOOM/Otazo-Reyes**

RANIERO GIMENO,

    Plaintiff,

v.

NCHMD, INC. and NCH HEALTHCARE
SYSTEM, INC.,

    Defendants.
_____/

## ORDER VACATING DISMISSAL AND REOPENING CASE

**THIS CAUSE** is before the Court upon remand from the United States Court of Appeals for the Eleventh Circuit. *See* ECF No. [49]. The Court has carefully reviewed the Eleventh Circuit's opinion. As directed by the Eleventh Circuit, this case shall be reopened for further proceedings.

In his Amended Complaint, Raniero Gimeno ("Gimeno" or "Plaintiff") asserted a claim for breach of fiduciary duties under ERISA against Defendants NCHMD, Inc. and NCH Healthcare System, Inc. (together, "NCH" or "Defendants") arising from Defendants' failure to notify Gimeno's spouse, Justin Polga, of the need to submit necessary forms for supplemental life insurance coverage, and misleading Polga about the nature of his coverage. *See* ECF No. [32]. Gimeno therefore requested that NCH pay him the plan benefits that he would have received upon Polga's death, but for NCH's alleged breach—in this case, $350,000.00 for which Polga had paid applicable premiums.

Defendants moved to dismiss the Amended Complaint for failure to state a claim, arguing that they were improper defendants because they had no obligation to award benefits under 29

U.S.C. § 1132(a)(1)(B). ECF No [34]. In response, Gimeno conceded that § 1132(a)(1)(B) did not provide a remedy in this case but requested that the Court permit him to further amend his pleading to assert a cause of action under 29 U.S.C. § 1132(a)(3) for "appropriate equitable relief." Defendants argued that further amendment would be futile because the relief sought—an award of lost insurance benefits—is not equitable, and therefore unavailable under § 1132(a)(3). *See* ECF No. [39].

The Court ultimately agreed that the relief Gimeno requested was not equitable and thus not proper under § 1132(a)(3). ECF No. [42]. As a result, the Court dismissed the Amended Complaint and denied further leave to amend, concluding that amendment would be futile. *Id*. Thereafter, Gimeno filed an appeal to the Eleventh Circuit. ECF No. [43]. On appeal, the Eleventh Circuit disagreed with this Court's determination, concluding that § 1132(a)(3) permits Gimeno to recover money equal to the insurance benefits lost due to NCH's alleged breach of fiduciary duties. *Gimeno v. NCHMD, Inc.*, 38 F.4th 910, 913-914 (11th Cir. 2022). The Eleventh Circuit also concluded that amendment would not be futile and remanded this case to allow Gimeno to bring a claim for fiduciary duty under § 1132(a)(3). *Id*. at 917.

Accordingly, for the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The order of dismissal, **ECF No. [42]**, is **VACATED**;

2. The Clerk of Court shall **REOPEN** this case for further proceedings; and,

3. Gimeno may file a Second Amended Complaint by **August 10, 2022**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 3, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to: Counsel of Record