UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 20-cv-24870-BLOOM/Otazo-Reyes

RANIERO GIMENO,

    Plaintiff,

v.

NCHMD, INC.; NCH HEALTHCARE
SYSTEM, INC., and THE LINCOLN
NATIONAL LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## **SECOND AMENDED COMPLAINT**

Pursuant to the Mandate issued by the United States Court of Appeals for the Eleventh Circuit [DE 49] and this Court's Order Vacating Dismissal and Reopening Case [DE 50], Plaintiff, Raniero Gimeno, files his Second Amended Complaint against Defendants, NCHMD, Inc., NCH Healthcare System, Inc., and The Lincoln National Life Insurance Company, and says:

### **I. JURISDICTION AND VENUE**

1.    Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### **II. PARTIES**

2.    Plaintiff, Raniero Gimeno ("Mr. Gimeno"), is a citizen of Miami Dade County, Florida, and was at all times relevant the husband of Dr. Justin Polga ("Dr. Polga") and beneficiary of the life insurance policy (the "Life Policy") at issue.

1

3. Defendant, NCHMD, Inc. ("NCHMD") is a subsidiary of Defendant NCH Healthcare System, Inc. ("NCH Healthcare"). Both Defendants are corporations incorporated in the State of Florida.

4. Defendant, The Lincoln National Life Insurance Company ("Lincoln"), is a foreign corporation authorized to do business in Florida and can be found in the Southern District of Florida.

### III. FACTS

5. Dr. Polga was employed as a physician by NCHMD since 2016.

6. By virtue of his employment, Dr. Polga was eligible for certain employee welfare benefits, including life insurance.

7. Two types of life insurance were available to eligible employees: (1) basic life insurance in the amount of $10,000 with premiums paid by NCHMD; and (2) optional life insurance up to a maximum of $500,000 with premiums paid by the employee.

8. The optional life insurance allowed for a Guarantee Issue Amount of $150,000 without completing Evidence of Insurability ("EOI"). The Life Policy states that EOI must be submitted when "Optional Life . . . amounts exceed the Guarantee Issue Amount of $150,000 at initial enrollment."

9. The purpose of the Life Policy is to compensate Dr. Polga's beneficiary in the event of his death.

10. The Life Policy issued to NCH Healthcare was underwritten and administered by Lincoln. A copy of the Life Policy is attached as **Exhibit A**.

11. Enrollment paperwork for employee welfare benefits—including the life insurance coverage at issue—was provided to Dr. Polga by NCHMD and/or NCH Healthcare Human Resources employees.

12. Dr. Polga completed the enrollment paperwork given to him with the assistance of NCHMD and/or NCH Healthcare Human Resources employees.

13. NCHMD and/or NCH Healthcare Human Resources employees informed Dr. Polga when proof of dependent eligibility was missing to complete enrollment.

14. NCHMD and/or NCH Healthcare Human Resources employees never informed Dr. Polga that EOI was missing to complete enrollment in the optional life insurance.

15. Dr. Polga elected both the basic life insurance in the amount of $10,000 and optional life insurance in the amount of $500,000 within the enrollment paperwork provided by NCHMD and/or NCH Human Resources employees.

16. An online summary provided by NCHMD and/or NCH Healthcare of Dr. Polga's employee welfare benefits confirmed that he elected life insurance benefits (the "Life Benefits") in the amount of $500,000 and that he had Life Benefits coverage in the amount of $500,000.

17. After being enrolled in optional Life Benefits coverage and up until his death, NCHMD deducted premiums for the Life Policy corresponding to $500,000 in optional Life Benefits coverage.

18. NCHMD and NCH Healthcare had a duty to properly and accurately administer and enroll its employees in their desired employee welfare benefits.

19. NCHMD and NCH Healthcare engaged in fiduciary functions when they provided Dr. Polga with plan enrollment paperwork, guided him through completing it, notified him when important components—such as proof of dependent eligibility—were missing, provided him with

a benefits summary stating that he had $500,000 in life insurance coverage, and it deducted corresponding premiums from his paycheck.

20. NCH Healthcare is the named Plan Sponsor and Plan Administrator of the Life Policy as identified in the Summary Plan Description ("SPD"). A copy of the SPD is attached as **Exhibit B**.

21. NCH Healthcare is a fiduciary as the named Plan Sponsor and Plan Administrator.

22. Up until his death, Lincoln accepted without objection premium payments corresponding to $500,000 in optional Life Benefits coverage.

23. In a letter dated January 29, 2020 to Mr. Gimeno, Lincoln acknowledged that Dr. Polga's "benefit confirmation indicate[d] he was enrolled in Optional Life Insurance benefit plan for the maximum benefit amount of $500,000, effective 04/01/17."

24. Mr. Gimeno was the named primary beneficiary the Life Benefits at issue.

25. Dr. Polga died in December 2019.

26. Dr. Polga was employed by NCHMD at the time of his death.

27. Mr. Gimeno timely submitted his claim to Lincoln for Life Benefits in the amount of $10,000 of basic Life Benefits and $500,000 of optional Life Benefits.

28. By letter dated January 29, 2020, Lincoln partially approved Mr. Gimeno's claim and issued payment in the amount of $10,000 basic Life Benefits and the Guarantee Issue Amount of $150,000 of Optional Life Benefits.

29. By letter dated January 29, 2020, Lincoln denied Mr. Gimeno's claim for the remaining $350,000 in optional Life Benefits on the basis that no EOI had been completed by Dr. Polga.

30. On November 12, 2020, Mr. Gimeno submitted his first level appeal to Lincoln regarding Lincoln's decision to deny the remaining $350,000 of optional Life Benefits.

31. By letter dated December 16, 2020, Lincoln denied Mr. Gimeno's first level appeal on the basis that EOI was not provided.

32. On February 3, 2021, Mr. Gimeno submitted his second level appeal to Lincoln.

33. By letter dated March 1, 2020, Lincoln denied Mr. Gimeno's second level appeal on that basis that EOI was not provided.

34. Mr. Gimeno has exhausted his appeals under ERISA.

35. Until Lincoln's denial of the optional Life Benefits by letter dated January 29, 2020, Lincoln never informed Dr. Polga nor his beneficiaries that Dr. Polga did not have the $500,000 in elected Life Benefits coverage due to the missing EOI.

### IV. COUNT I: LIFE INSURANCE BENEFITS
### (against Defendant Lincoln)

Plaintiff incorporates the allegations contained in Paragraphs 1 and 2, 4, 5 through 10, 15, and 22 through 35 as if fully stated herein and says further that:

36. Plaintiff is entitled to certain benefits of the Life Policy consisting of the unpaid Optional Life Benefits in the amount of $350,0000 plus prejudgment interest, pursuant to 29 U.S.C. § 1132(a)(1)(B).

37. Plaintiff is entitled to the benefits identified herein because:

  a. the benefits are permitted benefits under the Life Policy;

  b. Lincoln is barred from asserting the missing EOI as justification for denial of benefits after two (2) years;

  c. Lincoln accepted premium payments corresponding to $500,000 in Optional Life Benefits coverage from the effective date until Dr. Polga's death;

    d.  Lincoln has waived any conditions to be eligible to receive the Life Benefits

    e.  Plaintiff has not waived or otherwise relinquished his entitlement to the benefits.

38.    Defendant has refused to pay the Life Benefits sought by Mr. Gimeno.

## V. COUNT II: EQUITABLE RELIEF
### (against Defendants NCHMD and NCH Healthcare)

Plaintiff incorporates the allegations contained in Paragraphs 1 through 3, 5 through 21, and 24 through 26 as if fully stated herein and says further that:

39.    Plaintiff is entitled to equitable relief in the form of surcharge equal to the amount of the unpaid Optional Life Benefits in the amount of $350,000 owed under the Life Policy, pursuant to 29 U.S.C. § 1132(a)(3).

40.    Plaintiff is entitled to the equitable relief identified herein because:

    a.  NCHMD and NCH Healthcare breached their fiduciary duties as employer and plan sponsor and administrator when they failed to provide Dr. Polga with all necessary forms to complete enrollment for optional Life Benefits coverage in excess of the Guarantee Issue Amount of $150,000 up to the elected maximum the amount of $500,000.

    b.  NCHMD and NCH Healthcare breached their fiduciary duties as employer and plan sponsor and administrator when they misled him into believing he had properly enrolled and obtained optional Life Coverage in the amount of $500,000 when they deducted premium payments corresponding to Life coverage in the amount of $500,000 up until his death.

    c. NCHMD and NCH Healthcare breached their fiduciary duties as employer and plan sponsor and administrator when they affirmatively represented to Dr. Polga that he had $500,000 in optional Life coverage.

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 40 as if fully stated herein and says further that he is owed the unpaid Optional Life Benefits in the sum of $350,000 jointly and severely.

41. As a result of the acts and/or omissions of Lincoln as alleged herein, Lincoln owes Plaintiff $350,000 equal to the amount of unpaid Life Benefits.

42. As a result of the acts and/or omissions of Defendants NCHMD and NCH Healthcare, Plaintiff is entitled to equitable relief in the form of surcharge equal to the amount of $350,000 of unpaid Life Benefits.

43. To the extent that Defendants violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, under 29 U.S.C. § 1132(g)(1) Plaintiff is entitled to reasonable attorney's fees and costs of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Raniero, prays for a judgment against Defendants, NCHMD, Inc, NCH Healthcare System, Inc., and The Lincoln National Life Insurance Company, for the relief as pleaded herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this 10th day of August 2022.*

        */s/ Edward P. Dabdoub*
        Edward Philip Dabdoub (FBN. 45685)
        eddie@longtermdisability.net
        Tanja Vucetic Perez (FBN. 1018255)

tanja@longtermdisability.net
DABDOUB LAW FIRM, P.A.
1600 Ponce de Leon Blvd., Suite 1202
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007

*Counsel for Plaintiff, Raniero Gimeno*